## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**JAMES K. BREDAR**<br>**U.S. MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-0950**<br>**(410) 962-2985 FAX** |

March 3, 2003

VIA FACSIMILE MAIL

| | |
|---|---|
| Michael Patrick Smith, Esquire<br>Salsbury Clements Bekman Marder<br> & Adkins, LLC<br>300 West Pratt Street, Suite 450<br>Baltimore, Maryland   21201 | Kenn Brotman, Esquire<br>Kelley Drye and Warren<br>333 West Wacker Drive, Suite 810<br>Chicago, Illinois   60606 |
| Michele R. Kendus, Esquire<br>Venable Baetjer and Howard LLP<br>Two Hopkins Plaza, Suite 1800<br>Baltimore, Maryland   21201 | Edward J. Lopata, Esquire<br>Tydings and Rosenberg, LLP<br>100 East Pratt Street, 26th Floor<br>Baltimore, Maryland   21202 |

      Subject: *William Lockwood v. Pacific USA, Ltd, et al.*
             Civil Action No. WMN-02-2068

Dear Counsel:

      Please be advised that a settlement conference in the above-captioned case has been scheduled for **Monday, March 10, 2003, at 10:00 a.m.** to be held in my chambers (Room 8C, United States Courthouse, 101 West Lombard Street, Baltimore, Maryland).  It is required that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for a party is <u>not</u> sufficient.  *See* Local Rule 607.3.  Please also be advised that the conference may take the entire day.

      No later than **Thursday, March 6, 2003,** I would like to receive from each party a short letter candidly setting forth the following:

    1.  Facts you believe you can prove at trial;

    2.  The major weaknesses in each side's case, both factual and legal;

    3.  An evaluation of the maximum and minimum damage awards you believe likely;

    4.  The history of any settlement negotiations to date; and

Letter to Counsel - *Lockwood v Pacific USA*
Page Two
March 3, 2003

      5. Estimate of attorney's fees and costs of litigation through trial.

      The letters may be submitted <u>ex</u> <u>parte</u> and will be solely for my use in preparing for the settlement conference.  **Your letter should be sent by regular mail <u>AND NOT ELECTRONICALLY.</u>**  I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify.  If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

      The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                           Very truly yours,

                                           James K. Bredar
                                           United States Magistrate Judge

JKB/cw
cc: The Hon. William M. Nickerson
    Court file
    Chambers file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement.  The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters.  Therefore, please discuss these items with your client before appearing for the settlement conference.