UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF　　　　　　　　　　　　　　　　　　　　　　　　　101 W. LOMBARD STREET
WILLIAM M. NICKERSON　　　　　　　　　　　　　　　　　　　BALTIMORE, MARYLAND 21201
SENIOR UNITED STATES DISTRICT JUDGE　　　　　　　　　　　　　　　　(410) 962-9810
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX 962-2577

March 17, 2003

| | |
|---|---|
| Michael Patrick Smith | Kenn Brotman |
| Salsbury, Clements, Bekman, | Kelley, Drye, and Warren |
|   Marder and Adkins LLC | 333 W. Wacker Drive, Suite 810 |
| 300 W. Pratt Street, Suite 450 | Chicago, Illinois 60606 |
| Baltimore, Maryland 21201 | |
| | |
| Michele R. Kendus | Edward J. Lopata |
| Venable, Baetjer and Howard LLP | Tydings and Rosenburg LLP |
| Two Hopkins Plaza, Suite 1800 | 100 E. Pratt Street, 26th Floor |
| Baltimore, Maryland 21201 | Baltimore, Maryland 21202 |

　　　　　Re: William Lockwood v. Pacific Cycle, LLC et al.
　　　　　　　Case No. WMN-02-CV-2068

Dear Counsel:

　　　　I received Plaintiff's counsel's March 12, 2003 letter in which he requests a clarification of this Court's February 11, 2003 Order granting the Partial Consent Motion to Modify Schedule as it Relates Only to Third-Party Defendants SR Suntour, Inc. and SR Suntour, USA (the Motion). In the Motion, the Court extended the close of discovery for the Third-Party Defendants to April 20, 2003. These Third-Party Defendants seek to depose Plaintiff's liability experts. Plaintiff argues that discovery with respect to his experts closed on January 31, 2003 and that no depositions of its liability experts should occur.

　　　　The Court finds that the Third-Party Defendants are entitled to depose Plaintiff's liability experts. By its February 11, 2003 Order, the Court extended the time for the Third-Party Defendants to conduct discovery. Depositions are a part of discovery. The Third-Party Defendants may assert against Plaintiff any defense which the Third-Party Plaintiff has to Plaintiff's claim. One way for the Third-Party Defendants to identify defenses is through depositions. As such, Plaintiff must make its liability experts available for deposition by the Third-Party Defendants.

　　　　Finally, the Court notes that neither Plaintiff's March 12, 2003 letter nor the Third-Party Defendants' response letter was filed electronically with the Court; instead they were both sent directly to my chambers. Pursuant to the new electronic filing rules, correspondence shall be sent electronically and

docketed appropriately.

Although this letter is informal in nature, it is an order of the Court and shall be docketed as such.

Very truly yours,

/s/
William M. Nickerson
Senior United States District Judge

WMN:ch

cc: Court file