**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

WILLIAM LOCKWOOD                    *

      Plaintiff                    *

v.                                  *        Civil Action No. WMN-02-CV-2068

PACIFIC USA, LTD., et al.           *

      Defendants                   *

        *     *     *     *     *     *     *     *     *     *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

      Plaintiff, William Lockwood, by his attorneys, Paul D. Bekman, Michael P. Smith, Jason C. Buckel and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files his Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment and states in support thereof:

**I. BACKGROUND**

      On June 7, 1999, 16-year old William Lockwood[1] was riding his bicycle with a friend in his neighborhood when the front fork and the steer tube of his bicycle suddenly came apart, causing him to fall forward, smashing his face on the pavement.  As a result, William suffered severe injuries, including fracturing his upper and lower jaw, losing eight teeth, slicing through his tongue and breaking his nose.  His injuries required approximately fifteen surgical procedures and extensive physical rehabilitation, and still require additional future dental surgery and reconstructive rhinoplasty.

      The subject bicycle was manufactured by Defendant Pacific Cycle and sold to William by Defendant Toys R' Us.  Defendants' pending Motion seeks to deny Plaintiff the opportunity to

---

[1]  William Lockwood was born on May 28, 1983 and had turned sixteen 10 days before this incident.

recover his substantial medical expenses incurred as a result of Defendants' negligence and tortious actions.

## II. <u>STANDARD OF REVIEW</u>

Pursuant to Fed.R.Civ.P. 56, summary judgment is inappropriate even if merely the inferences to be drawn from the facts are in dispute.  <u>Morrison v. Nissan Co., Ltd.</u>, 601 F.2d 139 (4th Cir. 1979); <u>U.S. ex rel. Milam v. Regents of University of California</u>, 912 F.Supp. 868 (D. Md. 1995); <u>Rockstroh v. A. H. Robins Co., Inc.</u>, 602 F.Supp 1259 (D. Md. 1985).

Moreover, summary judgment should not be granted if an inquiry into the facts is desirable to clarify application of the law.  See <u>Doe v. American Nat. Red Cross</u>, 923 F.Supp. 753 (D. Md. 1996).

## III. <u>ARGUMENT</u>

### A.    There is a Genuine Factual Dispute as to Plaintiff's Responsibility to pay for his Pre-Majority Medical Expenses

Defendants' Motion, in essence, seeks to avoid the well-established collateral source doctrine by claiming that Plaintiff has no personal liability for the subrogation claim of his health insurer for medical bills incurred as a result of Defendants' actions.  Moreover, Defendants mistakenly suggest that, because some of William's medical bills have been paid by an insurer (creating a subrogation interest in his recovery in this action) and his mother has made efforts beyond her financial means to pay some of his bills, William cannot recover for his medical expenses incurred as a minor.  Quite simply, the facts regarding William's potential responsibility to either reimburse MAMSI (his health insurer) for amounts expended on his behalf while a minor as a result of this incident and/or pay outstanding medical bills incurred prior to his eighteenth birthday are in substantial dispute, and the

application of Maryland law requires a thorough inquiry into these facts, rendering summary judgment inappropriate.

William was 16 years old on the date of the subject incident. He was a covered insured under a policy of insurance maintained with MAMSI and, as a result, certain portions of his medical treatment were paid for pursuant to that policy. See Affidavit of Dianne Saunders, attached hereto as Exhibit 1, paragraph 4. MAMSI has asserted a subrogation lien against the proceeds of the instant action. See Saunders Affidavit, Exhibit 1, paragraph 4. Obviously, as this case is being pursued on William's individual behalf, MAMSI's subrogation interest would be reconciled from damages awarded William in the instant case. Allowing a health insurer to seek to recoup their monies expended for William's pre-majority benefit while refusing to allow William to pursue redress for these same damages from the culpable tortfeasor would be an absurd result.[2] As the Court of Appeals has recently stated, "[w]e cannot countenance a result that would leave the only innocent victim in such a transaction uncompensated for his or her injuries and potentially beholden to the compelled generosity of the taxpayer." Johns Hopkins Hospital v. Pepper, 697 A.2d 1358, 1364 (Md. 1997). This Court should not countenance a similar result.

Further, William incurred additional pre-majority medical expenses for his subject injuries that were not covered by his contract of insurance. See Saunders Affidavit, Exhibit 1, para. 5. Defendant has cited to an isolated series of questions in the deposition of Dianne Saunders, William's mother, to suggest that Ms. Saunders has been capable of and will continue to be capable of paying Williams's

---

[2] The Garay Court similarly recognized that a minor child "must be allowed to recover medical expenses to the extent that the minor will be liable for such expenses," specifically relating to a lien upon any recovery by a hospital. Garay, 631 A.2d at 446. The Court did not directly address the analogous question of subjecting the child's recovery to a health insurance lien.

pre-majority outstanding medical bills merely because she has attempted to do so. The mere fact that William's mother has made noble efforts to assist her only son beyond her financial means does not preclude William from an ability to recover from the culpable tortfeasor those monies expended and still due and owing for his medical care. Ms. Saunders is a single parent lacking substantial assets and with a yearly gross salary of $80,000 during the period in question. See Saunders Affidavit, Exhibit 1, para. 7-8. In light of William's substantial pre-majority medical expenses, common sense suggests that Ms. Saunders does not have the financial ability to pay for William's medical expenses.

Defendants' motion completely ignores recent Maryland Court of Appeals' precedent which has interpreted the Garay decision, likely because these cases weigh against granting summary judgment in their favor. In Johns Hopkins v. Pepper, 697 A.2d 1358 (Md. 1997), the Court of Appeals determined that Garay did not require a showing of indigency by parents of an injured minor child in order to allow that child to collect for his pre-majority medical expenses. Pepper, 697 A.2d at 1369. The Pepper Court "eschewed any notion that the right to recover medical expenses vests *exclusively* in the parents of an injured minor child." Pepper, 697 A.2d at 1364 (emphasis in original). If the minor child can demonstrate an individual responsibility to pay for pre-majority expenses by: (1) emancipation; (2) death or incompetence of parents; (3) as necessaries for which his parents are unwilling or unable to pay; or (4) by operation of a statute, then the child (in William's case, now adult) can maintain a claim for those expenses. Id.; Garay, 631 A.2d at 446-47.

Clearly, "the doctrine of necessaries was never intended to be a limitation on a child's right to recover medical expenses from the person(s) responsible for causing them." Pepper, 697 A.2d at 1365. As in this case, when an individual may be contractually responsible in any fashion to pay for medical services incurred on his behalf, "principles of reciprocity demand that the child be given the

opportunity to recover those expenses from the wrongdoer." Id.; See also Schmidt v. Prince George's Hospital, 784 A.2d 1112 (Md. 2001) (holding a minor child liable for medical expenses incurred as "necessaries" even when parent had financial ability to pay expense but demonstrated unwillingness to do so).

The Pepper Court determined that the identical question presented here, i.e., the minor (or formerly minor) child's individual liability for pre-majority expenses due to a parental inability to pay those expenses and attendant right to claim those expenses as damages in litigation, was not an appropriate subject for summary judgment. "More often than not, juries will have to decide with the aid of expert and lay testimony when necessary, whether and to what extent an injured child's medical necessaries exceed the financial ability of the parents." Pepper, 697 A.2d at 1369. In this light, Defendants' present Motion must be denied.

### B. As Plaintiff was Emancipated Prior to Filing Suit and the Action was Instituted within the Three-Year Statute of Limitations, Plaintiff's Claim for Pre-Majority Medical Expenses is not Barred by Garay

As noted above, the Garay decision recognizes that emancipation constitutes grounds for allowing a Plaintiff to individually seek to recover for pre-majority medical expenses, upon the theory that, as a legal adult, that Plaintiff may be legally responsible for payment of those expenses. Garay, 631 A.2d at 446. In this case, William had reached the age of majority and was thus legally emancipated before May 14, 2002, the date on which this action was filed. This crucial fact differentiates the case *sub judice* from either Garay or Pepper,[3] where the Plaintiffs seeking to recover pre-majority medical expenses were unemancipated minors at the time of filing and during the

---

[3] It is important to note that neither the Garay nor Pepper Courts ultimately barred the minor child from seeking to recover pre-majority expenses, the result urged by Defendants herein.

pendency of litigation.  As an emancipated adult with a legal responsibility to pay for medical care rendered to him, William's right to maintain his damages claims are not barred as Defendants suggest.

Moreover, it is apparent that William's mother, Dianne Saunders, clearly possessed the right and ability to assign any claims she may have had to recover against Defendants to her son.  Although Maryland's appellate courts have rejected the view that a parental claim for pre-majority medical expenses is implicitly assigned to the child ***when barred by limitations at the time of filing of the action***, no such prohibition exists when, as here, suit is filed within the three-year statute of limitations from the date of the incident and the parent consciously chooses to vest the right to recover for medical damages, both pre-and post-majority, in the child.  Logically, a parent who has a right to sue for monies expended for their child and relinquishes that right by not filing suit within the three year limitations period provided in Annotated Code of Maryland, Courts & Judicial Proceedings Art. §5-101 cannot then subsequently assign a right that the limitations bar has taken from them.  That common-sense principle is the basic rule of <u>Garay</u> and <u>Pepper</u>.

However, the present case is materially different.  William's lawsuit, including any assigned rights to recoup pre-majority medical expenses that may have vested concurrently with his parent, ***was*** filed before any potentially applicable statute of limitations was implicated.  Dianne Saunders, his mother, possessed a right to sue Defendants as of May 14, 2002 and consciously elected to assign her valid legal right to her son to pursue a claim for all pre-majority and post-majority medical expenses he incurred, including the sums against which his insurer holds a subrogation interest.  <u>See</u> Saunders Affidavit, paras. 9-10.  Unlike <u>Garay</u>, the sole case law upon which Defendants rely, there is no risk of multiple parent and child claimants asserting the right to recover the same medical expense damages, nor any abrogation of Maryland's three-year statute of limitations to allow a parent

-6-

to effectively assert or assign claims that were not timely advanced. Therefore, Ms. Saunders'

effective and intended assignment of any right to recover she may have had to William and his filing

of suit within the limitations period applicable to that right renders Defendants' Motion unavailing.

## IV. <u>CONCLUSION</u>

For the reasons stated herein Plaintiff respectfully requests that this Court deny Defendants'

Motion for Partial Summary Judgment .

_____

PAUL D. BEKMAN (Fed. Bar No. 00019)
MICHAEL P. SMITH (Fed. Bar No. 03179)
JASON C. BUCKEL (Fed. Bar No. 24766)
SALSBURY, CLEMENTS, BEKMAN,
          MARDER & ADKINS,  L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 20th day of March, 2003, a copy of the foregoing

Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment was

forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978
Attorneys for Defendant, Pacific USA, LTD
      and Pacific Cycle, LLC

Daniel Moore, Esquire
Moore & Jackson, LLC
305 Washington Avenue, Ste. 401
Towson, MD 21204
Attorneys for Defendant, Toys "R" US-Delaware, Inc.

Edward J. Lopata, Esquire
A. Lee Lundy, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

                              _____
                              PAUL D. BEKMAN
                              MICHAEL P. SMITH
                              SALSBURY, CLEMENTS, BEKMAN,
                                    MARDER & ADKINS, L.L.C.

                              Attorneys for Plaintiff

-8-