IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF DIANNE SAUNDERS

I, Dianne Saunders, declare under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen and am competent to testify to the following matters set forth herein which are based upon my personal knowledge.

2. I am the mother of William Lockwood, the Plaintiff in the above-captioned litigation.

3. On June 7, 1999, the date of my son's injuries stemming from the incident at issue in this case, he was a minor, age 15. From the date of the accident until May 28, 2001, he was a minor and resided with me.

4. As a result of his injuries, my son has sustained substantial medical bills for treatment that was rendered to him. Some of these charges were paid for pursuant to a policy of insurance maintained with MAMSI Health Insurance Company ("MAMSI") under which

my son was a named insured. MAMSI has, in fact, notified my son that they have asserted a subrogation interest in any monies he may receive from this lawsuit to recover for the medical expenses that they paid on his behalf while he was a minor.

5. In addition, MAMSI denied my son's request that they pay for additional dental care and treatment that he needed because of his injuries. In fact, MAMSI notified William directly as a named insured under their policy of health insurance that they were denying payment for said medical and dental care, which has amounted to tens of thousands of dollars. See correspondence from MAMSI Health Insurance to William Lockwood dated October 29, 1999, Exhibit 1. Currently, many of these charges for medical and dental care not covered by MAMSI remain outstanding.

6. As a result of MAMSI's denial of payment for these services, my son has outstanding medical bills from various dental care providers which I have been unable to pay.

7. I am a single parent with limited financial resources. I am currently employed with the Len Stoler Auto Dealership in Reisterstown, Maryland and had a yearly salary of approximately $80,000 during the years in question. I have no substantial savings account or other assets from which to pay any of my son's medical bills for care rendered to him while he was a minor.

8. I have made all reasonable efforts to try to pay to the extent of my ability for William's medical care to the degree that such care was denied to him as an insured by MAMSI. However, I do not have the financial ability to pay these costs.

9. This suit was filed on May 10, 2002 within three years of the date that my son sustained his injuries in this incident. As of that date, it was my understanding that I had the right to file a lawsuit on my own to collect for any monies that I personally expended on William's behalf as a result of this incident or I could assign my rights to him.

10. Rather than do so, I consciously decided and intended to waive and/or assign any right that I may have to sue to my son so that he could collect any damages for the medical bills and expenses he incurred. I did so in recognition of the fact that as a covered insured under the MAMSI policy, MAMSI would seek to directly assert a lien for medical expenses that they previously paid against any proceeds of his lawsuit, as well as in recognition of the fact that MAMSI had directly denied him coverage for portions of his dental care as a named insured. As a result, it was my expectation and understanding, given my financial limitations, that William would be personally responsible for the payment of those bills and could use the monies recovered, if any, from this lawsuit to pay his health care providers and health care insurer for the necessary medical treatment which was rendered to him.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the contents of the aforegoing Affidavit are true and correct.

_____
DIANNE SAUNDERS

State of Maryland
                SS
City of Baltimore

On this 19th day of March, 2003, before me personally appeared Dianne Saunders to me known to be the person described herein, and who executed the foregoing instrument, and acknowledged that they voluntarily executed the same.

Notary Public _Sharon J. Pasternak_
My Commission Expires _____

SHARON L. PASTERNAK
Notary Public, AA Co. MD
Commission Expires: 12/01/03

-4-