IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM LOCKWOOD,

        Plaintiff

    v.

PACIFIC USA, LTD., PACIFIC CYCLE, LLC
and TOYS "R" US – DELAWARE, INC.

        Defendants.

Civil Action No.

WMN-02-CV-2068

**DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The defendants, Pacific Cycle, LLC, (Pacific Cycle) and Toys "R" Us- Delaware, Inc. (Toys "R" Us) submit this memorandum in reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages. Defendants incorporate by reference herein their original motion for summary judgment and memorandum in support thereof, and further state:

**I.    Introduction**

In his opposition to Defendants' motion, Plaintiff has presented no material facts that are in *genuine* dispute. Furthermore, Plaintiff has provided what is, at best, a creative reading of Maryland law that misconstrues well established legal principles. The established Maryland legal precedent demands, under the undisputed facts of this case, that the plaintiff's claim for medical costs incurred while he was a minor be dismissed.

Maryland law is clear that a claim for medical expenses incurred for the treatment of a minor child for injuries caused by an alleged tortfeasor vests in the parents, not in the minor child. *Garay v. Overholtzer*, 332 Md. 339, 346, 631 A.2d 429 (1993). Therefore Plaintiff's mother, Diane Saunders, has

a cause of action for medical expenses on separate and distinct grounds for recovery from Plaintiff's cause of action for injuries. Plaintiff may not recover for the costs of medical treatment provided while he was a minor child when his mother, who is obligated to pay those costs, has failed to file an action on her own behalf within the applicable statutory time period. *See Garay*, 332 Md. at 374.

Plaintiff's Opposition rests on two principles that have no basis in the law: 1) that a health care insurer has an automatic right to subrogation of Plaintiff's recovery in this action; and 2) that Plaintiff's filing of his lawsuit prior to the running of the Statute of Limitations which would otherwise bar his mother's separate cause of action automatically assigns that action to him.

Plaintiff also proposes that as an adult he is individually liable for the unpaid medical costs incurred while he was a minor child because his mother is financially unable to meet the expenses. However, Plaintiff attempts to create a "factual dispute" through an affidavit offered by his mother (hereinafter "Saunders affidavit"), which simply states "I do not have the financial ability to pay these costs". This self-serving affidavit does not create a genuine dispute that a mother, who admits making $80,000 per year with only one child to support, is able to pay the portion of medical costs for her son that are not covered by her health insurance policy. The Saunders affidavit amounts to mere conclusory statements that contradict the affiant's own sworn deposition testimony that she was paying for her son's medical expenses, and that she could afford to buy her son many luxuries above and beyond his medical care, including a new car. *See* Deposition of Diane Saunders at p. 17 (Dec. 9, 2002), attached hereto as Ex. 1. Therefore, the Saunders affidavit in support of Plaintiff's Opposition is insufficient to create a genuine of material fact to defeat Defendants' Motion for Summary Judgment.

## II.    Undisputed Facts

The facts relevant to the plaintiff's claim for medical expenses while he was a minor child remain undisputed. The plaintiff does not dispute that he was fifteen years old at the time he sustained the injuries that are the subject of his Complaint, and that he was no more than sixteen throughout the course of medical treatment for those injuries.

It is undisputed that the plaintiff was living with and supported by his mother, Diane Saunders, when he was a minor.  It is also remains undisputed that Ms. Saunders has either paid for, or is paying for those medical expenses incurred for the treatment of her son while he was a minor child.  As discussed *infra*, Ms. Saunder's conclusory statements that she is not able to pay the unpaid portion of medical bills incurred while her son, the plaintiff was a minor does not create a *genuine* dispute of material fact.

## III.    Legal Argument

### A. The Saunders Affidavit is Insufficient to Create a Genuine Dispute Regarding her Willingness and Ability to Pay Plaintiff's Medical Expenses.

Despite Ms. Saunders' self-serving affidavit to the contrary, there can be no genuine dispute that she has been able and more than willing to pay for her son's medical expenses.  Ms. Saunders has testified that she either has paid, *or currently is paying* her son's medical expenses.  *See* Deposition of Diane Saunders at p. 67 (Dec. 9, 2002), attached as Ex. 2 to Defendants' original Motion for Summary Judgment.  The general statements in her affidavit, attached to Plaintiff's Opposition Memorandum, merely state that "many" charges for medical and dental care not covered by her insurance, and that she does not have the financial ability to pay these costs. Without particular facts to support these general, conclusory statements, the Saunders affidavit is insufficient to defeat Defendants' Motion for Summary Judgment. *See Leskinen v. Utz Quality Foods, Inc.*, 30F.Supp.2d 530, 534 (D.Md. 1998)(rejecting

3

plaintiff's conclusory affidavit statement that the defendant employer received Federal grants or loans in the absence of any specific supporting facts).

Ms. Saunders provides no evidence from which it can be calculated how much of the bills not covered by insurance have already been paid. At best, the plaintiff produced bills that show $100,800.01 in medical costs, of which only $21,295.00 are related to dental work, which Plaintiff claims is not reimbursed. *See* Plaintiff's Responses to Requests for Production of Document, Response No. 18, attached as Ex. 1 to Defendants original Motion for Summary Judgment. It is unknown what portion of the $21,295.00 remains unpaid.

Furthermore, even assuming that the entire $21,295.00 remains to be paid, there can be no *genuine* dispute that a mother, who makes $80,000 per year, and who testified that she was going to buy her son a new Jeep Wrangler for his sixteenth birthday, is not able to meet this obligation. *See* Ex. 1, Saunders depo. and Deposition of William Lockwood at p. 45 lines 13-15 (Dec. 9, 2002) attached hereto as Ex. 2. *See also Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 198 (4th Cir. 1997)(conclusory affidavit statement submitted in response to Motion for Summary Judgment that plaintiff was "ready and willing to work" insufficient to create a genuine issue of material fact when it contradicted prior deposition testimony). The facts presented by Plaintiff are vastly different than those of the *Pepper* case cited by Plaintiff, where the plaintiff suffered was catastrophically injured, permanently disabled and dependent on his parents for all past and future medical care, to be shouldered on the parents' $20,795 a year income, which was evidenced to fall far short of their monthly expenses. *See Johns Hopkins Hospital v. Pepper*, 346 Md. 679, 702-03, 697 A.2d 1358, 1369-70 (1997).

4

BA2DOCS/#212278

In Maryland the rule is well established that parents have a statutory obligation to pay for medical services for their minor children, and that a claim for medical expenses incurred for the treatment of a minor child for injuries caused by an alleged tortfeasor vests in the parents, not in the minor child. *Garay v. Overholtzer*, 332 Md. 339, 346, 631 A.2d 429 (1993). Plaintiff relies on the doctrine of necessities mentioned in *Garay* and discussed at length in *Pepper* as an exception to the general rule that a minor child cannot recover medical expenses incurred for treatment provided while he was a minor child. However, that doctrine is only triggered when it is shown that a parent truly is unwilling or unable to pay for her child's medical care. *Garay*, 332 Md. at 37. In those circumstances, the minor child may become liable under theory of implied contract for necessaries such as medical care. In this case, Plaintiff has simply failed to present sufficient evidence that his mother is unable to meet her statutory obligation to pay for her child's medical care.

Ms. Saunders, having failed to file an individual claim to recover medical expenses within the period required by the Statute of Limitations, may not now circumvent her obligations to pay her son's medical expenses with an unsupported, self-serving claim that she is financially unable to meet the costs. Because the Saunders affidavit provides only conclusory statements without particular facts to show she is unable to pay her son's medical expenses, it is insufficient to defeat Defendants' Motion for Summary Judgment.

**B. The Right of Plaintiff's Mother to Recover Damages for Medical Expenses Incurred on her Minor Son's Behalf is not waived or assigned by Plaintiff's act of filing his claim as an adult.**

Plaintiff acknowledges that the right to recover medical expenses incurred while he was a minor child vests in Ms. Saunders, but asserts that his mother assigned her right to him through Plaintiff's act of filing his own claim as an adult. In support, Plaintiff again offers the self-serving conclusory affidavit

statement of his mother that she intended to assign her claim to Plaintiff, even though she never expressed that intent. Plaintiff offers absolutely no legal support for the idea that an assignment of rights can occur absent an expressed intent.

Typically, parents assign their right to claim medical expenses paid on behalf of the minor child by filing a claim on the child's behalf, as guardian or next friend of the child. *Garay*, 332 Md. at 361-62. The assignment occurs by the parents' act of permitting the child to make the claim for medical expenses, thus waiving the parents' right to the same claim. *Id.* However, once the child reaches the age of majority, he does not need parental permission to file his claim. Therefore, an adult child's claim for medical expenses does not automatically assign the parent's claim to him. The plaintiff argues that because he filed his claim as an adult during the time when his mother's claim was not yet barred by the statute of limitations, his action somehow waived her right to file. Plaintiff's interpretation of the law leads to an absurd result wherein adult children could file claims for medical expenses without their parents' knowledge prior to the running of the statute of limitations, thereby effectively depriving the parents of their right to recovery.

The suggestion that simply because Ms. Saunders now says that she intended to assign her claim to her son, the assignment may retroactively occur is equally absurd. Before now, Ms. Saunders has never expressed any intent, through her actions or otherwise, to assign her right to recovery to her son. Ms. Saunders had every opportunity to bring an action as her son's guardian or next of friend and she failed to do so. She may not now, through the guise of a sworn affidavit statement, state that an intent never previously expressed actually existed. The simple fact is that Ms. Saunders failed to take any action to either assign or preserve her claim, including failing to file a claim on her own behalf within the applicable statute of limitations. Therefore, her claim is barred and Plaintiff may not, under well-

6

established Maryland law, recover medical expenses incurred for treatment provided while he was a minor child. *See Garay* 332 Md. at 374.

### C.    Plaintiff's Health Care Insurance Carrier does not have an Automatic Right to Subrogation of Plaintiff's Recovery in this Matter.

Plaintiff's third argument that he is liable for the medical costs because the health care insurer has placed a lien on his judgment in this matter is equally unavailing.[1]  The plaintiff's insurer, MAMSI, operates as a Health Maintenance Organization.  Maryland statute dictates that a health maintenance organization may not recover medical expenses from a subscriber through subrogation unless the subscriber recovers for medical expenses in a cause of action. MD. CODE ANN. HLTH.-GEN., §19-713.2(f).  Therefore, should this Court decide, in accordance with Maryland law, that Plaintiff may not recover the medical expenses incurred while he was a minor child, MAMSI will have no subrogation right to any judgment awarded to Plaintiff for other damages. Plaintiff will have no individual liability to MAMSI for the medical expenses should this court grant Defendants' Motion.

## IV.    Conclusion

There being no genuine dispute of material fact regarding the plaintiff's minor status at the time he received medical treatment, his claim for damages stemming from those medical costs is barred as a matter of law.  Plaintiff has produced no evidence to establish a genuine dispute of material fact regarding his mother's ability and willingness to pay for the medical expenses incurred while he was a minor. Because Plaintiff's mother did not assign her right to recovery, and failed to file a claim on her own behalf within the statutory time limit, Plaintiff may not recover for the costs of medical treatment provided while he was a minor child.

7

WHEREFORE, Defendants respectfully restates their request that the Court grant their Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages related to the cost of medical treatment provided while he was a minor child.

Respectfully submitted,


_Bruce R. Parker_ (signature)

Bruce R. Parker
Federal Bar No. 00028
Michele R. Kendus
Federal Bar No. 26586
Venable, Baetjer and Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978
(410) 244-7400

Attorneys for Defendants
Pacific Cycle, LLC


_Daniel Moore (adtc)_ (signature)

Daniel J. Moore
Federal Bar No. 00111
Moore & Jackson, LLC
305 Washington Avenue, Suite 401
Towson, Maryland 21204
(410) 583-5241

Attorneys for Defendant
Toys "R" Us – Delaware, Inc.

---

[1] Defendants note that while Plaintiff offers correspondence from his health care insurer, MAMSI, as evidence that certain claims were not covered under the insurance policy, Plaintiff offers no correspondence or other document from MAMSI to evidence the alleged subrogation lien.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

WILLIAM LOCKWOOD,

        Plaintiff

    v.

PACIFIC USA, LTD., PACIFIC CYCLE, LLC
and TOYS "R" US – DELAWARE, INC.

        Defendants.

Civil Action No.

WMN-02-CV-2068

## REQUEST FOR HEARING

Pursuant to Local Rule 105(6), the Defendants hereby request that a hearing be scheduled on their Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages.

Defendants further request that if this Court should grant hearings on the Motions for Summary Judgment currently pending in this matter, that said hearings be scheduled concurrently at a time following the completion of discovery by third-party defendant, SR Suntour, Inc. to allow discovery of information that may affect this Court's summary judgment rulings.

9

Respectfully submitted,


_____
Bruce R. Parker
Federal Bar No. 00028
Michele R. Kendus
Federal Bar No. 26586
Venable, Baetjer and Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland  21201-2978
(410) 244-7400


**Attorneys for Defendants
Pacific Cycle, LLC**


_____
Daniel J. Moore
Moore & Jackson, LLC
305 Washington Avenue, Suite 401
Towson, Maryland  21204


Attorneys for Defendant
Toys "R" Us – Delaware, Inc.

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of April 2003, a copy of the aforegoing Defendants'

Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment to

Dismiss Plaintiff's Claim for Certain Damages Motion and Request for Hearing was sent via electronic

filing as per notification to be received from the United States District Court for the District of Maryland

Northern Division.

Michele R. Kendus

BA2DOCS/#212278

# EXHIBIT 1

```
1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MARYLAND
2
WILLIAM LOCKWOOD            *      CIVIL ACTION WMN-02-2068
3               Plaintiff
                           *
4        vs.                      Baltimore, Maryland
                           *
5  PACIFIC USA, LTD,  et al.
                Defendants  *      December 13, 2002
6
                  *      *      *      *      *
7
8           Deposition of DIANNE SAUNDERS, a witness of
9  lawful age, taken on behalf of the Defendant, Pacific
10  USA, Ltd., in the above-entitled cause, wherein,
11  pending in the District Court of the United States for
12  the District of Maryland, before Dawn L. Venker, a
13  Notary Public in and for Baltimore County, Maryland, at
14  300 W. Pratt Street, Suite 450, Baltimore, Maryland
15  21201, on the 9th day of December, 2002.
16
17                  *      *      *      *      *
18
19
20
21  REPORTED BY:  Dawn L. Venker
```

1    Q    So you think you bought him a bike every

2  year from when he was five until --

3    A    Probably just about every year, yeah.

4    Q    -- until about this last bike?

5    A    The last like.  Actually, the reason he

6  didn't get a bike that year was because I was getting

7  him a car for sixteenth birthday.

8    Q    Do you remember any of the brands that you

9  would get for him throughout those years?

10    A    One year he got a motorcycle bike.  It

11  looked like a motorcycle.  Probably his favorite bike.

12  I really don't recall all the names of the bikes.

13    Q    Did you ever buy a Pacific bike prior to

14  this one?

15    A    I don't know if I bought one prior -- that

16  brand prior to this bike or not.

17    Q    Did you ever have any problems with any of

18  the prior bikes that you bought for William?

19    A    No.

20    Q    Would you take those bikes in frequently

21  for servicing as you owned them?

# EXHIBIT 2

1

1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
2

WILLIAM LOCKWOOD              *      CIVIL ACTION WMN-02-2068
3              Plaintiff
                                     *
4       vs.                          Baltimore, Maryland
                                     *
5  PACIFIC USA, LTD,  et al.
                 Defendants    *      December 13, 2002
6
                         *      *      *      *      *
7

8              Deposition of WILLIAM LOCKWOOD, a witness

9  of lawful age, taken on behalf of the Defendant,

10 Pacific USA, Ltd., in the above-entitled cause, pending

11 in the District Court of the United States for the

12 District of Maryland, before Dawn L. Venker, a Notary

13 Public in and for Baltimore County, Maryland, at 300 W.

14 Pratt Street, Suite 450, Baltimore, Maryland 21201, on

15 the 9th day of December, 2002.

16

17              *      *      *      *      *

18

19

20

21 REPORTED BY:  Dawn L. Venker

1      Q      Do you recall who -- what your first bike
2    was?

3      A      No.

4      Q      Was it --

5      A      I got a new bike every year.

6      Q      Did your first bike have training wheels?

7      A      I'm sure it did.

8      Q      You just don't remember it?

9      A      Yeah.

10      Q      You say you got a new bike every year.  Why
11    did you get a new bike every year?

12      A      I got taller.  Height.  I mean safety
13    reasons.  My mom just liked to get me a new one every
14    year.  This one we didn't because I was going to get a
15    Jeep Wrangler for my first car.

16      Q      When you would get a bike, where would you
17    usually get one from?

18      A      We usually get them at Toys R Us.
19    Actually, all of them I remember we got them at Toys R
20    Us.

21      Q      Do you remember the number of bikes that