IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE AFFIDAVIT OF NAOJI TANAKA**

Plaintiff, William Lockwood, by and through his attorneys, Paul D. Bekman, Michael P. Smith, Jason C. Buckel and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby submits his Reply to Defendants' Opposition to Plaintiff's Motion to Strike Affidavit of Naoji Tanaka and states in support thereof:

**I. ARGUMENT**

A. **Pacific Cycle, as the Manufacturer of the Subject Product, and the only Primary Defendant, was Responsible for Timely Identification of Individuals with Relevant Information; Failure to do so Justifies Striking the Tanaka Affidavit.**

It is clear that Pacific Cycle failed to identify Naoji Tanaka as either an individual with knowledge concerning the manufacture or design of the subject bicycle and/or its components or as an expert witness at any point during the course of discovery in this matter. Defendants' Opposition does not contain any reason as to why Tanaka was not or could not have been identified in response to Plaintiff's discovery requests. Under Fed.R.Civ.P. 37(c)(1), a party is prohibited from using information not properly disclosed during discovery to oppose a motion. Pacific Cycles' reliance

upon the Tanaka Affidavit to oppose Plaintiff's pending motion for summary judgment fits squarely within that prohibition and should thus be stricken.

Pacific Cycle seems to adopt the rather illogical proposition that it satisfied its discovery obligations to identify individuals with knowledge of the manufacture or design of the subject bicycle and its defective features by merely offering the self-serving declaration that it was not the manufacturer of the defective component and directing any inquiries to SR Suntour, Inc., ("Suntour"). See Pacific Cycle's Answers to Plaintiff's Interrogatories, Nos. 8, 12, 13, 14, 15 and 25, attached as **Exhibit A**. Unsurprisingly, Pacific Cycle has not pointed to a single case authority nor procedural rule in support of this proposition and offers no analysis as to why a product manufacturer defendant should not be required to possess and disclose *any* information about a component or feature of their own product.[1]

In fact, Pacific Cycle clearly is the "manufacturer" of the subject bicycle and its components under any legal definition. As most recently stated in the Restatement of the Law, (3rd), Torts: Product Liability, §14:

> One who engages in the business of selling or otherwise distributing products who sells or distributes *as its own a product manufactured by another* is subject to the same liability as if the seller or distributor were the product's manufacturer. (*emphasis added*).

Thus, either as the direct manufacturer and designer of the subject bicycle (as alleged by Plaintiff) or under the "apparent manufacturer" theory (as conceded by Pacific Cycle), Pacific Cycle

---

[1] Pacific Cycle's ability to proffer the Tanaka Affidavit and the information contained therein only after the close of discovery demonstrates its lack of good faith during the discovery process. Obviously, Pacific Cycle had the means and ability to disclose information concerning the manufacture of the subject product component but failed utterly to do so until Plaintiff moved for summary judgment.

is indeed the manufacturer of the subject bicycle and its components. A defendant manufacturer cannot obviate its discovery responsibilities under Fed.R.Civ.P. 26 by merely directing any inquiry concerning its product to a component supplier.[2]

Courts have often held that striking an affidavit offered in the summary judgment context by an individual not identified during discovery or who intentionally subverted the discovery process is appropriate. See In Re Edmond, 934 F.2d 1304, 1308 (4th Cir. 1991) (striking affidavit offered in support of summary judgment by affiant who had asserted Fifth Amendment privilege during discovery); Penland v. BIC Corp., 796 F.Supp. 877, 880-81 (W.D.N.C. 1992) (striking affidavits of multiple witnesses, including those offering mixture of factual allegation and expert opinion, for failure to timely disclose individuals during discovery); Chalmers v. Petty, 136 F.R.D. 399, 401-04 (M.D.N.C. 1991) (finding party who did not identify individuals with knowledge of facts relevant to case during discovery violated Fed.R.Civ.P. 26 by then offering affidavits from same individuals).[3]

---

[2] Moreover, at the time Pacific Cycle propounded its interrogatory answers failing to identify any information about its product other than directing Plaintiff to Suntour, Suntour was not a party to the case. Indeed, Pacific Cycle did not file a Third-Party Complaint against Suntour until December 18, 2002, some four months after serving its answers on September 4, 2002, which were not supplemented. In this light, it is difficult to envision how the burden fell upon Plaintiff to procure information concerning the fork component, including the identity of potential fact and mixed fact/expert witnesses like Tanaka, from a foreign corporation not a party to the litigation.

[3] In Chalmers, the court conditionally granted the aggrieved party's motion to strike, allowing 20 days for the depositions of the undisclosed affiants to be completed. Id., 136 F.R.D. at 407. In the instant case, however, the Court has set a trial date of May 12, 2003, and a discovery deadline as to Suntour, the Third-Party Defendant and Tanaka's employer in Taiwan, of April 20, 2003. These deadlines force Plaintiff to make the Hobson's choice of either reopening discovery and further delaying trial of his serious personal injury claim or allowing the Court to rule on summary judgment pre-trial without benefit of full exploration of the Tanaka Affidavit.

Defendants never disclosed Tanaka at any point as either an individual with knowledge of the manufacture or design of the fork component of this bicycle or as an expert witness. Similarly, they failed to disclose during discovery any of the alleged factual information contained in the Tanaka Affidavit. This affidavit, offered in an effort to buttress the report of Defendants' only liability expert, is in violation of Fed.R.Civ.P. 37(c)(1) and Fed.R.Civ.P. 26 and could be prejudicial to the Court's consideration of Plaintiff's partial summary judgment motion. As Defendants have asserted no justification or reason why neither Tanaka nor the substantive information alleged in his affidavit were disclosed prior to the close of discovery as between Plaintiff and Defendants, striking the Tanaka Affidavit is the appropriate remedy.

## II.  CONCLUSION

For the reasons stated hereinabove and in his Motion to Strike Affidavit of Naoji Tanaka, Plaintiff William Lockwood respectfully requests that this Honorable Court grant his Motion to Strike.

Respectfully submitted,

PAUL D. BEKMAN (Fed. Bar No. 00019)
MICHAEL P. SMITH (Fed. Bar No. 03179)
JASON C. BUCKEL (Fed. Bar No. 24766)
SALSBURY, CLEMENTS, BEKMAN,
     MARDER & ADKINS,  L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of April, 2003, a copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiffs' Motion to Strike Affidavit of Naoji Tanaka was forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978
Attorneys for Defendant, Pacific USA, LTD
    and Pacific Cycle, LLC

Daniel Moore, Esquire
Moore & Jackson, LLC
305 Washington Avenue, Ste. 401
Towson, MD 21204
Attorneys for Defendant, Toys "R" US-Delaware, Inc.

Edward J. Lopata, Esquire
A. Lee Lundy, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

                                                                                                  _____
                                              PAUL D. BEKMAN
                                              MICHAEL P. SMITH
                                              SALSBURY, CLEMENTS, BEKMAN,
                                                    MARDER & ADKINS, L.L.C.

                                              Attorneys for Plaintiff