9|4|02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM LOCKWOOD,

        Plaintiff

    v.

PACIFIC USA, LTD., et al.,

        Defendants.

Civil Action No. WMN-02-2068

## DEFENDANT PACIFIC CYCLE, LLC'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

### PRELIMINARY STATEMENT

Pacific Cycle has made a good faith effort to respond as fully as possible to Plaintiff's Interrogatories. However, discovery in this action has just commenced, and Pacific Cycle has not completed its investigation into the alleged incident and plaintiff's purported injuries. Therefore, all of Pacific Cycle's responses to these interrogatories are based solely upon the information and material possessed by Pacific Cycle to date. Pacific Cycle anticipates that further discovery, independent investigation and legal research and analysis will not only add meaning to the known facts and asserted defenses, but may establish entirely new facts, conclusions and legal contentions. Accordingly, Pacific Cycle respectfully reserves the right to at any time revise, correct, add to or clarify any of its responses to these interrogatories. Similarly, Pacific Cycle reserves the right to present or produce evidence of any subsequently discovered or developed fact and/or legal theory.

## GENERAL OBJECTIONS

1.        Pacific Cycle asserts its general objections with respect to each and every

interrogatory.

2.        Pacific Cycle objects to providing any information that is protected from disclosure

by the attorney-client privilege, attorney work-product doctrine, joint-defense privilege, self-

evaluatory privilege, and/or by any other privilege or protection.  Any inadvertent production of

any privileged or protected information will not constitute waiver of any privilege or protection.

3.        Pacific Cycle objects on the grounds that plaintiff's interrogatories and requests are

vague, ambiguous, overly broad, unduly burdensome and seek information that is neither

relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery

of admissible evidence.

4.        Pacific Cycle objects to responding to any interrogatory that seeks opinions or

contentions related to facts, or the application of law to fact, prior to the completion of discovery.

5.        Pacific Cycle objects to plaintiff's interrogatories to the extent that they impose

burdens exceeding the requirements of the federal rules of civil procedure and/or any other

applicable rule.

6.        Pacific Cycle reserves the right to assert additional general and specific objections to

plaintiff's interrogatories and to supplement its objections and responses.

7.        Pacific Cycle's decision, now or in the future, to provide information notwithstanding

the objectionable nature of any of plaintiff's requests, should not be construed as: (a) a

stipulation that any information or any document is relevant or admissible; (b) a waiver of the

-2-

general objection or the objections asserted in response to specific requests; or (c) an agreement that requests for similar information will be treated in a similar manner.

8.          Pacific Cycle objects to plaintiff's interrogatories to the extent that they require Pacific Cycle to produce information or documents that are not in its possession, custody or control. Pacific Cycle also objects to the extent that plaintiff's requests seek documents from any person or entity that is not a party to this lawsuit.

9.          Pacific Cycle's responses to plaintiff's interrogatories are based on information currently available to Pacific Cycle. Pacific Cycle expressly reserves its right to at any time revise, correct, add to or clarify any response.

## RESPONSES

1.          Identify the agent of Defendant answering these Interrogatories, including his or her full name, residence address, business address, and the title or office which the agent holds at Defendant.

      **RESPONSE**: Candi Heindselman
                      PL Administrator
                      4730 East Radio Tower Lane
                      Olney, IL 62450

2.          Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person. (Standard General Interrogatory No. 1.)

      **RESPONSE:** Other than Plaintiff and any witnesses to the incident alleged in Plaintiff's Complaint, Pacific Cycle is not presently aware of the identity of any specific individuals who currently possess discoverable information as sought by this request. Pacific Cycle reserves the right to amend or supplement this response as discovery continues.

BA2DOCS/#194872 v1

3.      If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them. (Standard General Interrogatory No. 3.)

**RESPONSE:** Pacific Cycle produces herewith

(a) The Spec Sheet for the CBC '96 26" M G/S/ Strike bicycle

(b) Owner's Manual

Pacific Cycle reserves the right to amend or supplement this response as discovery

continues.


4.      State the names and last known addresses of all persons who investigated the cause or circumstances of the occurrence on your behalf, or who investigated the injuries and damages of the Plaintiff on your behalf.

**RESPONSE:** Pacific Cycle is not presently aware of the identity of any specific

individuals who investigated the cause or circumstances of the alleged incident or the alleged

injuries.  Pacific Cycle reserves the right to amend or supplement this response as discovery

continues.

5.      State the names and last known addresses of any eyewitnesses to all or part of the occurrence and state their relationship to you.

**RESPONSE:** Pacific Cycle is not presently aware of the identity of any specific

individuals who eyewitnessed all or any part of the alleged occurrence.  Pacific Cycle reserves

the right to amend or supplement this response as discovery continues.

6.      Identify all persons who have given you "statements" concerning the action or its subject matter, including in your identification for each statement, the date on which it was given and identify the present custodian of the statement.

**RESPONSE:** Pacific Cycle is not presently aware of the identity of any specific

individuals who have given any "statements" regarding the alleged incident or the alleged

-4-

injuries. Pacific Cycle reserves the right to amend or supplement this response as discovery continues.

7.    If a report was made by you or by an employee of-yours in the ordinary course of business with respect to the occurrence, state the name and address of the person who made the report, the date thereof, and in whose custody it is kept.

**RESPONSE:** Pacific Cycle is not presently aware of the existence of any report made by it or any employee regarding the alleged incident. Pacific Cycle reserves the right to amend or supplement this response as discovery continues.

8.    Identify and describe each study, experiment, test, or analysis, performed by you or on your behalf, that mentions component failure involving the front fork of a Pacific Cycle USA "Strike" mountain bike or a substantially similar mountain bike.

**RESPONSE:** Pacific Cycle is not presently aware of the existence of any study, experiment, test, or analysis, performed that mentions component failure involving the front fork of a Pacific Cycle "Strike" mountain bike. This interrogatory is better directed to the manufacturer of the component at issue. Pacific Cycle reserves the right to amend or supplement this response as discovery continues.

9.    If at any time before the occurrence you or anyone on your behalf made any statement regarding the safety of the Pacific Cycle USA "Strike" mountain bike: (a) state the date, time, place, and substance of each statement, the circumstances or occasion when the statement was made, and whether the statement was written or oral; (b) identify each person making the statement; (c) identify each person to whom the statement was made; and, (d) identify each document that constitutes or refers to the statement. (Standard Product Liability Interrogatory No. 36)

**RESPONSE:** Each bicycle distributed by Pacific Cycle is distributed with an Owner's Manual. The Owner's Manual provides certain information regarding Bicycle Safety. Said Owner's Manual is being produced herewith.

10.    If you contend that the plaintiff was given any written or oral product information concerning the Pacific Cycle USA "Strike" mountain bike at any time before the occurrence, as to each product information: (a) state the substance of the product information; (b) state the date on which the plaintiff was given the product information; (c) identify the person who gave the

BA2DOCS/#194872 v1

plaintiff the product information; (d) describe the manner in which the product information was given to the plaintiff; and (e) identify each document that constitutes or refers to the product information. (Standard Product Liability Interrogatory No. 37.)

**RESPONSE:** Each bicycle distributed by Pacific Cycle is distributed with an Owner's

Manual. Said Owner's Manual is being produced herewith.

11.    If you are aware of any lawsuit or other claim base upon an allegation that a defect or failure in a component substantially similar to the component(s) at issue in this case was a cause of any personal injury, death, or property damage, as to each: (a) state the date you became aware of the lawsuit or claim; (b) state the date and location of the incident involved in the lawsuit or claim and describe the bicycle and component(s) involved and the nature of the defect alleged; (c) identify the person bringing the lawsuit or claim; and (d) if a lawsuit, identify the court, case caption, and docket number. (Standard Product Liability Interrogatory No. 39.)

**RESPONSE:** Pacific Cycle is unaware of any other claims or lawsuits involving an

alleged defect in S/R Duo Track 7006 suspension fork on a Pacific Cycle "Strike" Mountain

bike.

12.    If there has been any federal or state governmental or industry investigation of the safety of the Pacific Cycle USA "Strike" mountain bike, the component(s) at issue or any component substantially similar to the component(s) at issue: (a) state the date of the investigation; (b) identify the governmental or industry entity that conducted the investigation; (c) describe the nature and subject matter of the investigation; (d) identify each person who responded on your behalf to the investigation; and, (e) identify each document that refers to the investigation. (Standard Product Liability Interrogatory No. 40.)

**RESPONSE:** There has been no, nor is there any, state or federal governmental or

industry investigation of the safety of the Pacific Cycle "Strike" Mountain bike. Pacific Cycle is

unaware of any state or federal governmental industry investigation of the safety of the S/R Duo

Track 7006 suspension fork. This interrogatory is more appropriately directed to the

manufacturer of the component at issue.

13.    If there was a change after the date of manufacture of the Pacific Cycle USA "Strike" mountain bike in the design of the component(s) at issue or component substantially similar to the component(s) at issue: (a) state the nature of the change; (b) state the reason for the change: (c) state the date of the change; (d) identify each person who directed the change; and (e)

identify each document that implements the change. (Standard Product Liability Interrogatory No. 44)

**RESPONSE:** Pacific Cycle is currently unaware of any change in the design of the S/R Duo Track 7006 suspension fork. However, Pacific Cycle did not "design", as that term is commonly used, the component parts on the bicycles it sold. The S/R Duo Track 7006 suspension fork was manufactured and designed by SR Suntour, 687 Coal Creek Rd. Chehalis, WA 98522, Telephone number (360) 740-9888. This interrogatory is more appropriately directed to the manufacturer of the component at issue.

14.     If there was a change after the date of manufacture of the Pacific cycle USA "Strike" mountain bike in the manufacturing process of the component(s) at issue or component substantially similar to the component(s) at issue: (a) state the nature of the change; (b) state the reason for the change; (c) state the date of the change; (d) identify each person who directed the change; and (e) identify each document that implements the change. (Standard Product Liability Interrogatory No. 45.)

**RESPONSE:** Pacific Cycle is currently unaware of any change in the manufacturing process of the S/R Duo Track 7006 suspension fork as Pacific Cycle did not "manufacture", as that term is commonly used, the component parts on the bicycles it sold. This interrogatory is more appropriately directed to the manufacturer of the component at issue.

15.     Identify all persons who (a) were directly responsible for the design, testing, certification, or safety of the component(s) at issue, (b) are most knowledgeable about the design, testing, certification, or safety of the component(s) at issue, (c) manufactured the component(s) at issue, or (d) assembled the component(s) at issue into the Pacific Cycle USA "Strike" mountain bike. As to each person, state the area of that person's responsibility or knowledge (e.g., design, testing, certification, or safety). (Standard Product Liability Interrogatory No. 46.)

**RESPONSE:** Pacific Cycle is not currently aware of the identity of the individuals who were responsible for designing, testing, manufacturing or assembling the component at issue as it is does not perform these functions. This interrogatory is more appropriately directed to the manufacturer of the component at issue.

16.    For the steer tube and the fork crown of the Pacific Cycle USA "Strike" mountain bike, state the material makeup of the component, the hardness of the material, the yield strength of the material, and the dimensions of the component. If your answer depends upon the year of manufacture or the size (26", 28", etc) of the bike, answer for each such variable.

**RESPONSE:** See CBC '96 26" M G/S Strike spec. sheet produced herewith. Pacific

Cycle's investigation continues and it reserves the right to amend or supplement this response as

discovery continues.

17.    Give a concise statement of the facts as to how you contend that the occurrence took place.

**RESPONSE:** Pacific Cycle's only knowledge of this incident is as alleged in Plaintiff's

Complaint. Pacific Cycle's investigation continues and it reserves the right to amend or

supplement this response as discovery continues.

18.    If you contend that Plaintiff acted in such a manner as to cause or contribute to the occurrence, or assumed the risk, give a concise statement of the facts upon which you rely.

**RESPONSE:** Pacific Cycle's only knowledge of this incident is as alleged in Plaintiff's

Complaint. Pacific Cycle's investigation continues and it reserves the right to amend or

supplement this response as discovery continues.

19.    If you contend that a person not a party to this action acted in such manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

**RESPONSE:** Pacific Cycle's only knowledge of this incident is as alleged in Plaintiff's

Complaint. Pacific Cycle's investigation continues and it reserves the right to amend or

supplement this response as discovery continues.

20.    Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made by the expert concerning those findings and opinions. (Standard General Interrogatory No. 2.)

**RESPONSE:** Pacific Cycle has not yet determined whether it will call an expert witness

at trial or, if so, who that individual or those individuals may be. Pacific Cycle reserves the right

to supplement this answer.

21.  ↖ If you contend that the Pacific Cycle USA "Strike" mountain bike complained of
was not used in the manner intended, or that the fork was misused, state the facts upon which
you rely to support such a contention.

**RESPONSE:** Pacific Cycle's only knowledge of this incident is as alleged in Plaintiff's

Complaint. Pacific Cycle's investigation continues and it reserves the right to amend or

supplement this response as discovery continues.

22.    If you contend that the Pacific Cycle USA "Strike" mountain bike complained of
was not in the same or substantially the same condition as when it left your control, state all facts
upon which you rely to support such a contention.

**RESPONSE:** Pacific Cycle's only knowledge of this incident is as alleged in Plaintiff's

Complaint. Pacific Cycle's investigation continues and it reserves the right to amend or

supplement this response as discovery continues.

23.    State the business relationship between you and the other named Defendants?

**RESPONSE:** Toys "R" Us – Delaware, Inc. sells certain products distributed by Pacific

Cycle, LLC.

24.    What part did you play in the design, manufacture, and selling of the Pacific
Cycle USA "Strike" mountain bike?

**RESPONSE:** Pacific Cycle designed the "Strike" Mountain Bike by selecting certain

components which were then combined by a third party-factory to create the specific product.

Pacific Cycle oversees the distribution of the mountain bike to various retailers who in turn sell

the bicycle to the public.

25.    Identify all persons not otherwise identified in your Answers to Interrogatories
that have personal knowledge of facts material to this case.

**RESPONSE:** Mr. Chris Hornung may have some limited general knowledge regarding

the bicycle at issue.  Pacific Cycle is unaware of the identity of any individual who has

knowledge regarding the specific component at issue as that component was manufactured by a

third party.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]**

-10-

I HEREBY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Pacific USA, Ltd. and Pacific Cycle, LLP


By: *Candi Heindselman*
     Candi Heindselman
     PL Administrator

As to objections,
Defendants
Pacific Cycle, LLC.

By and through its Attorneys,
**Venable, Baetjer and Howard, LLP**

Dated: ~~August~~ September 4th 2002

Michele R. Kendus
Federal Bar No.:  26586
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank & Trust Building
Two Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7499

Attorneys for Defendant,
Pacific Cycle, LLC

BA2DOCS/#194872 v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of September 2002, a copy of

the Defendant Pacific Cycle, LLC's Answers to Plaintiff's Interrogatories was mailed,

first class, postage prepaid, to:

        Paul D. Bekman
        Michael P. Smith
        Israelson, Salsbury, Clements & Bekman, L.L.C.
        300 W. Pratt Street, Suite 450
        Baltimore, Maryland 21201
        Attorneys for Plaintiff

Michele R. Kendus

BA2/195555v1