April 14, 2003

The Honorable William M. Nickerson
Unites States District Court for the
   District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD 21201

        Re:    **Lockwood v. Pacific Cycles, et al.**
                **WMN-02-CV-2068**

Dear Judge Nickerson:

      This follows my discussion with Carrie Harney on Friday, April 11, 2003 concerning the status of this case and the need for a continuance of the April 28, 2003 pretrial conference date and the May 12, 2003 trial date. Ms. Harney indicated that the request for a continuance should come by way of letter to the Court.

      As you are aware, SR Suntour, Inc. and SR Suntour, USA ("third-party defendants") were recently brought into this case as third-party defendants by defendants Pacific Cycle, LLC and Toys "R" Us. Shortly after their involvement, the third-party defendants filed a partial consent motion to modify the schedule as related to the third-party defendants. On February 11, 2003, this Court granted the motion that provided the following deadlines: Rule 26(a)(2) Disclosures – 4/15/03; Close of discovery – 4/20/03; and File dispositive motions – 4/30/03. On March 12, 2003, counsel for plaintiff sought clarification from the Court as to whether the third-party defendants were entitled to take the depositions of plaintiff's three liability experts. On March 17, 2003, this Court ruled that the third-party defendants are entitled to take such depositions. The pretrial conference in this case is presently scheduled for April 28, 2003 and the trial for May 12, 2003.

      Since the Court's March 17 ruling, the parties have proceeded with the expert depositions. Two of the experts were deposed on April 11 and the other expert is being deposed today. In addition, on March 19, plaintiff served the third-party defendants with interrogatories and a request for production of documents. Although the third-party defendants are endeavoring

The Honorable William M. Nickerson
April 14, 2003
Page 2

in good faith to obtain the requisite information and documents with which to respond, it is significant to note that responsive information and documents are in the possession of entities located in Taipei, China. Moreover, counsel has recently learned that the entity that manufactured the component parts at issue was located in Japan at the time of manufacture, and subsequently moved to Taipei. This has caused logistical problems in obtaining information and documents to respond to plaintiff's written discovery and that are critical to the development of the defenses of the third-party defendants. Hence, there is serious doubt at this point about whether the third-party defendants will have the full scope of information and documents to respond to plaintiff's written discovery before the close of discovery or in time to explore and/or develop their defenses and for dispositive motions and trial purposes as the schedule presently exists.

Under the present revised schedule (February 11 Order), the third-party defendants have until April 30 to file dispositive motions. Under the Court's Amended Scheduling Order (November 27 Order), the pretrial conference is scheduled for April 28 and the trial for May 12. Thus, the pretrial conference is scheduled prior to the deadline for filing dispositive motions and prior to the resolution of such motions that may resolve the case or narrow the issues for trial. Indeed, the third-party defendants expect to file dispositive motions and it does not appear that it will be possible to do so prior to the April 30 deadline. Under Rule 105, plaintiff's response to any dispositive motion will be due at the earliest on May 14, a date that post-dates the May 12 trial date. Using the May 14 date, the third-party defendants' reply would not be due until May 26, a date well after the current trial date of May 12. Moreover, the Court will presumably require additional time after it receives the motion, opposition and reply within which to make a ruling. Postponement of the pretrial and trial dates would therefore be in the interests of the efficient administration of justice and will accommodate the motions practice deadlines set by the Court and Local Rule 105.

Based on the above, it appears that good cause exists for a continuance of the April 28 pretrial conference date and the May 12 trial date. Accordingly, the third-party defendants hereby respectfully request a continuance of such dates.

Thank you for your attention to this matter.

Sincerely yours,

Scott A. Thomas

SAT/kab

#338246