April 15, 2003

The Honorable William M. Nickerson
Senior U.S. District Judge
101 W. Lombard Street, Room 330
Baltimore, Maryland 21201

    Re:    Lockwood v. Pacific USA, LTD., *et al*
            Civil Action No.  WMN-02-2068

Dear Judge Nickerson:

Plaintiff has received the letter to you of April 14, 2003 from counsel for SR Suntour, Inc. and SR Suntour, USA. ("Suntour"), requesting a continuance of both the Pre-Trial Conference scheduled for April 28, 2003 and the trial set to begin on May 12, 2003.  Suntour was made party to this case when the Defendants Pacific USA, LTD. and Pacific Cycle, LLC. ("Pacific") filed their Third Party Complaint in December of 2002.  Plaintiff, who has not asserted any claims against Suntour, opposes the request for a continuance.

## Background

This is a products liability case involving a Pacific Cycle USA "Strike" mountain bike which was manufactured by the Pacific and sold by the Defendant Toys "R" Us – Delaware, Inc. to the Plaintiff, William Lockwood, in May of 1997.  The Plaintiff alleges that while he was carefully and prudently riding the bicycle, the suspension fork separated at a point where the steering tube was inserted into the fork crown.  This separation caused him to lose control of the bicycle and to fall forward onto his face.

Plaintiff and Pacific have completed their discovery, and both have filed motions presently pending before this Court.  Plaintiff has moved for partial summary judgment on liability, and Pacific has moved for partial summary judgment on a portion of the claimed damages.  The motions have been fully briefed by the parties.

The Honorable William M. Nickerson
April 15, 2003
Page 2


     Plaintiff has circulated the initial draft of the Pre Trial Order which is due in chambers on April 22, 2003. Plaintiff's fact witnesses have been subpoenaed and his expert witnesses have already set aside time on May 12, 13 and 14, 2003 to appear and testify.

### Suntour

     At the parties' request on December 13, 2002, this Court amended the Scheduling Order to allow Pacific to file a Third-Party Complaint against Suntour, the manufacturer of the front fork of the bicycle. Plaintiff and Pacific represented to the Court that they would work with Suntour to ensure that the trial date would not be jeopardized. Suntour filed its Answer to the Third Party Complaint on January 22, 2003. Plaintiff made his files and the bicycle available to Suntour's counsel a few days thereafter.

     When Suntour moved to modify the Scheduling Order in early February, it provided the Court with the dates under which it believed it could complete discovery. Suntour did not request a change in the pre-trial conference or trial dates, and it advised the Court that it was amenable to ADR after April 20, 2003, at which point their discovery would be completed. The Court amended the Scheduling Order as requested by the Third-Party Defendants.

     Although this Court revised the Scheduling Order on February 11, 2003, Suntour did not undertake any discovery until after the settlement conference before Judge Bredar on March 10, 2003, did not resolve the dispute. The next day, Suntour sought out dates on which to depose the Plaintiff's non-medical experts. Once this Court clarified that the Suntour was entitled to depose Plaintiff's experts, the expert depositions were promptly scheduled. Those depositions took place on April 11 and 14, 2003, and were attended by counsel for Plaintiff and Suntour only.

     Plaintiff has produced documents to Suntour, has made the subject bicycle available for inspection by Suntour's expert, and will at the completion of this week be filing Answers to Suntour's Interrogatories. In short, Plaintiff has fully cooperated with Suntour in the completion of discovery. Meanwhile Suntour did not serve any discovery on Pacific, and Pacific has not sought any discovery from Suntour.

### The Request for Continuance

     Suntour does not claim that any conduct of the Plaintiff has necessitated its request for a continuance. Rather, Suntour's request is based entirely on its inability to obtain *from its own records* the information and documents that it believes it needs to "explore" and to develop its defenses and to file a dispositive motion. No reasonable basis for such a dispositive motion is provided.

The Honorable William M. Nickerson
April 15, 2003
Page 3

      As set forth more fully in Plaintiff's Motion for Partial Summary Judgment, Plaintiff has three experts who have examined the bicycle. Their collective findings are in part as follows:

1. the steer tube was not welded or chemically bonded into place or otherwise properly fastened to the fork crown.

2. No safety device or retightening device existed to prevent the steer tube from pulling out of the fork crown when the tube-to-fork crown mechanical bond became loose or worn from normal use.

3. The failure to weld or chemically bond the steer tube in place caused the steer tube to prematurely separate from the fork crown.

4. The failure to weld or chemically bond the steer tube into the fork crown is a manufacturing defect.

      These experts have also offered opinions regarding design defects, and Suntour has deposed each expert. No basis for a possible dispositive motion is provided.

      Plaintiff has fully complied with Pacific's and Suntour's discovery requests. He and his counsel are fully prepared to try this case as scheduled. Good cause does not exist to continue the pretrial conference and trial dates.

      Respectfully submitted,

      Michael P. Smith

MPS/jc


cc:    All Counsel

The Honorable William M. Nickerson
April 15, 2003
Page 4

**HAND DELIVERY**

The Hon. William M. Nickerson
Senior U.S. District Judge
United States District Court
 For the District of Maryland
101 W. Lombard Street, Room 330
Baltimore, Maryland 21201