IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|    Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### THIRD-PARTY DEFENDANT, SR SUNTOUR, INC.'S, MOTION TO DISMISS THIRD-PARTY COMPLAINT

Third-Party Defendant, SR Suntour, Inc., by counsel, hereby moves this Court to dismiss the Third-Party Complaint against it for lack of personal jurisdiction over it.

In support of this Motion, SR Suntour, Inc. respectfully directs this Court's attention to the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

WHEREFORE, Third-Party Defendant, SR Suntour, Inc., prays that this Court grant its Motion to Dismiss the Third-Party Complaint.

                              Respectfully submitted,

                                   /s/ Edward J. Lopata
                             TYDINGS & ROSENBERG LLP
                             Edward J. Lopata
                             Federal Bar No. 02958
                             Scott A. Thomas
                             Federal Bar No. 11692
                             100 East Pratt Street
                             Baltimore, Maryland 21202
                             (410) 752-9700

                             Attorneys for Third-Party Defendants,
                             SR Suntour Inc. and SR Suntour, USA

#341909

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of May 2003, a copy of the foregoing Third-Party Defendant, SR Suntour, Inc.'s, Motion to Dismiss Third-Party Complaint was electronically filed to the following individuals:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC and Pacific USA, Ltd.*
>*and Toys "R" US-Delaware, Inc*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

>/S/   *Edward J. Lopata*
>_____
>Edward J. Lopata

#341909

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|    Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

UPON CONSIDERATION of Third-Party Defendant, SR Suntour, Inc.'s, Motion to Dismiss, and all facts of record, it is this ___ day of _____, 2003,

ORDERED: that Third-Party Defendant's Motion to Dismiss be, and the same hereby is, GRANTED; and be it further,

ORDERED: that the Third-Party Complaint against SR Suntour, Inc. be, and hereby is, dismissed with prejudice.

_____
Judge William M. Nickerson

cc:   Paul D. Bekman, Esquire
      Michele R. Kendus, Esquire
      Edward J. Lopata, Esquire
      Kenn Brotman, Esquire

#341909

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|    Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|    Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF POINTS AND
## AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Third-Party Defendant, SR Suntour, Inc., by counsel, submits this Memorandum of Points and Authorities in support of its Motion to Dismiss.

### FACTS

This products liability action involving allegedly defective component parts of a bicycle was instituted through the filing in the Circuit Court for Baltimore City of a complaint by plaintiff, William Lockwood, against defendants, Pacific USA, LTD, Pacific Cycle, LLC and Toys "R" Us (collectively, "defendants") on or about May 15, 2002. Plaintiff's complaint alleges that the S/R Duo Track 7006 component suspension fork on his "Pacific" brand bicycle purchased at Toys "R" Us failed, causing his alleged injuries and damages. On June 18, 2002, defendants Pacific USA, LTD and Pacific Cycle, LLC filed a notice of removal to this Court. Following removal, plaintiff and defendants litigated the case in this Court.

On December 17, 2002, defendants, pursuant to Federal Rule of Civil Procedure 19, Joinder of Persons Needed for Just Adjudication, filed an agreed motion for leave to file a third-party complaint against SR Suntour, Inc. and SR Suntour, USA and a proposed Third-Party Complaint.

#341909

Based on the allegation that SR Suntour, Inc. and SR Suntour, USA designed and manufactured the allegedly defective S/R Duo Track 7006 component suspension fork, the Third-Party Complaint included a count for contribution (Count I) and one for indemnity (Count II). See Third-Party Complaint. The Court subsequently granted the motion to file the Third-Party Complaint, and a summons and the Third-Party Complaint were personally handed to Darrell Voss, President of USUL Corporation, at 1409 Broadway, Vancouver, Washington 98663.

USUL Corporation ("USUL") was registered as a corporation in the state of Washington in 1998. Its business address is 1409 Broadway, Vancouver, Washington 98663. Darrell Voss is President of USUL. See Affidavit of Darrell Voss attached as Exhibit A at 1 ¶ 3. On June 9, 1999, USUL had no affiliation with SR Suntour, Inc. Id. In August 2000, USUL contracted with SR Suntour, Inc. for the explicit and limited purpose of marketing SR Suntour Inc.'s products and improving its sales relationships. Id. USUL has had no other relationship with SR Suntour, Inc. Id.

On January 22, 2003, SR Suntour, Inc. filed its answer to the Third-Party Complaint. The answer included the following defenses: "First Defense" – "This Court does not have jurisdiction over the person of this third-party defendant"; "Second Defense" – "This third-party defendant alleges that there is insufficiency of service of process over this defendant and insufficiency of process"; "Fourth Defense" – "1. This third-party defendant denies that it is a corporation organized under the laws of the states of the United States and denies that its principal place of business is in the State of Washington and it further denies doing business throughout the State of Maryland." Answer of SR Suntour, Inc. to Third-Party Complaint.

**ARGUMENT**

As to service of process upon corporations and associations, Federal Rule of Civil Procedure

#341909

4(h) provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other incorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons to an officer, a managing agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, also by mailing a copy to the defendant. . . ."

F.R.Civ.P. 4(h).

One of the functions of Rule 4 is limiting the exercise of personal jurisdiction. Albert Levine Assoc., Inc. v. Hudson, 43 F.R.D. 392, 394 (D.C.N.Y. 1967). In the absence of valid service of process, a district court cannot exercise personal jurisdiction over a defendant. J.O. Alvarez, Inc. v. Rainbow Textiles, Inc., 168 F.R.D. 201 (S.D. Tex. 1996) (citing Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th cir. 1991). The rationale behind service of process upon an officer, corporate general or managing agent of a corporation "is necessarily linked to the corporation's presence doing business in a given jurisdiction and not on the physical presence of an individual with apparent authority within the jurisdiction. Service of process will not be effective to establish jurisdiction unless the corporation also is doing business so as to be amenable to service and the assertion of jurisdiction in the state." Navieros Inter-Americanos, S.A., Inc. v. M/V "Vasilia Express, 930 F. Supp. 669, 708 (D. Puerto Rico 1996), affirmed in part, vacated on other grounds in part, 120 F.3d 304 (emphasis added).

The Affidavit of Darrell Voss indisputably establishes that this Court lacks personal jurisdiction over SR Suntour, Inc. because of the fact that when service of process was purportedly made upon it through Mr. Voss, Mr. Voss was not an agent of SR Suntour, Inc.

#341909

authorized to receive service of process for SR Suntour, Inc.  See Affidavit of Darrell Voss attached as Exhibit A at 2 ¶ 5.

## . **CONCLUSION**

For all of the foregoing reasons, SR Suntour, Inc. requests that this Court grant its Motion to Dismiss and dismiss the Third-Party Complaint against it with prejudice.

                                    Respectfully submitted,

                                    /S/  *Edward J. Lopata*
                                    _____
                                    Edward J. Lopata
                                    Federal Bar No. 02958
                                    Scott A. Thomas
                                    Federal Bar No. 11692
                                    TYDINGS & ROSENBERG LLP
                                    100 E. Pratt Street, 26th Floor
                                    Baltimore, MD  21202
                                    (410) 752-9700

                                    Attorneys for Third-Party Defendants,
                                    SR Suntour, Inc. and SR Suntour, USA

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May, 2003, a copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss, was electronically filed to the following individuals:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorneys for Pacific Cycle, LLC and Pacific USA, Ltd.*
>*and Toys "R" Us-Delaware, Inc.*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

>/s/ Scott A. Thomas
>Scott A. Thomas
>Federal Bar No. 11692
>Tydings & Rosenberg LLP
>100 E. Pratt Street, 26th Floor
>Baltimore, Maryland 21202
>(410) 752-9700
>
>Attorneys for Third-Party Defendants,
>SR Suntour, Inc. and SR Suntour, USA

#341909