IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., et al.,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**THIRD-PARTY DEFENDANT, SR SUNTOUR, USA'S,
MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, TO DISMISS**

Third-Party Defendant, SR Suntour, USA, by counsel, hereby moves this Court for summary judgment on the claims purportedly brought against it through the third-party complaint or, in the alternative, for dismissal with prejudice of such claims.

In support of this Motion, SR Suntour, USA respectfully directs this Court's attention to the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

#340978

WHEREFORE, Third-Party Defendant, SR Suntour, USA, prays that this Court grant its Motion for Summary Judgment or, in the Alternative, to Dismiss and dismiss the Third-Party Complaint against it with prejudice.

Respectfully submitted,

　　　　 */s/ Edward J. Lopata*　　　　
TYDINGS & ROSENBERG LLP
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
100 East Pratt Street
Baltimore, Maryland  21202
(410) 752-9700

Attorneys for Third-Party Defendants,
SR Suntour Inc. and SR Suntour, USA

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May 2003, a copy of the foregoing Third-Party Defendant, SR Suntour, USA's, Motion for Summary Judgment was mailed, postage prepaid to:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC and Pacific USA, Ltd.*
>
>Daniel J. Moore, Esquire
>Moore and Jackson, LLC
>305 Washington Avenue, Suite 401
>Towson, Maryland 21204
>
>*Attorney for Toys "R" Us-Delaware, Inc.*

Kenn Brotman, Esquire
David Rammelt, Esquire
Kelley Drye and Warren
333 W Wacker Drive, Suite 810
Chicago, IL 60606

    *Attorney for Pacific Cycle, LLC*


          /S/  *Edward J. Lopata*
          _____
          Edward J. Lopata

#340978                                4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., et al.,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

UPON CONSIDERATION of Third-Party Defendant, SR Suntour, USA's, Motion for Summary Judgment or, in the Alternative, to Dismiss, and all facts of record, it is this ___ day of _____, 2003,

ORDERED: that Third-Party Defendant's Motion for Summary Judgment be and the same hereby is, GRANTED; and be it further,

ORDERED: that the Third-Party Complaint against SR Suntour, USA be, and hereby is, dismissed with prejudice.

_____
Judge William M. Nickerson

cc: Paul D. Bekman, Esquire
    Michele R. Kendus, Esquire
    Edward J. Lopata, Esquire
    Kenn Brotman, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR, IN THE ALTERNTIVE, TO DISMISS**

Third-Party Defendant, SR Suntour, USA, by counsel, submits this Memorandum of Points and Authorities in support of its Motion for Summary Judgment or, in the Alternative, to Dismiss.

**FACTS**

This products liability action involving allegedly defective component parts of a bicycle was instituted through the filing in the Circuit Court for Baltimore City of a complaint by plaintiff, William Lockwood, against defendants, Pacific USA, LTD, Pacific Cycle, LLC and Toys "R" Us (collectively, "defendants") on or about May 15, 2002.  Plaintiff's complaint alleges that the S/R Duo Track 7006 component suspension fork on his "Pacific" brand bicycle purchased at Toys "R" Us failed, causing his alleged injuries and damages.  On June 18, 2002, defendants Pacific USA, LTD and Pacific Cycle, LLC filed a notice of removal to this Court.  Following removal, plaintiff and defendants litigated the case in this Court.  During the course of litigation, SR Suntour, USA was improperly identified as having something to do with the design and/or manufacture and/or marketing of the S/R Duo Track 7006 suspension fork product.

On December 17, 2002, defendants, pursuant to Federal Rule of Civil Procedure 19, Joinder of Persons Needed for Just Adjudication, filed an agreed motion for leave to file a third-party complaint against SR Suntour, Inc. and SR Suntour, USA and a proposed Third-Party Complaint. Based on the allegation that SR Suntour, Inc. and SR Suntour, USA designed and manufactured the allegedly defective S/R Duo Track 7006 component suspension fork, the Third-Party Complaint included a count for contribution (Count I) and one for indemnity (Count II).  See Third-Party Complaint.  The caption of the Third-Party Complaint includes the name "SR Suntour, USA" at the address of 1409 Broadway, Vancouver, Washington 98663.  Id.  The Court subsequently granted the motion to file the Third-Party Complaint, and a summons and the Third-Party Complaint were personally handed to Darrell Voss, President of USUL Corporation.

USUL Corporation ("USUL") was registered as a corporation in the state of Washington in 1998.  Its business address is 1409 Broadway, Vancouver, Washington 98663.  Darrell Voss is President of USUL.  See Affidavit of Darrell Voss attached as Exhibit A at 1 ¶ 3.  On June 9, 1999, USUL had no affiliation with SR Suntour, Inc.  Id.  In August 2000, an affiliate of USUL, Voss Corporation, contracted with SR Suntour, Inc. for the explicit and limited purpose of marketing SR Suntour Inc.'s products and improving its sales relationships.  Id.  USUL has had no other relationship with SR Suntour, Inc.  Id.

"SR Suntour, USA" is an unregistered, non-licensed trade name that beginning in February 2002 was used by USUL for the limited purpose of mailings, advertising and warranty contact for SR Suntour, Inc.  Id.  No other use was put to the name and the name is not legally recognized.  Id.  Given that SR Suntour, USA has never been a legally recognized entity, Darrell Voss was not an officer or registered agent authorized to receive service of any legal documents on it.  Id.  Furthermore, SR Suntour did not exist in June 1999 when the incident occurred and therefore at that

time could not possibly have been in the business of designing, manufacturing or selling the S/R Duo Track 7006 component suspension fork at issue and had no relationship with any entities engaged in such activities. Id.

On January 22, 2003, SR Suntour, USA filed its answer to the Third-Party Complaint. The answer included the following defenses: "First Defense" – "This court does not have jurisdiction over the person of this third-party defendant"; "Second Defense" – "This third-party defendant alleges that SR Suntour, USA is not a legal entity which can sue or be sued"; "Third Defense" – "The third-party defendant alleges that there is insufficiency of process over this defendant and insufficiency of service of process"; "Fourth Defense" – "1. This third-party defendant admits that it is the trade name for USAL Corporation which was incorporated in August 1998 in the State of Washington. 2. This third-party defendant alleges that at the time of manufacture and/or sale of the bicycle in question that it did not exist and therefore it had no relationship to the legal entities involved in the design, manufacture, or sale of the bicycle or any of its components. 3. This third-party defendant denies all allegations of negligence and further denies that it may be held liable to the third-party plaintiffs if it is determined that the third-party defendants are liable to the plaintiff for the alleged accident in question." Answer of SR Suntour, USA to Third-Party Complaint.

## ARGUMENT

SR Suntour, USA is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c).

As to service of process upon corporations and associations, Federal Rule of Civil Procedure 4(h) provides in pertinent part:

> Unless otherwise provided by federal law, service upon a domestic corporation or upon a partnership or other incorporated association <u>that is subject to suit</u> under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons to an officer, a managing agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, also by mailing a copy to the defendant. . . ."

F.R.Civ.P. 4(h).

One of the functions of Rule 4 is limiting the exercise of personal jurisdiction. <u>Albert Levine Assoc., Inc. v. Hudson</u>, 43 F.R.D. 392, 394 (D.C.N.Y. 1967). In the absence of valid service of process, a district court cannot exercise personal jurisdiction over a defendant. <u>J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.</u>, 168 F.R.D. 201 (S.D. Tex. 1996) (citing <u>Mid-Continent Wood Products, Inc. v. Harris</u>, 936 F.2d 297, 301 (7th cir. 1991). The rationale behind service of process upon an officer, corporate general or managing agent of a corporation "is necessarily linked to the corporation's <u>presence doing business in a given jurisdiction</u> and not on the physical presence of an individual with apparent authority within the jurisdiction. Service of process will not be effective to establish jurisdiction unless the corporation also <u>is doing business</u> so as to be amenable to service and the assertion of jurisdiction in the state." <u>Navieros Inter-Americanos, S.A., Inc. v. M/V "Vasilia Express</u>, 930 F. Supp. 669, 708 (D. Puerto Rico 1996), affirmed in part, vacated on other grounds in part, 120 F.3d 304 (emphasis added).

The Affidavit of Darrell Voss indisputably establishes that this Court lacks personal jurisdiction over SR Suntour, USA because of the fact that when service of process was purportedly made upon it it was not an existing legal entity that could be legally served, and because third-party plaintiffs did not serve an agent of SR Suntour, USA authorized to receive

service of process since the non-existent SR Suntour, USA could not have had such a person in Darrell Voss or anyone else. Furthermore, SR Suntour, USA did not exist when the incident occurred, so it certainly had nothing to do with the design, manufacture or sale of the S/R Duo Track 7006 component suspension fork at issue and did not have any relationship to any of the legal entities involved in the design, manufacture or sale of the product. Accordingly, the pleadings and the Affidavit of Darrell Voss show that there is no genuine issue of material fact precluding summary judgment and/or dismissal with prejudice of SR Suntour, USA.

. **CONCLUSION**

For all of the foregoing reasons, SR Suntour, USA requests that this Court grant its Motion for Summary Judgment or, in the Alternative, to Dismiss and dismiss the Third-Party Complaint against it with prejudice.

Respectfully submitted,

/S/  *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Third-Party Defendants,
SR Suntour, Inc. and SR Suntour, USA

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May, 2003, a copy of the foregoing Memorandum of Points and Authorities in Support of Motion for Summary Judgment was mailed first class, postage prepaid to:

> Paul D. Bekman, Esquire
> Michael Patrick Smith, Esquire
> Israelson, Salsbury, Clements & Bekman, LLC
> 300 W. Pratt Street, Suite 450
> Baltimore, Maryland 21201
>
> *Attorneys for Plaintiff*
>
> Bruce R. Parker, Esquire
> Michele R. Kendus, Esquire
> Venable, Baetjer and Howard LLP
> Two Hopkins Plaza, Suite 1800
> Baltimore, Maryland 21201
>
> *Attorney for Pacific Cycle, LLC and Pacific USA, Ltd.*
>
> Daniel J. Moore, Esquire
> Moore and Jackson, LLC
> 305 Washington Avenue, Suite 401
> Towson, Maryland 21204
>
> *Attorney for Toys "R" Us-Delaware, Inc.*
>
> Kenn Brotman, Esquire
> David Rammelt, Esquire
> Kelley Drye and Warren
> 333 W Wacker Drive, Suite 810
> Chicago, IL 60606
>
> *Attorney for Pacific Cycle, LLC*

>>> */s/ Scott A. Thomas*
>>> Scott A. Thomas
>>> Federal Bar No. 11692
>>> Tydings & Rosenberg LLP
>>> 100 E. Pratt Street, 26th Floor
>>> Baltimore, Maryland 21202
>>> (410) 752-9700
>>> Attorneys for Third-Party Defendants,
>>> SR Suntour, Inc. and SR Suntour, USA

#340978                                    11

#340636