IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., <u>et al.</u>, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>SUPPLEMENTAL OPPOSITION OF THIRD-PARTY DEFENDANT,
SR SUNTOUR, INC. TO PLAINTIFF'S MOTION FOR PARTIAL
SUMMARY JUDGMENT AND SR SUNTOUR, INC.'S CROSS-MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT</u>

Plaintiff's motion for partial summary judgment is based solely on the allegation that the steerer tube separated from the fork crown causing the front wheel to separate from the frame of Plaintiff's bicycle. However, as pointed out in defendants' opposition to plaintiff's motion, the mere happening of an accident does not prove that the product or bicycle was defective and unreasonably dangerous at the time of its sale.

The Affidavit of Mr. Naoji Tanaka of SR Suntour, Inc., attached as Exhibit "A," establishes the fact that the SR Suntour Duo Track 7006 model fork at issue here was designed and manufactured using a mechanical bond fit to secure the steel steerer tube to the aluminum alloy fork crown. This design was within the industry standard at the time of the manufacturer of the crown fork and remains so today according to the Tanaka Affidavit.

Suntour's retained expert, Andrew W. Blackwood, Ph.D., a metallurgist and a materials engineer, also agreed that such a mechanical bond fit design was not defective. Deposition of Blackwood at p. 65, attached as Exhibit "B." In addition, the Tanaka Affidavit establishes that "SR Suntour has manufactured 8,000,000 forks using the same mechanical bond fit as that used for the SR Suntour Duo Track 7006 model and none have been the subject of safety recall or demonstrated a history of fork failure or fork crown/steerer tube joint separations."

Plaintiff's retained experts, Robert W. Hinton, John D. Schubert, and James M. Green, have testified at depositions that they do know of any facts to refute the factual statements set forth by Mr. Tanaka in his Affidavit. Deposition of Hinton at pp. 20-23, attached as Exhibit "C," deposition of Schubert at pp. 64-66, attached as Exhibit "D," and deposition of Green at pp. 24-27, 29-30, attached as Exhibit "E."

Plaintiff's expert, Robert W. Hinton, a metallurgist, also testified that a mechanical bond fit can be sufficiently strong that normal use and wear of a bicycle would not cause the bond to loosen, but that abuse or an overload would cause the bond to loosen. Exhibit "C" at pp. 55-57. For the instant case, Mr. Hinton testified that the bond may have broken due to normal use or due to some event over and beyond normal use. In this case, the bond could have broken either way. Exhibit "C" at pp. 56-57. Suntour's expert, Blackwood, opined that abuse of the bicycle caused the bond to loosen. Exhibit "B" at pp. 60-63 and page 4 of Blackwood's report of April 15, 2003 attached as Exhibit "F."

Plaintiff has presented no factual evidence of any negligence on the part of the defendants. The legal presumption is that defendants acted reasonably and performed all their actions in accordance with the law and industry standards and as a consequence of this legal presumption, plaintiff has the burden of proving each of his allegations by a preponderance of the evidence. Plaintiff has failed to present any evidence that the defendants violated any bicycle industry standards or that the manufacture and design of the SR Duo Track 7006 fork crown in question violated any bicycle industry standards. In fact, plaintiff's retained expert, James M. Green, testified that there were no bicycle standards requiring a mechanical fit to be welded. Exhibit "E" at pp. 19, 30.

Plaintiff's allegations of breach of warranty and strict liability rest on the assumption that the bicycle in question was in a defective condition and was unreasonably dangerous when sold in May 1997 because the steerer tube separated from the fork crown on June 7, 1999. In addition to the plaintiff's use of the bicycle for two (2) years without any separation of the steerer tube from the fork crown, the Tanaka Affidavit establishes that 8,00,000 fork crowns were manufactured and designed in the same manner as the SR Duo Track 7006 fork crown without any known separation of the steerer tube from the fork crown. Regardless of the opportunity for the plaintiffs and others to misuse and abuse the bicycle in question in two (2) years of using the bicycle, the question of whether plaintiff's injuries were caused by a defect which caused the bicycle to be unreasonably dangerous at the time of the purchase of the bicycle is answered by Mr. Tanaka's Affidavit. There are no known separations of any of the 8,000,000 fork crowns manufactured and designed by SR Suntour, Inc. Thus, the design

of the fork crown in question and the fork crown itself cannot be said to be defective and unreasonably dangerous when the bicycle was sold in May 1997.

It is therefore respectfully requested that the Court deny plaintiff's motion for partial summary judgment and grant SR Suntour, Inc.'s cross-motion for summary judgment.

Respectfully submitted,

/S/   *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Third-Party
Defendants, SR Suntour, Inc.
and SR Suntour, USA

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May, 2003, a copy of the foregoing Supplemental Opposition of Third-Party Defendants, SR Suntour, Inc., to Plaintiff's Motion for Partial Summary Judgment and SR Suntour, Inc.'s Cross-Motion for Summary Judgment was electronically filed to the following:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC, Pacific USA, Ltd.,*
>*and Toys "R" Us-Delaware, Inc.*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

>/S/  *Edward J. Lopata*
>_____
>Edward J. Lopata

#341982                              5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., <u>et al.</u>, | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

This matter having come before the Court on Plaintiff's Motion for Partial Summary Judgment and Third-Party Defendant's, SR Suntour, Inc., Cross-Motion for Summary Judgment, it is this _____ day of _____, 2003,

ORDERED, that Plaintiff's Motion for Partial Summary Judgment be, and hereby is, denied, and it is

Further ordered that Third-Party Defendant's, SR Suntour, Inc., Motion for Summary Judgment be, and hereby is, granted and the Plaintiff's complaint against the Defendants be, and hereby is, dismissed with prejudice.

 

_____
Judge

cc:   Paul D. Bekman, Esquire
      Michele R. Kendus, Esquire
      Edward J. Lopata, Esquire
      Kenn Brotman, Esquire