IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., <u>et al.</u>,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANT'S, SR SUNTOUR, INC., MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S CLAIM FOR MEDICAL EXPENSES AND OTHER
RELATED EXPENSES INCURRED WHEN PLAINTIFF WAS A MINOR</u>**

Defendant, SR Suntour, Inc., adopts and incorporates herein by reference Defendants', Pacific Cycle, LLC and Toys "R" Us Delaware, Inc., motion for summary judgment to dismiss plaintiff's claim for certain damages. In addition to the grounds set forth in defendants' motion, plaintiff is precluded by Maryland law from recovering damages based on speculation or conjecture.

The third-party defendant propounded interrogatories to the plaintiff for information on the special damages claimed by the plaintiff and to identify the person or persons who paid each bill and/or special damage and the date of payments. In response to interrogatory no. 7, plaintiff intentionally or otherwise did not identify when and by whom the special damages were paid. Plaintiff stated:

> The majority of the past, non-dental medical expenses were paid by MAMSI. Some were paid by Diane Saunders, the plaintiff's mother. A portion of the dental medical expenses were paid by Mrs. Saunders. A portion of the medical expenses remain unpaid. None of the counseling expenses have been paid.

Plaintiff's answers to interrogatories are attached hereto as Exhibit No. 1.

It is clear from plaintiff's answer to interrogatory no. 7 that he and his attorney do know

which special damage was paid by whom or the plaintiff declined to answer the interrogatory as it was phrased. Either way, the plaintiff's information as provided does not form a basis for a claim for these special damages to be submitted to a jury for its consideration as to whether the plaintiff is the real party in interest to claim such special damages. The jury would have to speculate or guess on which item of special damage the plaintiff may recover under the applicable Maryland law.

Furthermore, the record is void of any evidence to establish a bona fide assignment of a chose in action from either MAMSI or Mrs. Saunders to the plaintiff. An assignment is a contract between the assignor and assignee and therefore is subject to the same requisities as to validity as other contracts, i.e., consideration, etc. Here, except for Mrs. Saunder's self-serving affidavit attached to plaintiff's opposition to defendants' motion, there is no mention of an assignment in the complaint or any of the pleadings filed. There was no mention of an assignment during the depositions given under oath by the plaintiff and Mrs. Saunders. There is no written contract. There is no evidence as to when, where, or how the alleged assignment occurred or whether the plaintiff ever accepted the alleged assignment. There is certainly no evidence of any consideration to support the creation of an assignment or to enforce an alleged assignment.

It is obvious that the notion of an assignment only came into existence after defendants filed their motion and was thought of in an attempt to oppose the defendants' motion to preclude the plaintiff from recovering for the payment of medical and other related expenses which were paid by persons other than the plaintiff himself. Thus, there are no bona fide assignments from Mrs. Saunders and MAMSI to the plaintiff!!

Finally, as held in Garay v. Overholtzer, 332 Md. 339, 631 A.2d 429 (1993), a minor child can be held liable for medical expenses incurred by the child if it can be shown that the child's parents or parent is unwilling or truly unable to pay the medical expenses. The plaintiff has the burden of proving that his parents were unable or unwilling to pay his necessaries, and that he has paid or will be responsible for paying such expenses. Pepper v. The Johns Hopkins Hospital, 111 Md. App. 49, 680 A.2d. 532 (1995). The depositions, however, of the plaintiff and his mother affirmatively establish that the mother is willing and is able to pay the medical expenses. The affidavit of the mother establishes the fact that Mrs. Saunders has the financial ability to pay for these necessaries. The fact that the affidavit states that Mrs. Saunders earns $80,000 per year as a salary proves that the plaintiff cannot establish that his mother is *truly* unable to pay these necessaries.

It is respectfully requested that the Court grant a judgment in favor of the defendants on plaintiff's claim for medical and other related expenses which were incurred prior to the plaintiff reaching majority. Plaintiff has not established a bona fide assignment from either MAMSI or his mother to sue for any of their respective claims. Plaintiff has not established that his mother or father is unwilling or is truly unable to pay for necessaries incurred prior to plaintiff's age of majority. Finally, plaintiff, based on his answer to interrogatory no. 7 of this third party defendant's interrogatories, does not possess or has not provided sufficient information to support a claim

which may go to a jury for its consideration of whether the plaintiff is a real party in interest to recover for necessaries incurred when plaintiff was a minor.

>Respectfully submitted,
>
>/S/  *Edward J. Lopata*
>_____
>Edward J. Lopata
>Federal Bar No. 02958
>Scott A. Thomas
>Federal Bar No. 11692
>TYDINGS & ROSENBERG LLP
>100 E. Pratt Street, 26th Floor
>Baltimore, MD  21202
>(410) 752-9700
>
>Attorneys for Third-Party Defendants,
>SR Suntour, Inc. and SR Suntour, USA

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May, 2003, a copy of the foregoing Defendant's, SR Suntour, Inc., Motion for Summary Judgment on Plaintiff's Claim for Medical Expenses and Other Related Expenses Incurred When Plaintiff Was a Minor, was mailed first class, postage prepaid to:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC, Pacific USA, Ltd.,
>and Toys "R" Us—Delaware, Inc.*

Kenn Brotman, Esquire
David Rammelt, Esquire
Kelley Drye and Warren
333 W Wacker Drive, Suite 810
Chicago, IL 60606

  *Attorney for Pacific Cycle, LLC*

        /S/  *Edward J. Lopata*
        _____
        Edward J. Lopata
        Federal Bar No. 02958
        Scott A. Thomas
        Federal Bar No. 11692
        TYDINGS & ROSENBERG LLP
        100 E. Pratt Street, 26th Floor
        Baltimore, MD  21202
        (410) 752-9700

        Attorneys for Third-Party Defendants,
        SR Suntour, Inc. and SR Suntour, USA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., et al.,** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### ORDER

Upon consideration of third-party defendant's, SR Suntour, Inc., motion for summary judgment on plaintiff's claim for medical expenses and other related expenses and plaintiff's opposition thereto, it is hereby this _____ day of _____, 2003,

ORDERED that said motion be, and hereby is, granted and plaintiff be, and hereby is, precluded from recovering any necessaries which were incurred prior to his 18th birthday.

_____
Judge

cc:   Paul D. Bekman, Esquire
    Michael Smith, Esquire
    Michele Kendus, Esquire
    Kenn Brotman, Esquire
    Edward J. Lopata, Esquire