**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO SR SUNTOUR, INC.'S
MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S
CLAIM FOR MEDICAL EXPENSES AND OTHER RELATED EXPENSES
<u>INCURRED WHEN PLAINTIFF WAS A MINOR</u>**

Plaintiff, William Lockwood, by his attorneys, Paul D. Bekman, Michael P. Smith, and

Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files this Memorandum in

opposition to the motion of Third Party Defendant SR Suntour, Inc. for summary judgment on

Plaintiff's claim for medical expenses incurred while a minor.

**I.  <u>BACKGROUND</u>**

On June 7, 1999, 16-year old William Lockwood[1] suffered severe injuries when the front

fork and the steer tube of his bicycle suddenly came apart, causing him to fall forward, smashing

his face on the pavement.  William fractured his upper and lower jaw, lost eight teeth, sliced

through his tongue and broke his nose.  His injuries required approximately fifteen surgical

procedures and extensive physical rehabilitation.  In the future he faces additional dental surgery

and reconstructive rhinoplasty.

---

[1]  William Lockwood was born on May 28, 1983 and had turned sixteen 10 days before
this incident.

Third Party Defendant SR Suntour, Inc. ("Suntour") now seconds the motion previously filed by Defendants Pacific Cycle and Toys R' Us, seeking to deny Plaintiff the opportunity to recover over $100,000.00 for the medical expenses incurred as a result of the Defendants' negligence and tortious actions. Plaintiff adopts his Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment that was filed in this Court on March 20, 2003. In this Memorandun Plaintiff will respond only to the new grounds now raised by Suntour.

## II.  ARGUMENT

Suntour makes three additional arguments in its attempt to gain summary judgment on the claim for past medical expenses. First, its argues that an award for past medical expenses could only be based on speculation or conjecture as to whether Plaintiff is the real party in interest to claim such damages. Next, it contends that the Court should ignore the undisputed evidence of an assignment by Ms. Saunders to Plaintiff of her rights to recover the medical expenses. Last, Suntour in weighing the evidence contends that Ms. Saunders affidavit does not establish that she is "truely" unable to pay for her son's medical expenses.

These contentions either demonstrate a misunderstanding of the law or involve a weighing of the evidence at the summary judgment stage. None show that Suntour is entitled to judgment as a matter of law. Accordingly, Suntour's motion should be denied.

## I.    The Past Medical Expenses Were Reasonably and Necessarily Incurred Because of the Injuries That The Plaintiff Sustained Because of the Defective Suntour Fork.

Maryland Rule 2-201 provides that "[e]very action shall be prosecuted in the name of the real party in interest." Suntour hints that Plaintiff is not the real party in interest the recover the value of the medical expenses incurred for the injuries he sustained. No legal authority is cited to

-2-

explain or delineate this argument, although Suntour seems to imply that only the payor of the medical expenses is the real party in interest.

A "real party in interest" must have "an actual, real and justiciable interest susceptible of protection through litigation." *Boyd v, Hickman*, 114 Md. App, 108, 689 A,2d 106, 116 (1997). There is nothing speculative of the Plaintiff's interest in this case. He was injured when the defective Suntour fork separated, causing him to fall strike the roadway face first. He is the person who submitted to and endured numerous operative procedures.

The only limitation on proving compensatory damages is that they "must be proven with a reasonable degree of certainty and cannot be based upon speculation or mere conjecture." Davidson v. Miller, 276 Md. 54, 61-62, 344 A.2d 422, 427 (1975). The speculation or conjecture relates not to what person, insurance company or other entity pays an expense or even if the expense was ever paid, but rather to whether or not the medical expense is fair, reasonable and necessarily related to the injuries that were caused by the defendant's conduct. See Riemer v. Columbia Medical Plan, Inc., 358 Md. 222, 747 A.2d 677, 690 (2000)("The third-party tortfeasor is liable to the injured victim for his or her damages regardless of whether the victim, an HMO, or any other insurer has paid for that medical care."); Plank v. Summers, 203 Md. 252, 102 A.2d 262, 266-67 (1954)(value of medical services recoverable even if furnished gratuitously).

As shown by the Plaintiff's Answer to Suntour Interrogatory No. 7, attached as Exhibit 1 to Suntour's Motion, Plaintiff claims the following injuries:

> William sustained bilateral LeFort facial fractures as well as a complex mandibular symphyseal fractures with cortical bone loss and the loss of teeth nos. 8, 9, 22 - 27 (his upper and lower jaws were fractured,

teeth broken or lost).  His tongue was also sliced, and his nose was broken.
He has undergone 15 surgical procedures for these injuries, and he is
reasonably expected to need additional surgeries in the future.

His family purchased a hospital bed and suctioning device for their
home, and except for medical appointments, William remained home and
confined to bed for months.  He lost one-third of his weight, 60 pounds,
while his jaw was wired shut for three months and he sipped fortified milk
shakes through a straw.  A physical therapist visited the home three times a
week to help William learn to walk again due to his loss of full muscle
function in his legs.

William has permanent nerve damage on the front lower right part of
his lip that extends down to the bottom of his jaw and has no sense of
feeling in this area.  He has scars on the inside of his mouth.  He
experiences jaw pain daily.  Several times a month, without any warning, he
has TMJ pain, lasting 15 to 20 minutes.  While experiencing this pain, he
has difficulty swallowing, chewing or talking.  He suffers from "random"
headaches.  His ribs, lower back, right shoulder, right elbow and knee ache
as well.  He understands that he will experience the miscellaneous head
pains for the rest of his life, another 58 years according to the life tables.

During his recovery when he was confined to his house, he received
in-home class instruction.  He lost all of his friends, however, and when he
was finally able to return to high school, his face was still swollen from his
surgeries, and his front teeth, top and bottom, were missing.  He felt
humiliated and had difficulty making new friends.

Because of his reconstructive injuries, William can no longer engage
in any activities which may result in any trauma to his face.  Most contact
sports, therefore, are out of the picture.  Moreover, because of a fear of
another facial type injury, William no longer rides a bicycle or a skateboard,
and he no longer rollerblades or ice skates.

An itemization of the past medical and other expenses totaling $101,204.53 was made an

exhibit to Plaintiff's Answer to Interrogatory No. 7.  The medical records and bills were

produced voluntarily by Plaintiff to Suntour without a request for production of documents.  In

addition, Plaintiff produced in discovery, reports from two treating physicians, Michele Shermak,

M.D., and Michael K. Schwartz, D.D.S., attached hereto as **Exhibit A** and **Exhibit B**, regarding

the Plaintiff's past and future treatment.  Because the claim for past medical expenses cannot as a

matter of law be said to be based on speculation or conjecture, Suntour's motion should be

denied.

### III.  Plaintiff's Mother, Diane Saunders, Assigned Her Claim For Medical Expenses to Her Son, the Plaintiff.

Suntour admits that the Plaintiff, through the Affidavit of Diane Saunders, has submitted

evidence of a timely assignment by Ms. Saunders of her right to recover for the medical expenses

relating to treatment rendered while her son was a minor.  That evidence is set out in Paragraphs

9 and 10 of the Affidavit of Dianne Saunders, attached as Exhibit 1 to Plaintiff's Memorandum

in Opposition to Defendants' Motion for Partial Summary Judgment.

> 9.    This suit was filed on May 10, 2002 within three years of the date that my son sustained his injuries in this incident.  As of that date, it was my understanding that I had the right to file a lawsuit on my own to collect for any monies that I personally expended on William's behalf as a result of this incident or I could assign my rights to him.
>
> 10.    Rather than do so, I consciously decided and intended to waive and/or assign any right that I may have to sue to my son so that he could collect any damages for the medical bills and expenses he incurred.  I did so in recognition of the fact that as a covered insured under the MAMSI policy, MAMSI would seek to directly assert a lien for medical expenses that they previously paid against any proceeds of his lawsuit, as well as in recognition of the fact that MAMSI had directly denied him coverage for portions of his dental care as a named insured.  As a result, it was my expectation and understanding, given my financial limitations, that William would be personally responsible for the payment of those bills and could use the monies recovered, if any, from this lawsuit to pay his health care providers and health care insurer for the necessary medical treatment which was rendered to him.

Suntour, who lacks standing to challenge the assignment, does no more than attack the

credibility of Ms. Saunders and question the sufficiency of the consideration given for the

assignment by a mother to her injured son. This Court has stated, however, that "[a]t the summary judgment phase, it is not appropriate for the court to make credibility determinations, weigh the evidence, or draw inferences from the facts which are adverse to the non-moving party; these are jury functions." See Neutron, Inc. v. American Association of Electrodiagnostic Medicine, 189 F. Supp. 271, 274-75 (D. Md. 2001). The Court, therefore, should decline Suntour's invitation to engage in credibility judgments when ruling on its motion.

Furthermore, while Suntour lacks standing to question the consideration of a contract to which it is neither a party nor a beneficiary, the Affidavit of Diane Saunders discloses the consideration. See Paragraphs 9 and 10, supra. Generally, consideration is adequate where the party agrees to the surrender or acquisition of any legal right or to do that which the party is not legally obliged or refrain from doing that which he has a legal right to do. Ledingham v. Bayless, 218 Md. 108, 145 A.2d 434 (1958). Accordingly, Suntour's motion should be denied.

### III.    The Issue of Diane Saunder's Inability to Pay the Medical Expenses is For the Jury.

Diane Saunders in Paragraphs 7 and 8 of her Affidavit states an inability to pay all of the medical expenses. Suntour asks this Court to draw inferences from the evidence to conclude that she is in fact "truly" able to pay the expenses. The Court, however, may not at this time "draw inferences from the facts which are adverse to" the Plaintiff. See Neutron, Inc., supra. Suntour's motion should be denied.

### IV. CONCLUSION

For the reasons stated herein, as well as those reason previously set out in Plaintiff's Memorandum in Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiff

respectfully requests that this Court deny Suntour's Motion for Summary Judgment on the claim for past medical expenses.

_____
PAUL D. BEKMAN (Fed. Bar No. 00019)
MICHAEL P. SMITH (Fed. Bar No. 03179)
SALSBURY, CLEMENTS, BEKMAN,
        MARDER & ADKINS,  L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of May, 2003, a copy of the foregoing

Plaintiff's Memorandum in Opposition to SR Suntour Inc.'s Motion for Summary Judgment on

Plaintiff's Claim for Medical Expenses and Other Related Expenses Incurred When Plaintiff was

a Minor was forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978
Attorneys for Defendant, Pacific USA, LTD,
       Pacific Cycle, LLC, and Toys "R" US-Delaware, Inc


Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

_____
MICHAEL P. SMITH
