IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO SR SUNTOUR, INC.'S CROSS-MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT**

Plaintiff, William Lockwood, by and through his attorneys, Paul D. Bekman, Michael P. Smith, and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files this Opposition to SR Suntour, Inc.'s Cross- Motion for Summary Judgment on Plaintiff's Complaint.

**INTRODUCTION**

Third Party Defendant, SR Suntour, Inc. ("Suntour"), basically argues in its three page motion for summary judgment that the Affidavit of Naoji Tanaka, which the Plaintiff has previously moved to strike, somehow removes all doubt that Suntour is entitled to a judgment in its favor as a matter of law.  Even if the Tanaka Affidavit were not stricken, it fails to establish as a matter of law that the Bicycle was free of defects, and it fails to set forth facts requiring the denial of the Plaintiff's Motion for Partial Summary Judgment.  Suntour's Cross-Motion for Summary Judgment should be denied; and Plaintiff's Motion for Partial Summary Judgment should be granted.

## **STANDARD FOR SUMMARY JUDGMENT**

This Court summarized the legal standard for summary judgment in <u>Symeonidis v. Paxton Capital Group, Inc.</u>, 220 F. Supp. 2d 478, 480-81 (D. Md. 2002), where it said:

> Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party is entitled to have "all reasonable inferences ... drawn in its respective favor." <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1129 (4th Cir.1987).
>
> *   *   *
>
> When both parties file motions for summary judgment, the court applies the same standards of review. <u>Taft Broadcasting Co. v. United States</u>, 929 F.2d 240, 248 (6th Cir.1991); <u>ITCO Corp. v. Michelin Tire Corp.</u>, 722 F.2d 42, 45 n. 3 (4th Cir.1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment--even where ... both parties have filed cross motions for summary judgment") (emphasis omitted), <u>cert. denied</u>, 469 U.S. 1215, 105 S.Ct. 1191, 84 L.Ed.2d 337 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." <u>Towne Mgmt. Corp. v. Hartford Acc. and Indem. Co.</u>, 627 F.Supp. 170, 172 (D.Md.1985) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u>: Civil 2d §§ 2720 (2d ed.1993)). <u>See</u> <u>also</u> <u>Federal Sav. and Loan Ins. Corp. v. Heidrick</u>, 774 F.Supp. 352, 356 (D.Md.1991). "[C]ross-motions for summary judgment do not automatically empower the court to dispense with the determination whether questions of material fact exist." <u>Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt</u>, 700 F.2d 341, 349 (7th Cir.1983), <u>cert. denied</u>, 464 U.S. 805, 104 S.Ct. 53, 78 L.Ed.2d 72 (1983). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." <u>Mingus Constructors, Inc. v. United States</u>, 812 F.2d 1387, 1391 (Fed.Cir.1987).

**ARGUMENT**

I.   **The Tanaka Affidavit Fails To Create A Genuine Dispute of Fact Sufficient To Create a Jury Issue.**

In his Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment, Reply Memorandum and supporting Exhibits (Exhibits A - H), the Plaintiff showed that no genuine dispute existed on the facts necessary to support the strict liability and the implied warranty claims. Through the Affidavit of William Lockwood (**Exhibit A**), the Reports of James Green (**Exhibit B**), John Schubert (**Exhibit C**) and Robert Hinton (**Exhibit E**), the Plaintiff's Answers to Interrogatories (**Exhibit D**), and the Deposition of Jessie Wolcott (**Exhibit H**), Plaintiff showed the following:

*(Strict Liability)*

A.   The Bicycle was manufactured by the Defendant Pacific Cycle, was sold to Plaintiff by the Defendant Toys "R" Us, and was expected to and did reach the consumer, Plaintiff, without substantial change in its condition. It was defective at the time it left the Defendants' possession. The front fork of the Bicycle had a steel steer tube that was not welded, chemically bonded into place or otherwise properly fastened to the aluminum alloy fork crown. No safety device, i.e. redundancy, or retightening device existed to prevent the steer tube from pulling out of the fork crown when the tube-to-fork crown mechanical bond became loose or worn from normal use. That defect made the Bicycle unreasonably dangerous because the steer tube is a single point failure mode. Separation of the steer tube from the fork crown during normal use of a bicycle inevitably results in a crash,

because after the front wheel falls off, the rider loses all control of the bicycle and falls to the riding surface, usually a roadway or sidewalk. These defects caused the steer tube to prematurely separate from the fork crown, and resulted in the Plaintiff being injured.

*(Implied Warranty)*

B. Because Plaintiff purchased the Bicycle from the Defendant Toys "R" Us who is a merchant of bicycles, the implied warranty of merchantability exists in this case. A defect in the fork existed when it left Pacific Cycle's control, and the defect made the Bicycle unfit for the ordinary purposes of a bicycle, namely riding it without it falling apart. This implied warranty of merchantability was breached when the steer tube separated from the fork crown. The separation caused by the defect in the fork resulted in Plaintiff falling face first onto the roadway and being injured.

Five experts have examined the Bicycle, including David Mitchell (Defendants' expert) and Andrew Blackwood, Ph.D. (Suntour's Expert).[1] Each has concluded the bond between the steer tube and the fork crown failed. That failure, whether by inadequate design or manufacturing practice, caused the Plaintiff's injuries and constituted a defect. See Reports of James Green (**Exhibit B**), John Schubert (**Exhibit C**) and Robert Hinton (**Exhibit E**).

The Affidavit of Naoji Tanaka fails to create a basis to deny Plaintiff's Motion for Partial Summary Judgment. Mr. Tanaka, whose qualifications and expertise are not set out in the

---

[1] As fully explained in Plaintiff's Motion to Preclude Proposed Expert Testimony of Andrew Blackwood, Ph.D., filed on May 14, 2003, Dr. Blackwood is not qualified to give expert testimony in this case, and the opinions that he proposes to give are not reliable.

Affidavit, has never seen the Bicycle or the specific Suntour fork that separated on June 7, 1999. He is unable to testify, and does not in his Affidavit offer any facts or opinions, to rebut Plaintiff's experts who provide undisputed evidence, joined in by David Mitchell, of a manufacturing defect. That failure to create a genuine factual dispute in and of itself requires the granting of Plaintiff's motion.

Mr. Tanaka's statements in his affidavit are also inadequate to create a factual dispute concerning a design defect. Before simply accepting his expert opinion, this Court must determine if his expert testimony is admissible. See Daubert v. Merrell Dow Pharm., Inc, 509 U.S. 579, 592-93, 113 S.Ct. 2786; 125 L. Ed. 2d 469 (1993); Cooper v. Smith & Nephew, Inc., F.3d 194, 199-200 (4th Cir. 2001); Schreve v. Sears & Roebuck Company, 166 F. Supp.2d 378, 391 (D. Md. 2001). Because the Tanaka Affidavit contains the only disclosures made about Mr. Tanaka and his opinions, it must show on its face that he is qualified, and that his opinions are reliable. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150, 153, 119 S.Ct. 1167; 143 L. Ed. 2d 238 (1999). It does not.

The Court is only told that Mr. Tanaka is a Suntour employee in the undefined position of "engineering development" who is "responsible for production of the various bicycle forks manufactured by SR Suntour." Tanaka Affidavit, Paragraphs 2 and 3. Mr. Tanaka does not claim to have any expertise in the design of bicycle forks; nor he provide a factual basis sufficient to infer such expertise. The skimpy information set out in the Affidavit hardly qualifies Mr. Tanaka to give expert testimony in fork design.

The additional factual information provided by Mr. Tanaka in his Affidavit fails to demonstrate the reliability of any opinions given on the design of the SR Duo Track 7006 fork.

Although Paragraph 4 of the Tanaka Affidavit says that the fork "was designed and manufactured using a mechanical bond fit to secure the steel steerer tube to the aluminum alloy fork crown," a description of the mechanical bond is not provided. Mr. Tanaka fails to state whether the overall design included a safety device, i.e. redundancy, or retightening device to prevent the steer tube from pulling out of the fork crown when the tube-to-fork crown mechanical bond became loose or worn from normal use.[2] Such an incomplete description is the equivalent of no description at all.

Although Mr. Tanaka states that it was "within the industry standard to design a fork using a mechanical bond to secure a steel steerer tube into a aluminum alloy fork crown," he provides no basis to support this statement. See Tanaka Affidavit, Paragraph 5. Suntour has likewise produced no evidence in discovery to support Mr. Tanaka statements. It certainly cannot rely on the generalized, but unsupported, statements of Mr. Tanaka when it has failed to produce any evidence of industry standards in discovery.

Suntour was served with Interrogatories and Requests for Production of Documents on March 19, 2003. That discovery is attached collectively as **Exhibit J**. Suntour has not responded to this discovery. It has not produced any documents. It has not provided any information to the Plaintiff relating to the design or the manufacture of the fork or steer tube of the Bicycle.

---

[2] Robert Hinton, Ph.D., one of Plaintiff's experts, described at his deposition the problems of the apparent mechanical bond or fit in this case. The use of two dissimilar metals reduced the bond strength by about two-thirds, and the thin-wall of the steer tube further reduced the ability to get a strong fit. See Hinton Deposition at pp. 10 - 14 (**Exhibit K**). The bond is unsafe because there is no safety device in the event of failure of the bond. See Hinton Depo. at 58.

Although asked in Interrogatory No. 2, Suntour has not identified a single individual with discoverable information that tends to support any position that it is taking in this case. Although asked in Interrogatory No. 15, Suntour has not identify anyone who had any knowledge concerning the manufacture or the design of the fork or the steer tube. Suntour has not provided the material makeup, the hardness, the yield strength or the dimensions of either the steer tube or the fork crown. See Interrogatory No. 16.

Suntour has not provided Plaintiff with any information regarding the studies, experiments, tests, or analysis of component failure, it performed with respect to the fork. See Interrogatory No. 7. It has not described the mechanism or method by which the Suntour fork on the subject bicycle at issue in this litigation was designed or intended to be fastened or secured to the steer tube of the subject bicycle. See Interrogatory No. 22. It has not identified the individual or corporate entity responsible for fastening and/or securing the Suntour fork to the steer tube component of the Pacific Cycle USA "Strike" mountain bike at issue in this case. See Interrogatory No. 23.

Suntour has not produced any of the engineering drawings, plans, designs, specifications, or other materials used to develop and produce the S/R DuoTrack 7006 suspension fork. See Request No. 1. None of the documents reflecting the testing Suntour performed to determine the safety and appropriateness of the fork have been produced. See Request No. 5. The federal, state, local, or industry codes, standards, or other regulations upon which it relies have not been produced. See Request No. 10.

Simply because a purported expert such as Mr. Tanaka " says it is so," does not mean that the opinion must be accepted. See Alevromagiros v. Hechinger Co., 993 F.2d 417, 421 (4th Cir.

1993). Supporting information must be provided. Factors such as whether the design can or has been tested; and whether the design is generally accepted withing the relevant industry bear upon reliability. See Cooper, 259 F.3d at 199. When a Defendant is fails to produce the very information that would demonstrate the reliability or unreliability of the opinions of its own employee-expert, the Court should not accept the opinion as reliable.

While Suntour apparently had no difficulty getting Mr. Tanaka to fill in the blanks for an Affidavit to file in this Court, it has not produced any facts, documents or other information regarding the reliability of his opinions and in response to the Plaintiff's discovery. Because Suntour has not produced any documents and has not provided any information to the Plaintiff relating to the design or the manufacture of the fork or steer tube of the Bicycle, it cannot defeat Plaintiff's motion with an unreliable affidavit by an unqualified individual. Plaintiff's Motion for Partial Summary Judgment should be granted.

## II. The Expert Reports of Green, Schubert and Hinton Show That Suntour is Not Entitled to Judgment as a Matter of Law.

As shown in Plaintiff's Motion for Partial Summary Judgment and supporting Memorandum, Reply Memorandum and Exhibits, and in Section I, supra., Plaintiff can prove an entitlement to relief on his strict liability and the implied warranty claims. In addition, Suntour's failure to provide discovery bars it at this juncture from claiming that summary judgment should be entered in its favor on any of the other claims in the Complaint. See Fed. R. Civ. P. 37 (c) and (d). Suntour's Cross-Motion for Summary Judgment, therefore, should be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff William Lockwood respectfully requests that this Honorable Court grant his Motion for Partial Summary Judgment against the Defendants Pacific Cycle, LLC, and Toys "R" Us - Delaware, Inc. on the issue of liability, and that the Court deny Suntour's Cross - Motion for Summary Judgment on Plaintiff's Complaint.

_____
PAUL D. BEKMAN (Fed. Bar No. 00019)
MICHAEL P. SMITH (Fed. Bar No. 03179)
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of May, 2003, a copy of the foregoing

Plaintiff's Opposition to SR Suntour Inc.'s Cross - Motion for Summary Judgment on Plaintiff's

Complaint was forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978
Attorneys for Defendant, Pacific USA, LTD
      Pacific Cycle, LLC and Toys "R" US-Delaware, Inc.


Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

 

                                                MICHAEL P. SMITH