**EXHIBIT J**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**INTERROGATORIES**

TO: THIRD PARTY DEFENDANTS, SR Suntour, Inc, and SR Suntour, USA, to be answered separately by each Defendant.

BY: PLAINTIFF, William Lockwood

Plaintiff propounds the following Interrogatories in accordance with the provisions of the Maryland Rules of Civil Procedure and within the time required thereby:

INSTRUCTIONS

a. These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

b. Where the name or identity of a person is requested, please state the full name, home address and business address, if known.

c. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

d. Where knowledge or information or possession of a party is requested, such requests include knowledge of the party's agents, representatives and attorneys, unless privileged. When

answer is made by a corporate defendant, state the name, address and title of the person supplying the information and making the affidavit, and the source of his information.

e.  The pronoun "you" refers to the party to whom these Interrogatories are addresses, and the persons mentioned in clause d.

f.  The term "occurrence" means the subject matter described in the Complaint.

**INTERROGATORIES**

1. Identify the agent of Defendant answering these Interrogatories, including his or her full name, residence address, business address, and the title or office which the agent holds at Defendant.

2. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action and state the subject matter of the information possessed by that person.  (Standard General Interrogatory No. 1.)

3. If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them. ( Standard General Interrogatory No. 3.)

4. State the names and last known addresses of all persons who investigated the cause or circumstances of the occurrence on your behalf, or who investigated the injuries and damages of the Plaintiff on your behalf.

5. Set forth in detail the following information pertaining to all policies or agreements of liability insurance covering or pertaining to acts or omissions committed by you or

on your behalf at the time of the occurrences referenced in the Complaint, designating which, if any, are primary coverage and which are excess coverage: name and address of the insurance carrier, all limits of liability coverage, name and address of the named insured and policy number, full descriptions of acts or omissions to which coverage extends, full description of any and all exclusions, the dates of coverage, and the present custodian of the policy.

6. Identify all persons who have given you "statements" concerning this action or its subject matter, including in your identification for each statement, the date on which it was given and identify the present custodian of the statement.

7. Identify and describe each study, experiment, test, or analysis, performed by you or on your behalf, that describes, discusses or references component failure involving the front fork of a Pacific Cycle USA "Strike" mountain bike or a substantially similar mountain bike.

8. If you are aware of any lawsuit or other claim based upon an allegation that a defect or failure in a bicycle component substantially similar to the bicycle component(s) at issue in this case was a cause of any personal injury, death, or property damage, as to each: (a) state the date you became aware of the lawsuit or claim; (b) state the date and location of the incident involved in the lawsuit or claim and describe the bicycle and component(s) involved and the nature of the defect alleged; (c) identify the person bringing the lawsuit or claim; and (d) if a lawsuit, identify the court, case caption, and docket number. (Standard Product Liability Interrogatory No. 39.)

9. If there has been any federal or state governmental or industry investigation of the safety of the Pacific Cycle USA "Strike" mountain bike, the Suntour Sr-7006 fork, the component(s) at issue or any bicycle component mad by SR Suntour, Inc. and/or Sr Suntour, USA substantially similar to the component(s) at issue: (a) state the date of the investigation; (b)

identify the governmental or industry entity that conducted the investigation; (c) describe the nature and subject matter of the investigation; (d) identify each person who responded on your behalf to the investigation; and, (e) identify each document that refers to the investigation. (Standard Product Liability Interrogatory No. 40.)

10. If there was a change after the date of manufacture of the subject Pacific Cycle USA "Strike" mountain bike in the design of the SR Suntour SR-7006 fork, the component(s) at issue or components substantially similar to the component(s) at issue: (a) state the nature of the change; (b) state the reason for the change; (c) state the date of the change; (d) identify each person who directed the change; and (e) identify each document that implements the change. (Standard Product Liability Interrogatory No. 44.)

11. If there was a change after the date of manufacture of the subject Pacific Cycle USA "Strike" mountain bike in the manufacturing process of the SR Suntour SR-7006 fork, the component(s) at issue or component substantially similar to the component(s) at issue: (a) state the nature of the change; (b) state the reason for the change; (c) state the date of the change; (d) identify each person who directed the change; and (e) identify each document that implements the change. (Standard Product Liability Interrogatory No. 45.)

12. Identify all persons who (a) were directly responsible for the design, testing, certification, or safety of the component(s) at issue, (b) are most knowledgeable about the design, testing, certification, or safety of the component(s) at issue, (c) manufactured the component(s) at issue, or (d) assembled the component(s) at issue into the Pacific Cycle USA "Strike" mountain bike. As to each person, state the area of that person's responsibility or knowledge (e.g., design, testing, certification, or safety). (Standard Product Liability Interrogatory No. 46.)

13. For the steer tube and the fork crown of the Pacific Cycle USA "Strike" mountain

bike, state the material makeup of the component, the hardness of the material, the yield strength of the material, and the dimensions of the component. If your answer depends upon the year of manufacture or the size (26", 28" etc) of the bike, answer for each such variable.

14. If you contend that Plaintiff acted in such a manner as to cause or contribute to the occurrence, or assumed the risk, give a concise statement of the facts upon which you rely.

15. If you contend that a person not a party to this action acted in such manner as to cause or contribute to the occurrence, give a concise statement of the facts upon which you rely.

16. If you contend that the Pacific Cycle USA "Strike" mountain bike complained of was not used in the manner intended or was altered in any way following its manufacture, or that the fork was misused or altered in any way following its manufacture, state the facts upon which you rely to support such a contention.

17. If you contend that the Pacific Cycle USA "Strike" mountain bike complained of was not in the same or substantially the same condition as when it left your control, state all facts upon which you rely to support such a contention.

18. State the business relationship between you and the other named Defendants or Third-Party Defendant.

19. What was your role in the design, manufacture, and sale of the Pacific Cycle USA "Strike" mountain bike?

20. Set forth the facts supporting each affirmative defense raised in your answer to the Third Party Complaint.

21. Identify any lawsuits or claims made against you or any of your corporate affiliates involving any allegation of any defect in the design or manufacture of any SR Suntour SR-7006 fork used in any bicycle , and as to each state:

       (a)    date and location of the incident giving rise to the lawsuit or claim;

       (b)    the bicycle involved and the nature of the defect alleged;

       (c)    the individual bringing such a lawsuit or claim; and

       (d)    the court case caption and docket number of any such lawsuit.

22. State the mechanism or method by which the Suntour fork on the subject bicycle at issue in this litigation was designed or intended to be fastened or secured to the steer tube of the subject bicycle .

23. Identify the individual or corporate entity responsible for fastening and/or securing the Suntour fork to the steer tube component of the Pacific Cycle USA "Strike" mountain bike at issue in this case.

 

 

_____
PAUL D. BEKMAN
MICHAEL P. SMITH
SALSBURY, CLEMENTS, BEKMAN,
     MARDER & ADKINS,  L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM LOCKWOOD | * |
| Plaintiff | * |
| v. | *   Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al. | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### NOTICE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March 2003, a copy of Interrogatories and Request for Production of Documents directed to Third Party Defendants, SR Suntour, Inc., and SR Suntour, USA and this Notice of Service was hand delivered to: Edward J. Lopata, Esquire Tydings & Rosenberg LLP, 100 E. Pratt Street, 26th Floor, Baltimore, Maryland 21202, Attorneys for Third-Party Defendants, SR Suntour, Inc. and SR Suntour, USA, and was mailed postage prepaid to: Michele R. Kendus, Esquire, Venable, Baetjer and Howard, LLP, Two Hopkins Plaza, Suite 1800, Baltimore, Maryland 21201, Attorneys for Pacific Cycle, LLC and Pacific USA, Ltd.; Kenn Brotman, Esquire, Kelley Drye and Warren, 333 W. Wacker Driver, Suite 810, Chicago, IL 60606, Attorneys for Pacific Cycle, LLC

 

            Michael P. Smith
            PAUL D. BEKMAN
            MICHAEL P. SMITH
            SALSBURY, CLEMENTS, BEKMAN,
              MARDER & ADKINS, L.L.C.
            300 W. Pratt Street
            Suite 450
            Baltimore, Maryland 21201
            (410) 539-6633

            Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM LOCKWOOD | * |
| Plaintiff | * |
| v. | *   Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \*

**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: THIRD PARTY DEFENDANTS, SR Suntour, Inc, and SR Suntour, USA, to be answered separately by each Defendant

BY: PLAINTIFF, William Lockwood

Plaintiff, by his undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, requests that you file within thirty (30) days a written response to each request on the attached Document Schedule and to produce those documents for inspection and copying at the offices of Salsbury Clements Bekman Marder & Adkins, L.L.C., Suite 450, 300 West Pratt Street, Baltimore, Maryland 21201.

**INSTRUCTIONS**

(a) In accordance with said Rules, your written response "shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to the part of an item or category, the part shall be specified."

(b) In accordance with said Rules, the documents shall be produced "as they are kept in the usual course of business", or you "shall organize and label them to correspond with the categories in the request."

(c) Pursuant to said Rules, these requests encompass all items within your "possession,

custody or control."

(d) Pursuant to said Rules, these requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material information.

(e) If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

(a) In accordance with the Federal Rules, the term "person" includes any individual, joint stock company, business entity, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(b) The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

(c) In accordance with said Rules, the terms "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection de-vices into reasonably usable form."

(d) The term "occurrence" means the incident described in the Complaint.

## DOCUMENTS

1. Any engineering drawings, plans, designs, specifications, or other materials used to develop and produce the S/R DuoTrack 7006 suspension fork that was a component of the Pacific Cycle USA "Strike" mountain bike complained of and the parts immediately connected with it.

2. All documents pertaining to the sale of the S/R DuoTrack 7006 suspension fork that was a component of the Pacific Cycle USA "Strike" mountain bike at issue in this litigation.

3. Any documents that accompanied the S/R DuoTrack 7006 suspension fork at the time of the sale or were transmitted to the purchaser of the fork thereafter.

4. All documents pertaining to any incident or occurrence in which any the S/R DuoTrack 7006 suspension fork or any component substantially similar to the component(s) at issue, broke, fatigued or otherwise failed, requiring repair and/or resulting in personal injury.

5. All documents reflecting testing done to determine the safety and appropriateness of the fork crown and related components of the Pacific Cycle USA "Strike" mountain bike at issue in the subject litigation.

6. All documents reflecting communication from or to any government agency with reference to the subject occurrence.

7. All reports prepared in the ordinary course of business with reference to the occurrence complained of.

8. All documents reflecting or relating to any communication between you and any person who is not a party to this action, and who designed, manufactured, assembled or sold Pacific Cycle USA "Strike" mountain bikes, or the fork crown and related components of a Pacific Cycle USA "Strike" mountain bike.

9. Any and all policies or agreements of liability insurance covering or pertaining to the incident complained of, including primary coverage and excess coverage, including all endorsements and declaration sheets.

10. All federal, state, local, or industry codes, standards, or other regulations upon which you have relied or intend to rely in support of any defense you may have in connection with this case.

11. All documents reflecting or relating to any communications between you and

Defendant/Third-Party Plaintiff, Pacific Cycle regarding the design, assembly or manufacture of the Pacific Cycle USA "Shrike" mountain bike or its components, including the S/R Duo Track 7006 suspension fork.

12. All documents reflecting or relating to any communications between you and Defendant/Third-Party Plaintiff Pacific Cycle regarding the occurrence giving rise to Plaintiff's Complaint.

13. All documents identified in your answers to interrogatories.

_____
PAUL D. BEKMAN
MICHAEL P. SMITH
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs