IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WILLIAM LOCKWOOD * | |
| Plaintiff * | |
| v. * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. * | |
| Defendants * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO SUNTOUR'S OPPOSITION TO
PLAINTIFF'S MOTION TO PRECLUDE PROPOSED
EXPERT TESTIMONY OF ANDREW BLACKWOOD, Ph. D.**

William Lockwood, by his attorneys, Paul D. Bekman, Michael P. Smith, and Salsbury Clements Bekman Marder & Adkins, L.L.C., hereby files this reply to the opposition of Suntour to Plaintiff's motion to preclude the proposed expert testimony of Andrew Blackwood, Ph.D.

Plaintiff has shown in his Motion to Preclude and supporting memorandum that Andrew Blackwood, Ph.D. is not qualified to offer opinions regarding the cause of the separation of the steer tube and fork crown, and that his opinions are not reliable and are thus inadmissible under Fed. R. Evid. 702.  See Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150, 153, 119 S.Ct. 1167; 143 L. Ed. 2d 238 (1999).  Because Suntour in its Opposition Memorandum makes no showing that Dr. Blackwood is qualified, or that his proposed opinions are reliable, this Court should preclude him from testifying.

*Doctor Blackwood is not Qualified*

In its opposition, Suntour does not demonstrate that Dr. Blackwood is qualified under Daubert v. Merrell Dow Pharm., Inc, 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993) and Kumho Tire Co.  It simply points to his degrees, and states that he has an expertise that is

"beyond the realm of knowledge possessed by any jury panel of lay people." Suntour Opposition at 3. Nowhere does Suntour show that Dr. Blackwood is drawing on some special skill, knowledge or experience to formulate his opinions; it only claims that Dr. Blackwood is an expert with an opinion. See Shreve v. Sears & Roebuck Company, 166 F. Supp.2d 378, 392-93 (D. Md. 2001). Accordingly, he is not qualified.

At page 4 of its Opposition Memorandum, Suntour list several new areas in which it now claims that Dr. Blackwood is qualified to give opinions. Because he was not previously identified as an expert in these new areas ("how metals react, why dissimilar metals may be and are bonded together for bicycle components and for components used in automobiles and airplanes, etc"), he should not be permitted to give any such opinions now.

*Doctor Blackwood's Opinions are Not Reliable*

Doctor Blackwood in his Rule 26(a)(2) report offers two opinions: (1) that the bond created by the interference fit between the steer tube and the fork crown loosened over time; and (2) that the Bicycle "was subjected to considerable abuse, and as a result of that abuse, the connection between the steerer tube and the fork crown separated, ultimately leading to the accident." See Blackwood Report at 4. Plaintiff showed at pages 8 - 13 of his original memorandum that these opinions are unreliable. Suntour makes no effort to support the reliability of these opinions. Dr. Blackwood is still unable to list the assumed conduct he characterizes as "abuse," and he cannot explain how that conduct was even capable of destroying the interference fit between the steer tube and the fork crown. His proffered opinions are no more than speculation and are not admissible.

## **CONCLUSION**

Suntour should be precluded from calling Dr. Blackwood as an expert in this case. He is

not qualified to offer opinions regarding the cause of the separation of the steer tube and fork crown. In addition, the opinions that he proposes are not reliable and are thus inadmissible under Fed. R. Evid. 702.

                                                  _____
                                                  PAUL D. BEKMAN
MICHAEL P. SMITH
SALSBURY, CLEMENTS, BEKMAN,
      MARDER & ADKINS,  L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June 2003, copies of the foregoing Plaintiff's Reply to Suntour's Opposition to Plaintiff's Motion to Preclude Proposed Expert Testimony of Andrew Blackwood, Ph.D., and Memorandum in Support, were forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978

Attorneys for Defendants, Pacific USA, LTD
 and Pacific Cycle, LLC, and Toys "R" US-Delaware, Inc.

Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202

Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　MICHAEL P. SMITH