IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' UNTIMELY MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT**

Plaintiff, William Lockwood, by and through his attorneys, Paul D. Bekman, Michael P. Smith, and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files this Opposition to Defendants' Untimely Motion for Summary Judgment on Plaintiff's Complaint.

**INTRODUCTION**

Apparently unhappy with the dearth of facts given by Third Party Defendant, SR Suntour, Inc. ("Suntour") in support of its Cross-Motion for Summary Judgment on Plaintiff's Complaint, Defendants have belatedly adopted Suntour's motion so that they can place some additional arguments before this Court.[1]  For the most part, the Defendants merely repeat the factual and legal arguments they made months ago in their opposition to Plaintiff's Motion for Partial Summary Judgment.  In doing so, however, they ignore standard summary judgment principles.

---

[1] Suntour basically argues in its three page motion for summary judgment that the Affidavit of Naoji Tanaka, which Plaintiff previously moved to strike, somehow removes all doubt that Suntour is entitled to a judgment in its favor as a matter of law.  Even if the Tanaka Affidavit is not stricken, it fails to establish as a matter of law that the Bicycle was free of defects, and it fails to set forth facts requiring the denial of the Plaintiff's Motion for Partial Summary Judgment.

Defendants never view the evidence in a light most favorable to Plaintiff, making all reasonable inferences therefrom in support of the Plaintiff.  Defendants argue instead that they should prevail as a matter of law when the evidence is viewed in a light most favorable to themselves. [2]

Defendants do try to add a new wrinkle to their argument.  They contend that the Rule 26(a)(2) Reports from Plaintiff's experts which were disclosed on August 30, 2002, and which they did not challenge on or before February 14, 2003, the last day under the Scheduling Order to file dispositive motions, contain nothing but speculative opinions based the mere happening of an accident. The hollowness of Defendants' argument is immediately revealed by the facts and arguments previously set forth by Plaintiff in his Memorandum in Support of his Motion for Partial Summary Judgment; in his Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment; and in his Opposition to SR Suntour, Inc.'s Cross-Motion for Summary Judgment on Plaintiff's Complaint, all of which are adopted and incorporated herein.[3]

As shown in these memoranda, and as set forth below, no one other than the Defendants and Suntour have resorted to speculation in this case.  Plaintiff's experts have identified a specific defect in a critical component of the Bicycle - the bond between the steel steer tube and

---

[2] As shown in Plaintiff's Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, even when the facts are viewed in a light most favorable to the Defendants, judgment on the issue of liability should be entered in favor of Plaintiff.

[3] Plaintiffs specifically incorporates the following Exhibits from these three memoranda: **Exhibit A** (Affidavit of William Lockwood), **Exhibit B** (the "Green Report"), **Exhibit C** (the "Schubert Report"), **Exhibit E** (the "Hinton Report") to the Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment; **Exhibit G** (Pacific Cycle's Answers to Interrogatories) and **Exhibit I** (Deposition of Anita Van Amber) to Plaintiff's Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment; and **Exhibit J** (discovery served on Suntour) to Plaintiff's Opposition to SR Suntour, Inc.'s Cross-Motion for Summary Judgment on Plaintiff's Complaint.

the aluminum alloy fork crown - that failed under normal and expected use of the Bicycle. See Hinton Depo. at 59 (**Exhibit L**); Schubert Depo. at 95 (**Exhibit M**); Green Depo. at 64 (**Exhibit N**).[4] Defendants on the other hand have never in their discovery identified any abuse or misuse of the Bicycle by the Plaintiff.  See **Exhibit G** and **Exhibit J**.  Nor have they ever offered any evidence explaining how Plaintiff's conduct could have caused a separation of a critical bond in the Bicycle.

## STANDARD FOR SUMMARY JUDGMENT

This Court summarized the legal standard for summary judgment in Symeonidis v. Paxton Capital Group, Inc., 220 F. Supp. 2d 478, 480-81 (D. Md. 2002), where it said:

> Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party is entitled to have "all reasonable inferences ... drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir.1987).
>
> \* \* \*
>
> When both parties file motions for summary judgment, the court applies the same standards of review. Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir.1991); ITCO Corp. v. Michelin Tire Corp., 722 F.2d 42, 45 n. 3 (4th Cir.1983) ("The court is not permitted to resolve genuine issues of material facts on a motion for summary judgment--even where ... both parties have filed cross motions for summary judgment") (emphasis omitted), cert. denied, 469 U.S. 1215, 105 S.Ct.

---

[4] By beginning with **Exhibit L**, Plaintiff continues the sequential labeling by letter of Exhibits attached to his three previous the summary judgment/liability memoranda.  See Footnote 3.

1191, 84 L.Ed.2d 337 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." Towne Mgmt. Corp. v. Hartford Acc. and Indem. Co., 627 F.Supp. 170, 172 (D. Md.1985) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d §§ 2720 (2d ed.1993)). See also Federal Sav. and Loan Ins. Corp. v. Heidrick, 774 F.Supp. 352, 356 (D. Md.1991). "[C]ross-motions for summary judgment do not automatically empower the court to dispense with the determination whether questions of material fact exist." Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt, 700 F.2d 341, 349 (7th Cir.1983), cert. denied, 464 U.S. 805, 104 S. Ct. 53, 78 L. Ed.2d 72 (1983). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed.Cir.1987).

## ARGUMENT

The Defendants in their argument do everything but focus on the claimed defective component of the Bicycle - - the Suntour fork. Apparently, they believe that the less they say about the Suntour fork, the more likely the Court is to ignore the uncontradicted evidence of the defect. The following facts about forks generally, and about the Suntour fork specifically are contained in Exhibits A, B, C, E, G, I, J, L, M and N.

1. The defect in this case concerns the bond between the Bicycle's steer tube and the fork crown of the Suntour front fork. See Hinton Depo. at 59 (**Exhibit L**); Schubert Depo. at 95 (**Exhibit M**); Green Depo. at 64 (**Exhibit N**).

(*generally*)

2. A front fork attaches the front wheel to the rest of the bicycle and enables the rider to steer the bicycle. Structurally the fork consists of two blades that extend down on either side of the front tire and meet the front wheel hub. See Schubert Report at 2 (**Exhibit C** ).

3. The top portion of each blade is attached or joined to the fork crown which lies above the wheel. Id.

4. The front fork is connected to the head tube of the bicycle frame by the steer tube which, except for its bottom portion, is totally inside the head tube. Id.

5. The bottom portion of a steer tube extends out the lower end of the head tube and is designed to go inside the fork crown where it is bonded into place so that it does not separate from the fork crown. Id.; Green Report at 2 (**Exhibit B**).

6. Once placed and bonded inside the fork crown, the steer tube remains hidden from view and needs no maintenance or inspection for the life of the bicycle. See Schubert Report at 2, 3 (**Exhibit C**).

7. The steer tube is a single point failure mode. See Schubert Report at 3 (**Exhibit C**). Separation of the steer tube from the fork crown during normal use of a bicycle inevitably results in a crash, because after the front wheel falls off, the rider loses all control of the bicycle and falls to the riding surface, usually a roadway or sidewalk. See Schubert Report at 1, 3 (**Exhibit C**).

8. The industry standard is to design and manufacture a fork so that the steer tube and fork crown do not separate under normal and expected use. See Schubert Report, at 3-4 (**Exhibit C**); Green Depo. at 64 (**Exhibit N**).

9. The force needed to break or destroy the bond between the steer tube and the fork crown is massive, between 2,000 and 3,000 pounds. See Schubert Depo. at 71 (**Exhibit M**); Green Depo. at 14 (**Exhibit N**).

10. Testing has shown that the rest of the bicycle will come apart before the bond between the steer tube and the fork crown fails. See Green Depo. at 42 (**Exhibit N**).

11. A redundancy (additional safety device) is added to the bond between a steer tube and fork crown to protect against separation. See Green Depo. at 12, 19, 38 and 46 (**Exhibit N**).

*(specific)*

12. The front fork of the Bicycle is a SR Duo Track 7006 fork manufactured by Suntour. See Green Report at 1 (**Exhibit B**).

13. The hollow, thin-walled steer tube of the Bicycle is made of steel. See Hinton Report at 1 (**Exhibit E**); Hinton Depo at 11 (**Exhibit L**)

14. The Bicycle's fork crown is made of an aluminum alloy. See Hinton Report at 1 (**Exhibit E**); Hinton Depo at 11 (**Exhibit L**)

15. The hollow, thin-walled steel steer tube was bonded to the aluminum alloy fork crown through some type of mechanical or interference fit. See Hinton Report at 1 (**Exhibit E**); Hinton Depo at 11 (**Exhibit L**)

16. The use of the two dissimilar metals, steel and aluminum alloy, in a mechanical or interference fit reduces the strength of the bond by about two-thirds. See Hinton Depo at 11, 41-42 (**Exhibit L**)

17. The thin-wall of the steer tube further reduces the ability to get a strong fit. See Hinton Depo at 11, 13-14 (**Exhibit L**)

18. The bond between the steel steer tube and the aluminum alloy fork crown is further compromised by changes in temperature. Portions of the interference fit are lost, i.e. the grip is loosened, because aluminum thermally expands at twice the rate of steel. See Hinton Depo at 11-12, 45-46 (**Exhibit L**)

19. At the time the Bicycle left Defendants' control, the steer tube was not welded or chemically bonded into place; nor was it otherwise properly fastened to the fork crown. See Green Report at 2 (**Exhibit B**); Hinton Report at 1 (**Exhibit E**).

20. At the time the Bicycle left Defendants' control, no safety device, i.e., redundancy, or retightening device was in place to prevent the steer tube from pulling out of the fork crown if the tube-to-fork crown mechanical bond became loose or worn from normal use. See Hinton Report at 2 (**Exhibit E**); Green Depo. at 11-12 (**Exhibit N**).

21. On June 7, 1999, after only normal and expected use, the steer tube separated from the fork crown while the Plaintiff was riding the Bicycle. See Lockwood Affidavit, Paragraph 4 (**Exhibit A**).

22. No evidence of misuse or abuse has been presented by the Defendants or Suntour. See Pacific Cycle's Answer to Interrogatories Nos. 21-22 (**Exhibit G**); Depo. of Anita Van Amber at 114 - 18 (**Exhibit I**); Suntour's failure to provide any responses to Interrogatories or Request for Production of Documents (**Exhibit J**).

23. The failure to weld or chemically bond the steer tube in place, caused the steer tube to prematurely separate from the fork crown. See Green Report at 2 (**Exhibit B**); Hinton Report at 2 (**Exhibit E**). The failure to weld or chemically bond the steer tube into the fork crown is a manufacturing defect. See Green Report at 2 (**Exhibit B**).

24. The bond is unsafe because there is no redundancy or safety device in the event of failure of the bond. <u>See</u> Hinton Depo. at 58 (**Exhibit L**); Green Depo. at 12, 19, 38 and 46 (**Exhibit N**).

25. The failure to adequately secure or bond these two critical components was the cause of the subject incident. <u>See</u> Green Report at 2 (**Exhibit B**); Schubert Report at 4 (**Exhibit C** ).

Contrary to Defendants' assertions, Plaintiff has clearly identified a defect which existed at the time he purchased the Bicycle and which caused the injuries in this case. Defendant's motion, therefore, should be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff William Lockwood respectfully requests that this Honorable Court grant his Motion for Partial Summary Judgment against the Defendants Pacific Cycle, LLC, and Toys "R" Us - Delaware, Inc. on the issue of liability, and that the Court deny the Defendant's untimely Motion for Summary Judgment on Plaintiff's Complaint.

                                                               PAUL D. BEKMAN (Fed. Bar No. 00019)
                                                               MICHAEL P. SMITH (Fed. Bar No. 03179)
SALSBURY, CLEMENTS, BEKMAN,
      MARDER & ADKINS,  L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of June, 2003, a copy of the foregoing Plaintiff's Opposition to Defendants' Untimely Motion for Summary Judgment on Plaintiff's Complaint was forwarded electronically to the following:

Michele R. Kendus, Esquire
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Bldg.
Two Hopkins Plaza
Baltimore, MD 21201-2978
Attorneys for Defendant, Pacific USA, LTD
    Pacific Cycle, LLC and Toys "R" US-Delaware, Inc.


Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Third-Party Defendant
SR Suntour, Inc. and SR Suntour, USA

                                                 MICHAEL P. SMITH