IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., et al.,** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### THIRD-PARTY DEFENDANT'S, SR SUNTOUR, INC., REPLY TO PLAINTIFF'S OPPOSITION TO SUNTOUR'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR MEDICAL EXPENSES AND OTHER RELATED EXPENSES INCURRED WHEN PLAINTIFF WAS A MINOR

Plaintiff has the burden of establishing a prima facie case of entitlement to sue for medical expenses incurred and/or paid for when he was a minor. Of those medical bills paid, plaintiff has failed to inform the parties as to the payor of each of the bills and has failed to inform the parties which of the bills remain unpaid. There is no dispute over the fact that plaintiff, himself, has not paid any medical or other related expenses. Plaintiff's failure to identify who paid each medical bill precludes the plaintiff from seeking recovery of those medical bills because he has not suffered any damages and pursuant to Maryland law plaintiff is not legally obligated to pay these bills.

Plaintiff's mother's contention that she intended to assign her claim for medical and other related expenses to her son has no legal bearing on plaintiff's claim for these damages. Plaintiff has not produced any evidence that a legally enforceable contract of assignment was ever entered into with the plaintiff. In fact, the mother's affidavit specifically states that she decided and intended to waive and/or assign any right to sue.

To waive a right to sue, is not an assignment. Furthermore, plaintiff never claimed in his pleadings an assignment from his mother and MAMSI. A contract of assignment has never been produced. The alleged contract of assignment was first mentioned in this litigation after the three year (3) statute of limitations had run. Plaintiff has not made out a prima facie case of a bona fide assignment of a chose in action from either his mother or MAMSI and the statute of limitation bars any such assignment.

Plaintiff's opposition, at page 6, states that Suntour requests the court to draw inferences from the evidence to conclude that plaintiff's, mother, Diane Saunders, is truly able to pay the medical expenses. Plaintiff misses the legal point that he, as the plaintiff, has the burden of making a prima facie case that his mother or parents were unable or unwilling to pay his necessaries incurred during his minor years. As set forth in Suntour's and defendants' motions, the depositions of the plaintiff and his mother establish the oppose of what plaintiff must prove in order to make a prima facie entitlement to sue for these medical expenses. Those depositions affirmatively establish that his mother is willing and able to pay the medical expenses with her salary of $80,000 per year.

Plaintiff's mother's affidavit was offered by the plaintiff after the filing of defendants' motion for summary judgment in an effort to raise a material issue of fact to defeat the motion. Plaintiff, however, cannot create a genuine issue of material fact with an affidavit which contradicts the prior deposition testimony taken under oath of the plaintiff and his mother. Barwick v. Celotex, C.A. 4th, 736 F.2d 946, 964 (1984); Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 at 448-450 (1998). This Court should therefore ignore the affidavit or strike it as sham.

It is therefore respectfully requested that the court grant third-party defendant's, SR Suntour, Inc., motion for summary judgment on plaintiff's claim for medical expenses and other related expenses incurred when plaintiff was a minor.

Respectfully submitted,

/s/  *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Third-Party Defendants, SR Suntour, Inc. and SR Suntour, USA

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 17th day of June, 2003, the foregoing Third-Party Defendant's, SR Suntour, Inc., Reply to Plaintiff's Opposition to Suntour's Motion for Summary Judgment on Plaintiff's Claim for Medical Expenses and Other Related Expenses Incurred When Plaintiff Was a Minor, was electronically filed to the following:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC, Pacific USA, Ltd.,
>and Toys "R" Us-Delaware, Inc.*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

/s/ *Edward J. Lopata*
_____
Edward J. Lopata