IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM LOCKWOOD, <br><br> Plaintiff <br><br> v. <br><br> PACIFIC USA, LTD., PACIFIC CYCLE, LLC and TOYS "R" US – DELAWARE, INC., <br><br> Defendants/Third-Party Plaintiffs <br><br> v. <br><br> SR SUNTOUR, INC. and SR SUNTOUR, USA, <br><br> Third-Party Defendants | Civil Action No. <br><br> WMN-02-CV-2068 |

**PACIFIC CYCLE'S AND TOYS "R" US' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AS UNTIMELY <u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>** [1]

Plaintiff has asked this Court to strike Pacific Cycle, LLP ("Pacific Cycle") and Toys "R" Us-Del., Inc.'s ("Toys-R-Us") Motion for Summary Judgment when no such Motion has been filed. The sole basis for Plaintiff's request to strike Defendants' "Motion for Summary Judgment" is that the Court ordered deadline for dispositive motions had passed. However, Defendants did not make a new and separate Motion for Summary Judgment. They merely requested this Court allow them to adopt Third-party defendant SR Suntour, Inc.'s timely filed Cross-Motion for Summary Judgment ("Suntour's

---

[1] Defendants do not agree with Plaintiff's characterization of Defendants' submission to this Court as a motion for summary judgment, and merely recite the title given to Plaintiff's motion to strike.

Motion for Summary Judgment"). The Plaintiff's motion to strike is directed at Defendants' response memorandum in support of Suntour's Motion for Summary Judgment. Defendants' response memorandum was timely filed on May 29, 2003, prior to the June 2, 2003 deadline for responses indicated by the Court's electronic filing notice. Defendants also requested that this Court allow them to adopt Suntour's Motion for Summary Judgment, a request that obviously cannot be made at any time before Suntour filed its motion. Therefore, Plaintiff's motion to strike Defendants' submission as "untimely" is without merit.

Plaintiff, in his Motion to Strike, points to no rule or point of law that disallows a defendant to file a responsive motion in support of a third-party defendant's motion for summary judgment. Plaintiff simply re-titles the Defendants' response memorandum as a "Motion for Summary Judgment" and asserts that it was filed beyond the deadline for dispositive motions. In fact, in his recently filed "Opposition to Defendants' Untimely Motion for Summary Judgment," Plaintiff concedes that Defendants' submission was a request to adopt Suntour's Motion for Summary Judgment that "merely repeat[s] the factual and legal arguments they made months ago in their opposition to Plaintiff's Motion for Partial Summary Judgment." See Plaintiff's Opposition Memorandum filed June 13, 2003. ("Opposition Memorandum").

Plaintiff's Opposition Memorandum proceeds to lay out the same "facts and arguments previously set forth by Plaintiff in his Memorandum in Support of his Motion for Partial Summary Judgment; in his Reply to Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment; and *in his Opposition to SR Suntour, Inc.'s Cross-Motion for Summary Judgment on Plaintiff's Complaint*," (emphasis added), thereby belying any argument that Defendants' Memorandum in Support of Suntour's Motion for Summary Judgment is an independent motion raising new facts or legal

2

arguments. The Defendants merely support Suntour's arguments that Plaintiff has failed to produce any evidence of a defect in the Bicycle that is at issue in this case and that Plaintiff may not meet his burden to prove defect simply upon the happening of the accident.

Furthermore, because Defendants' submission was not a motion for summary judgment, Plaintiff did not have leave to file the Opposition Memorandum that, by his own admission, is a cumulative recapitulation of his previous submissions to this Court. In focusing on Defendants' so-called "Motion for Summary Judgment", Plaintiff has failed in both his Motion to Strike and Opposition Memorandum to provide any legal grounds upon which this Court may either deny the Defendants' request to adopt Suntour's Motion for Summary Judgment or strike Defendants' Memorandum in Support of Suntour's Motion for Summary Judgment.

Therefore, Defendants Pacific Cycle, LLP and Toys "R" Us- Del., Inc. request this Court deny Plaintiff's Motion to Strike as Untimely Defendants' Motion for Summary Judgment and restates its request to adopt SR Suntour, Inc.'s Cross-Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
Bruce R. Parker
Federal Bar No. 00028
Michele R. Kendus
Federal Bar No. 26586
Venable, Baetjer and Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland  21201-2978
(410) 244-7400
Attorneys for Defendant
Toys "R" Us – Delaware, Inc. and
**Pacific Cycle, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June 2003, a copy of the foregoing Pacific Cycle's and Toys "R" Us' Memorandum in Opposition to Plaintiff's Motion to Strike as Untimely Defendants' Motion for Summary Judgment was sent via electronic filing as per notification to be received from the United States District Court for the District of Maryland North Division.

/s/
Michele R. Kendus