IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., <u>et al.</u>, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY OF THIRD-PARTY DEFENDANT, SR SUNTOUR, INC.
TO PLAINTIFF'S OPPOSITION TO SR SUNTOUR, INC.'S CROSS-MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S COMPLAINT**

In response to plaintiff's opposition to SR Suntour, Inc.'s cross-motion for summary judgment, SR Suntour, Inc. adopts and incorporates herein by reference defendants', Pacific Cycle and Toys "R" Us, memorandum in support of third-party defendant's cross-motion for summary judgment on plaintiff's complaint. In addition, SR Suntour, Inc. also responds to plaintiff's opposition as follows:

1.   Plaintiff continues to fail to identify any specific defect that allegedly caused the mechanical bond fit of the steer tube to the fork crown to loosen. Notwithstanding the legal principle that a plaintiff cannot rely on the mere happening of an accident to prove a defect, plaintiff continues to do so. Plaintiff's proof must be greater than speculation, conjecture or a presumption from the happening of the accident. <u>C&K Lord, Inc. v. Carter</u>, 74 Md. App. 68, 536 A.2d 699 (1988). The experts agree that the separation of the bond fit occurred prior to the date of the accident at issue here. None of the plaintiffs' experts, however, can point to any alleged defect which allegedly caused the mechanical bond fit to loosen or separate.

#347100

       2.       The plaintiff does not dispute the legal principle that the plaintiff has the burden of proof to show that a defect existed at the time of the sale which caused the product at issue to be unreasonably dangerous and to show that the product was in substantially the same condition at the time of sale as it was two years later when the alleged accident occurred.  Plaintiff, however, in his opposition to the motion asserts that the defendants and the third-party defendant failed to establish as a matter of law that the bicycle was free of defects.  It is, however, the plaintiff who must establish a defect which caused the bicycle to be unreasonably dangerous and to establish that the defect proximately caused the accident.  Here, as set forth in the pleadings and in the depositions of the plaintiff and the experts,[1] plaintiff cannot identify an alleged defect which allegedly caused the mechanical bond fit to loosen.  Plaintiff and his experts cannot muster any facts to dispute the Tanaka Affidavit.  The depositions of plaintiffs' experts, Hinton, Shubert, and Green, establish that they have no facts to dispute the Tanaka Affidavit.  Thus, Tanaka's Affidavit establishes the following which are not disputed by the plaintiff or his experts:

       A.       The SR Suntour Duo Track 7006 model fork that is the subject of this litigation was designated and manufactured using a mechanical bond fit to secure the steel steerer tube into the aluminum alloy fork crown.

       B.       It was and still is within the industry standard to design a fork using a mechanical bond fit to secure a steel steerer tube into an aluminum alloy

---

[1] To the extent that plaintiff relies on the written reports of his experts, those reports are hearsay and are not in the form of affidavits under oath and therefore are not competent evidence to be used for the purpose of defeating a motion for summary judgment.  Additionally, and more importantly, the depositions of plaintiff's experts contradict into many ways plaintiff's expert reports.

        fork crown.  This is one of multiple acceptable designs for a bicycle fork component.

    C.    SR Suntour has manufactured 8,000,000 forks using the same mechanical bond fit as that used for the SR Suntour Duo Track 7006 Model, and none have been the subject of safety recall or demonstrated a history of fork failure or fork crown/steerer tube joint separations.

The Affidavit of Mr. Tanaka is attached as Exhibit "1."

    3.    Plaintiff's assertion that the bicycle was defective because of a lack of welding or chemical bonding is totally wrong.  As testified to by plaintiff's expert, Hinton, a mechanical bond fit can be sufficiently strong that normal use and wear of a bicycle will not cause the bond to loosen but that abuse or overload could cause the bond to loosen.  Hinton deposition, Exhibit "2" at pp. 55-57.  Additionally, per the Tanaka Affidavit and the deposition testimony of plaintiff's expert, Green, a pure mechanical bond fit of the steer tube to the fork crown does not violate any bicycle standards.  Green deposition at p. 18, Exhibit "3."

    4.    Plaintiff's assertion of a defect because their was "no safety device, i.e., redundancy, or retightening device existed to prevent the steer tube from pulling out of the fork crown when the tube-to-fork crown mechanical bond become loose or worn from normal use" is also wrong.  Plaintiff's expert, Hinton, testified at deposition under oath that there were not any industry standards on whether there should be a safety device to prevent a steerer tube from pulling out of the fork crown.  Hinton depo. at 41.  Hinton also testified that all mechanical bond fits that he was aware of "are once-and-done manufactured joints" which cannot be retightened or inspected.  Hinton depo at 58-59.

3

Other industries do join dissimilar metals by a mechanical bond fit. Hinton depo. at 18. There is an acceptable bond strength estimate in dealing with aluminum and steel. Hinton depo. at 30-31, 35-36. The steer tube at issue here had ridges in it to create lands and grooves in order to increase the amount of tolerance for the mechanical bond fit and to improve the gripping strength of the joint, causing a tighter fit, making it more difficult to loosen. Hinton depo. at 36-38.

There are no industry standards, statutes, or regulations requiring a safety device to be added to prevent the steer tube from pulling out of the fork crown when the mechanical bond fit loosen. Hinton depo. at p. 41. Green depo. at 18. Absent a standard, plaintiff's expert's personal opinions that some sort of redundancy should have been built into the design to prevent the steer tube from separating from the fork crown are merely personal opinions and are not competent evidence. Plaintiff's experts' personal opinions on this matter fly in the face of common sense and the well recognized legal principle that the mere happening of an accident does not prove a product was defective and unreasonably dangerous. Per plaintiff's experts' personal opinions, the fact that an accident occurred would establish that the product was not designed properly because a redundancy should have been built into the product to avoid all accidents forever. This is absurd!

5.  Plaintiff's contention and his experts' personal opinions that the mere happening of the accident establishes a defect and that the product was unreasonably dangerous at the time of its sale is contrary to Maryland case law that manufacturerers are not required to make their products accident proof or to use the safest possible design. Holman v. Mark Industries, Inc., 610 F. Supp. 1195, 1201 (D. MD), Aff'd, 796 F.2d 473

4

(4th Cir. 1985). In the instant case, SR Suntour, Inc. manufactured and sold approximately 8,000,000 crown forks which were mechanically bond fitted without any redundancy and there were no known separations except for this claim. Forseeability is an essential element to establish liability in a products liability case. At the time of the sale of the bicycle in question, the defendants and the third party defendants had no knowledge of any prior separations when a mechanical bond fit was utilized and therefore, these parties acted reasonably in putting the product on the market.

      6.      The deposition testimony of plaintiff's expert, Hinton, establishes that the loosening of the mechanical bond fit could have occurred for two equally possible reasons and one of these reasons was an abuse of the bicycle. Hinton depo. at 56-57. Abuse of the bicycle is a logical explanation of why only this particular mechanical bond fit out of 8,000,000 is the only one which is known to have separated. However, since the plaintiff has the burden of proof to make out a prima facie case, based on the testimony of his expert, Hinton, that the mechanical bond fit may loosen due to misuse and/or abuse of the bicycle, plaintiff cannot meet his burden of proof and therefore Suntour's cross-motion for summary judgment should be granted. <u>Pennsylvania R.Co. v. Chamberlain</u>, 283 U.S. 333, 53 S.Ct. 391, 393 (1933) ("We, therefore, have a case belonging to that class of cases where proven facts give equal support to each of two inconsistent inferences; in which event, neither of them being established, judgment, as a matter of law, must go against the party upon whom rests the necessity of sustaining one of these inferences as against the other, before he is entitled to recover.")

      As previously stated, the law does not permit guess or speculation as to the cause of the loosening of the mechanical bond fit. Based on deposition testimony of

5

plaintiff's expert, Hinton, the evidence in plaintiff's case is equally balanced on the issue of whether abuse or misuse of the bicycle was the cause of the loosening so that it does not preponderate in favor of the plaintiff and therefore the plaintiff has failed to sustain his burden of proof because Hinton's testimony put the evidence in equipoise.

7.  Plaintiff's complaint that this third-party defendant has failed at this time to respond to written discovery is well noted.  Defense counsel continues with his efforts to obtain information to respond to plaintiff's discovery and he is hopeful that responses will be filed in the near future.  Notwithstanding this failure, plaintiff has the burden of proving his case against the defendants.  As set forth above, plaintiff's evidence precludes him from making out a prima facie case against the defendants.  Plaintiff did not sue the third-party defendants.  The fact of the matter is that plaintiff lacks sufficient evidence to make out a prima facie case of liability against the defendants and this failure of proof entitles the defendants to judgments.

Respectfully submitted,

/s/  *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Third-Party Defendants, SR Suntour, Inc. and SR Suntour, USA

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 30th day of June, 2003, the foregoing Reply of Third-Party Defendant, SR Suntour, Inc. to Plaintiff's Opposition to SR Suntour, Inc.'s Cross-Motion for Summary Judgment on Plaintiff's Complaint, was electronically filed to the following:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC, Pacific USA, Ltd.,*
>*and Toys "R" Us-Delaware, Inc.*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

/s/  *Edward J. Lopata*
_____
Edward J. Lopata