IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., <u>et al.</u>, | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**THIRD-PARTY DEFENDANT'S, SR SUNTOUR, INC., REPLY TO PLAINTIFF'S OPPOSITION TO SUNTOUR'S CROSS-MOTION TO PRECLUDE PROPOSED EXPERT TESTIMONY OF PLAINTIFF'S ALLEGED EXPERTS, HINTON, SCHUBERT AND GREEN**

    Plaintiff's opposition merely reiterates the deposition testimony of his alleged expert witnesses without challenging the factual issues raised in Suntour's cross-motion and Suntour's opposition to plaintiff's motion to preclude Dr. Blackwood from testifying as to his opinion that the mechanical bond fit in question loosened because of abuse/misuse of the bicycle. Plaintiff therefore concedes that there are no industry standards applicable to the mechanical bond fit and redundancy issues in question. Plaintiff merely relies on the personal opinions of his alleged experts.

    In essence, plaintiff's opposition argues that since plaintiff has three (3) alleged experts and Suntour only has Dr. Blackwood, his three alleged experts should be allowed to testify and Dr. Blackwood should not notwithstanding the fact there are no applicable industry standards, no testing was performed, and the experts rely on the case record and their personal inspections of the bicycle. None of plaintiff's alleged experts have any experience in the manufacturing of bicycles and more specifically, fork crowns. As set

forth in Suntour's opposition to plaintiff's motion to preclude Dr. Blackwood, plaintiff and his alleged experts do not know how, why, or when the mechanical bond fit in question loosen and they have no facts to refute the affidavit of Mr. Tanaka. Tanaka has knowledge and experience in the manufacturing of fork crowns. Plaintiff's alleged experts lack such knowledge and experience.

Plaintiff's declaratory statement on page 4 of his opposition that "A separation occurred in this case under normal and expected use" is not even conceded by one of his own alleged experts, Hinton. Hinton deposition at 44, 56-57. Hinton testified under oath that the separation may have occurred because of abuse or misuse (overload condition). Hinton deposition at 44, 56-57.

Plaintiff's premise that a defect is proven to exist by the mere happening of the loosening of the mechanical bond fit is contrary to the Maryland case law previously cited numerous times to the court. Plaintiff's proof to make out a prima facie case has to be more, especially in light of his alleged expert's opinion that abuse or misuse of the bicycle could have created an overload condition which loosen the mechanical bond fit.

Plaintiff's alleged expert witnesses opine based primarily on their inspection of the bicycle that the bicycle was not abused or misused. Regardless of these experts' qualifications or lack thereof, since there are no bicycle industry standards applicable to the issues presented by this case and there were no tests done on the fork crown, and none of these experts know anything about the specific fork crown in question, their opinions as to abuse or misuse of the bicycle rest primarily on their visual inspection of the bicycle. Plaintiff's alleged expert, Schubert, testified that different people will have a different threshold for what they call abuse. Schubert deposition at 80. Thus, the major

issue of whether or not the bicycle suffered abuse or misuse to loosen the mechanical bond fit of the steer tube to the fork crown depends on personal opinions of plaintiff's alleged experts and their threshold of damages to or condition of the bicycle. If the plaintiff's alleged experts are permitted to give an opinion on whether the bicycle has been abused or misused, then Suntour's expert, Dr. Blackwood, must also be permitted to give an opinion on the subject matter. Dr. Blackwood's metallurgical and materials science background, education, and experience provides an adequate body of knowledge to determine and evaluate whether the kinds of damage to the bicycle was caused by abuse or misuse as opposed to normal wear and tear of the bicycle. Likewise, if the court grants plaintiff's motion to preclude the testimony of Dr. Blackwood, the court must then also grant Suntour's motion to preclude plaintiff's alleged three experts' testimony.[1]

Respectfully submitted,

/s/  *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Third-Party Defendants, SR Suntour, Inc. and SR Suntour, USA

---

[1] Plaintiff's contention that Suntour failed to make a specific Daubert challenge is without merit. Suntour filed a cross-motion to preclude plaintiff's alleged experts. There was no need to cite Daubert when everyone understood what the issues were and the pleadings provided citations to the deposition testimony of the witnesses and arguments on why the expected testimony was unreliable and why the alleged qualifications of these witnesses were irrelevant to their personal opinions.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 1st day of July, 2003, the foregoing Third-Party Defendant's, SR Suntour, Inc., Reply to Plaintiff's Opposition to Suntour's Cross-Motion to Preclude Proposed Expert Testimony of Plaintiff's Alleged Experts, Hinton, Schubert and Green, was electronically filed to the following:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*
>
>Bruce R. Parker, Esquire
>Michele R. Kendus, Esquire
>Venable, Baetjer and Howard LLP
>Two Hopkins Plaza, Suite 1800
>Baltimore, Maryland 21201
>
>*Attorney for Pacific Cycle, LLC, Pacific USA, Ltd.,
>and Toys "R" Us-Delaware, Inc.*
>
>Kenn Brotman, Esquire
>David Rammelt, Esquire
>Kelley Drye and Warren
>333 W Wacker Drive, Suite 810
>Chicago, IL 60606
>
>*Attorney for Pacific Cycle, LLC*

/s/ *Edward J. Lopata*
_____
Edward J. Lopata