UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**SUSAN K. GAUVEY**
**U.S. MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
410) 962-4953

August 21, 2003

Paul D. Bekman, Esq.
Michael P. Smith, Esq.
Salsbury, Clements, Bekman,
 Marder & Adkins, LLC
300 West Pratt Street, Suite 450
Baltimore, MD 21201

Edward J. Lopata, Esq.
Tydings & Rosenberg, LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202

  Re: William Lockwood v. Pacific USA, Ltd., et al.
     Civil No. WMN-02-2068

Dear Counsel:

  As you are aware, the Court scheduled a mediation session in the above captioned case for August 19, 2003.  The letter order scheduling the conference provided that "[i]t is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person.  Attendance by the attorney for the party is <u>not</u> sufficient.  <u>See</u> Local Rule 607.3."  Additionally, my letter order required the parties to exchange demands and offers prior to the actual mediation.  Also, Local Rule 607.3 specifically provides: "[t]rial counsel for each party, as well as a party representative having full settlement authority, shall attend each settlement conference held by the Court.  If insurance coverage may be applicable, a representative of the insurer, having full settlement authority, shall attend."

  Further, in this case, counsel for the plaintiff wrote defense counsel on August 6, 2003, stating his expectation that appropriate representatives would be present at the mediation session.  Finally, in a letter dated August 1 to the

undersigned, defense counsel requested that SR Suntour, Inc.'s representative with settlement authority in Taipei, Taiwan be excused from attending the settlement conference in person. My assistant advised Mr. Lopata that an exception to personal attendance would not be granted.

Notwithstanding all of the above, there was no representative with full settlement authority for either SR Suntour, Inc. or the two insurance companies at the mediation. This is wholly unacceptable. Mr. Lopata had present a Mr. Murphy who is an employee of GAB Robbins, a third party claims administration firm. Mr. Murphy candidly advised the Court that he had been told to offer no money in settlement and that he had no authority to change that settlement position of his own accord, based on the mediation proceedings. Moreover, Mr. Lopata indicated he had received just on the morning of August 19 from a Mr. Jacob Chao of the GAB Robbins firm in Taiwan a communication advising that the Fubone Insurance Company would offer no monies in settlement. This situation is further complicated by the fact that SR Suntour, Inc. itself is no longer a defendant in this lawsuit but has reportedly agreed to indemnify the two defendants Pacific Cycle, LLC and Toys "R" Us. Based on this reported indemnification, prior counsel for Pacific Cycle and Toys "R" Us have stricken their appearance and Mr. Lopata has entered his appearance for them. Additionally, in response to my inquiry, Mr. Lopata indicated that while SR Suntour, Inc. has fully agreed to indemnify Pacific Cycle and Toys "R" Us, it is his understanding that the two insurance companies, which GAB Robbins represents, have not yet agreed to coverage.

It is indisputable that the defendants in this case have violated the May 16, 2003 letter order of this Court and the pertinent Local Rule. The failure of defendants to have the decision makers at the settlement conference resulted in a failure of any negotiations whatsoever to resolve the case, and demonstrated considerable disrespect for the Court and the opposing party and his attorneys. Therefore, I am finding that the defendants are jointly and severally liable to the plaintiff for the attorneys' fees of plaintiff's counsel as well as the lost wages of the plaintiff and his mother, to compensate them for their futile appearance for the mediation. Mr. Bekman reports that his usual and customary billable rate is $300 per hour; Mr. Smith, $200 per hour. Ms. Saunders took a day off from work to attend the conference for a reported loss of $700, based on her current annual salary, and Mr. Lockwood likewise took a day off from work for a reported loss of $140, based on his average earnings record as a car salesman. Accordingly, the

award for the violation of the Order and Local Rule is $1000 for attorneys' fees (2 hours per attorney) and $840 for lost wages. Defendants' conduct is inexcusable and the Court considers the award frankly light. As this Court has recognized: "[i]f this court were to fail to impose appropriate sanctions upon parties who ignore orders commanding their personal attendance at settlement conferences, it would not only be countenancing contumacious behavior but also undermining its own ability to function effectively." Reliance Nat'l Ins. Co. v. B. Von Paris & Sons, Inc., et al., 2001 WL 793306, at *1 (D.Md. Jul. 12, 2001).

　　During the mediation session, the Court advised Mr. Lopata of its intention to make such an award and the amount of such award and invited comment from him on the proposed award. Yesterday, I received a letter from Mr. Lopata questioning the lost wages asserted by Mr. Lockwood and Ms. Saunders based on prior representations of their income. Mr. Lockwood has, however, changed jobs, which appears to be the basis of the different, higher income. Similarly, Ms. Saunders' affidavit statement as to her annual salary of approximately $80,000 was for past years. Nonetheless, if counsel are unable to agree on an amount, and in light of Mr. Lopata's objection and the marked increase in both their reported income, Mr. Lockwood and Ms. Saunders shall submit an affidavit, detailing and documenting their lost wages by August 29, 2003. As to Mr. Lopata's objections to an award for two lawyers, Mr. Bekman and Mr. Smith, the Court rejects that objection. The Local Rules require trial counsel to be present. I understood that Mr. Smith had been managing the discovery and pretrial phase of the litigation. But I also understood that Mr. Bekman was trial counsel. In any event, attendance by two lawyers in this type of case is not unreasonable.

　　The Court is rescheduling the mediation for October 16, 2003, at 9:30 a.m. The Court expects a representative from each of the two insurance companies as well as a representative from SR Suntour, Inc. Each representative must have the authority to settle the case up to the latest demand amount. Mr. Lopata should advise the Court no later than October 1, 2003, the name, title and settlement authority of the representatives of the insurance companies for Suntour, Inc. and SR Suntour, Inc. Moreover, all the terms and instructions of the Court's letter order of May 16, 2003, remain in effect.

　　While the Court acknowledges that Mr. Lopata has entered his appearance on behalf of the two remaining defendants and that Ms. Kendus has terminated her appearance on behalf of those two

defendants, the Court is copying Ms. Kendus to allow her former litigation clients to be fully apprised of the position taken on their behalf and the circumstances of the award against these two companies.

   Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                        Sincerely yours,

                                             /s/

                                        Susan K. Gauvey
                                        United States Magistrate Judge

cc:   Michele R. Kendus, Esq.
      Honorable William M. Nickerson
      Court file