ATTORNEYS AT LAW

# TYDINGS & ROSENBERG LLP

100 EAST PRATT STREET
BALTIMORE MARYLAND 21202
410/752-9700
FAX 410/727-5460

WASHINGTON DC OFFICE
202/296-1642
FAX 202/828-4130

www.tydingslaw.com

EDWARD J. LOPATA
410/752-9712
elopata@tydingslaw.com

August 20, 2003

**VIA FACIMILE (410) 962-2985**

The Honorable Susan K. Gauvey
United States District Court
   for the District of Maryland
Garmatz Federal Courthouse
101 W. Lombard St.
Baltimore, Maryland 21201

      Re:    **William Lockwood v. Pacific USA, Ltd., et al.**
              **Civil Action No. WMN-02-2068**
              **Mediation Hearing of August 19, 2003**

Dear Judge Gauvey:

      With regard to Your Honor's intention to impose sanctions, I wanted to bring to Your Honor's attention the fact that the plaintiff's mother, Mrs. Saunders, filed an affidavit in this litigation advising the parties and the Court that for the years in question she had a yearly salary of approximately $80,000. There was a representation made at the mediation hearing of August 19, 2003 that based on an annual basis that Mrs. Saunders' daily wage was $700.00. I assume that the $700 was a gross wage and not a net take home wage. Assuming a normal work month of 20 days, $700 per day would amount to $168,000 per year. Attached please find a copy of Mrs. Saunders' affidavit. Mrs. Saunders is not a party to the lawsuit and was voluntarily appearing with her adult son for the mediation.

      With regard to the plaintiff, William Lockwood, there was a representation made at the mediation conference that he earned $140.00 per day which would amount to $33,600 for a yearly salary based on 240 work days per year. Again, I assume that the $140 was a gross wage and not a net take home wage. At the time Mr. Lockwood responded to interrogatories he stated under oath that he was working as a sales clerk at Best Buy at $8.00 per hour. His answer to interrogatory no. 20 is attached.

#352898

ATTORNEYS AT LAW

**TYDINGS & ROSENBERG** LLP

The Honorable Susan K. Gauvey
August 20, 2003
Page 2

      With regard to two counsel being present to represent the plaintiff, Mr. Lockwood, at the mediation, it appears that only one counsel was necessary. Since I have been involved in this litigation, attorney Michael Smith has taken the lead in representing the plaintiff.

      I apologize for not bringing this information to Your Honor's attention yesterday. Since I have had the opportunity to reflect on Your Honor's comments and rulings, I wanted to bring the above information to Your Honor's attention.

                                    Sincerely yours,

                                    Edward J. Lopata

EJL/kab
Enclosures
cc: Paul D. Bekman, Esquire (Via Facsimile)
    Michael P. Smith, Esquire (Via Facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF DIANNE SAUNDERS

I, Dianne Saunders, declare under penalty of perjury that the following is true and correct:

1. I am over the age of eighteen and am competent to testify to the following matters set forth herein which are based upon my personal knowledge.

2. I am the mother of William Lockwood, the Plaintiff in the above-captioned litigation.

3. On June 7, 1999, the date of my son's injuries stemming from the incident at issue in this case, he was a minor, age 15. From the date of the accident until May 28, 2001, he was a minor and resided with me.

4. As a result of his injuries, my son has sustained substantial medical bills for treatment that was rendered to him. Some of these charges were paid for pursuant to a policy of insurance maintained with MAMSI Health Insurance Company ("MAMSI") under which

my son was a named insured. MAMSI has, in fact, notified my son that they have asserted a subrogation interest in any monies he may receive from this lawsuit to recover for the medical expenses that they paid on his behalf while he was a minor.

5. In addition, MAMSI denied my son's request that they pay for additional dental care and treatment that he needed because of his injuries. In fact, MAMSI notified William directly as a named insured under their policy of health insurance that they were denying payment for said medical and dental care, which has amounted to tens of thousands of dollars. See correspondence from MAMSI Health Insurance to William Lockwood dated October 29, 1999, Exhibit 1. Currently, many of these charges for medical and dental care not covered by MAMSI remain outstanding.

6. As a result of MAMSI's denial of payment for these services, my son has outstanding medical bills from various dental care providers which I have been unable to pay.

7. I am a single parent with limited financial resources. I am currently employed with the Len Stoler Auto Dealership in Reisterstown, Maryland and had a yearly salary of approximately $80,000 during the years in question. I have no substantial savings account or other assets from which to pay any of my son's medical bills for care rendered to him while he was a minor.

8. I have made all reasonable efforts to try to pay to the extent of my ability for William's medical care to the degree that such care was denied to him as an insured by MAMSI. However, I do not have the financial ability to pay these costs.

9. This suit was filed on May 10, 2002 within three years of the date that my son sustained his injuries in this incident. As of that date, it was my understanding that I had the right to file a lawsuit on my own to collect for any monies that I personally expended on William's behalf as a result of this incident or I could assign my rights to him.

10. Rather than do so, I consciously decided and intended to waive and/or assign any right that I may have to sue to my son so that he could collect any damages for the medical bills and expenses he incurred. I did so in recognition of the fact that as a covered insured under the MAMSI policy, MAMSI would seek to directly assert a lien for medical expenses that they previously paid against any proceeds of his lawsuit, as well as in recognition of the fact that MAMSI had directly denied him coverage for portions of his dental care as a named insured. As a result, it was my expectation and understanding, given my financial limitations, that William would be personally responsible for the payment of those bills and could use the monies recovered, if any, from this lawsuit to pay his health care providers and health care insurer for the necessary medical treatment which was rendered to him.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the contents of the aforegoing Affidavit are true and correct.

DIANNE SAUNDERS

-3-

State of Maryland
                SS
City of Baltimore

On this 19th day of March, 2003, before me personally appeared Dianne Saunders to me known to be the person described herein, and who executed the foregoing instrument, and acknowledged that they voluntarily executed the same.

Notary Public _Sharon J. Pasternak_
My Commission Expires _____

SHARON L. PASTERNAK
Notary Public, AA Co. MD
Commission Expires: 12/01/03

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM LOCKWOOD                 *

    Plaintiff                        *

v.                               *    Civil Action No. WMN-02-CV-2068

PACIFIC USA, LTD., et al.        *

    Defendants                       *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### ANSWERS TO INTERROGATORIES

Plaintiff, William Lockwood, by his attorneys, Michael P. Smith and Salsbury, Clements, Bekman, Marder & Adkins, LLC, in answer to the Interrogatories propounded to him by the Defendant, Pacific USA, LTD and Pacific Cycle, LLC,, states as follows:

A. The information supplied in these Answers is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives and attorney, unless privileged.

B. The word usage and sentence structure is that of the attorney and does not purport to be the exact language of the executing party.

1. State your full name, any former names or aliases, address, date of birth, current employment and position, business address, present marital status, and social security number, and identify anyone assisting in answering these interrogatories or providing information used to answer these interrogatories.

**ANSWER:** William Thomas Lockwood; address: 14 Silver Fox Court, Cockeysville, MD 21030; DOB: 05/28/83; single; SSN: 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; currently a full time student at Harford



18. Please identify any other civil or criminal litigation, or other judicial, governmental, or administrative proceeding, including, but not limited to, mediation or arbitration, in which Plaintiffs have been a party, named in, or otherwise involved ( e.g. as a witness).

**ANSWER:** None.

19. Please identify with particularity any verbal or written instructions, warnings, or training received by Plaintiffs relating to the Bicycle, and any documents or other tangible things that Plaintiffs have ever read, reviewed, considered, or relied upon in connection with his use of the Bicycle, including, but not limited to, advertisements, brochures, warranties, and/or promotional or marketing manuals.

**ANSWER:** Plaintiff received the Owner's Manual. It contained no specific warnings regarding how to ride the Bicycle. Plaintiff does not recall any limitations listed in the store or in any other written materials he may have seen such as an advertisement or brochure.

20. Please state whether Plaintiffs are or have ever been employed, and if so, identify Plaintiff's employer, job title, and salary for each position held by them within the past ten years.

**ANSWER:** Plaintiff is presently employed as a sales clerk by Best Buy at $8.00 per hour; in the past he was employed by (a) The Clarion Resort in Ocean City as a bellman at $3.75; (b) First Mariner Bank as a teller at $8.25/hr; and (c) Forest Hill Lanes as a clerk at $6.00/hr.

21. Please identify and describe with particularity every written or oral statement or communication from, as well as any document issued, authored, or generated by Defendants or any other defendant in this case that relates in any way to the Incident, the Bicycle, the subject matter of this litigation, and/or the allegations in Plaintiff's Complaint.

I DO SOLEMNLY DECLARE AND AFFIRM under the penalties of perjury that the contents of the aforegoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

*[signature]*
WILLIAM LOCKWOOD

*[signature]*
PAUL D. BEKMAN
MICHAEL P. SMITH
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street
Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs