IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO SET ASIDE OR MODIFY THE
AUGUST 21, 2003 ORDER OF MAGISTRATE JUDGE SUSAN K. GAUVEY**

Plaintiff, William Lockwood, by and through his attorneys, Paul D. Bekman, Michael P. Smith, and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files this Opposition to the Defendants' Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Susan K. Gauvey.

## BACKGROUND

This product liability case relates to a Pacific Cycle USA "Strike" mountain bike (the "Bicycle") manufactured by the Defendant, Pacific Cycle, L.L.C., ("Pacific Cycle") and sold to the Plaintiff William Lockwood by Defendant, Toys "R" Us - Delaware, Inc. ("Toys "R" Us"). The Plaintiff was severely injured when, while riding the Bicycle, the fork and front wheel separated from the rest of the Bicycle. The separation occurred at the point where the steer tube was inserted into the fork crown. The fork, an SR Duo Track 7006, was manufactured by the SR Suntour, Inc.

Suit was originally filed in the Circuit Court for Baltimore City in May of 2002, against

Pacific Cycle and Toys "R" Us. Pacific Cycle timely removed the action to this Court. Several months later, in December of 2002, Pacific Cycle filed a Third Party Complaint against SR Suntour, Inc. and SR Suntour, USA (collectively "Suntour"). As a result of Suntour's needs for discovery, the Scheduling Order was amended twice (Paper Nos. 39 and 59) with the last amendment taking place on May 6, 2003, after a phone status conference days earlier (April 28, 2003).

### The Settlement Conference

On May 7, 2003, in accordance with the discussions at the status conference, the Court referred the case to Judge Gauvey for a Settlement or other ADR conference (Paper No. 60).[1] Judge Gauvey thereafter issued an order setting the settlement conference date, and ordering "that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is not sufficient. See Local Rule 607.3."[2] See May 16, 2003 Letter Order attached as Exhibit A to the Defendant's Motion (emphasis in the original). Judge Gauvey's letter order also required the Plaintiff to make a written settlement demand, the Defendants to reply with a written settlement offer, and the parties to engage in at least two additional rounds of negotiations - - all prior to the scheduled settlement conference.

---

[1] The Court had previously referred the case to Judge Bredar for a settlement conference (Paper No. 42). That conference took place on March 10, 2003, but resulted in no negotiations between the parties because of a dispute between Defendants and Suntour.

[2] Rule 607.3 provides as follows: "**Attendance at ADR Proceedings.** Trial counsel for each party, as well as a party representative having full settlement authority, shall attended each settlement conference held by the Court. If insurance coverage may be applicable, a representative of the insurer, having full settlement authority, shall attend."

>As stated on pages 1 and 2 of the August 21, 2003 Order of Judge Gauvey,
>
>>. . . counsel for the plaintiff wrote defense counsel on August 6, 2003, stating his expectation that appropriate representatives would be present at the mediation session. Finally, in a letter dated August 1 to the undersigned, defense counsel requested that SR Suntour, Inc.'s representative with settlement authority in Taipei, Taiwan be excused from attending the settlement conference in person. My assistant advised Mr. Lopata that an exception to personal attendance would not be granted.

On August 6, 2003, the Defendants voluntarily dismissed their Third Party Complaint against Suntour after those parties entered into a written indemnity/settlement agreement (Paper Nos. 73, 97 and 98). The Plaintiffs and Court were told that Suntour had agreed to defend and fully indemnify Pacific Cycle and Toys "R" Us, and the counsel for Suntour entered his appearance as counsel for the Defendants, replacing their former counsel (Paper 96).

Appearing at the Settlement Conference on August 19, 2003, were the trial counsel for the Plaintiff (Paul Bekman and Michael Smith) and the Defendants (Edward Lopata), as well as the Plaintiff, his mother Dianne Saunders, and a Mr. Murphy who was identified as an employee of GAB Robbins, a third party claims administration firm hired by Suntour. No representative of the Defendants, Pacific Cycle or Toys "R" Us, appeared; nor did a representative of their insurer, having full settlement authority, appear.

Judge Gauvey found it "indisputable that the defendants in this case have violated the May 16, 2003 letter order of this Court and the pertinent Local Rule." See August 21, 2003 Order at 2. The Defendants' failure to have decision makers present at the conference (1) "resulted in a failure of any negotiations whatsoever" and (2) "demonstrated considerable disrespect for the Court and the opposing party and his attorneys." Id. The Court found the Defendants, Pacific Cycle and Toys "R" Us, to be jointly and severally liable for attorneys fees of $1,000.00 and for

lost wages by the Plaintiff and his mother of $840.00.

The settlement conference was rescheduled for October 16, 2003, and the Court expressed its expectations regarding whom should attended.

### ARGUMENT

The Defendants have "appealed" the sanctions imposed upon them for their violation of a Court order and a Local Court Rule. They also challenge Judge Gauvey's order regarding who must attended the rescheduled settlement conference on October 16, 2003. Because Defendants have failed to demonstrate that any part of the August 21, 2003 order is clearly erroneous and contrary to law, their motion should be denied.

> **I.    The Defendants Were Appropriately Sanctioned For Their Violation of A Court Order Which Resulted in Plaintiff and His Counsel Needlessly Preparing For and Attending A Long Scheduled Settlement Conference At Which No Negotiations Occurred.**

Defendants do not deny that they violated a Court Order and Local Rule 607.3 by failing to have an officer or other representative of Pacific Cycle or Toys "R" Us, with complete authority to enter into a binding settlement, present in person at the settlement conference. Nor do they deny that they violated Rule 607.3 by failing to have a representative of their insurer, having full settlement authority, to appear in person. These failures to have decision makers present at the conference "resulted in a failure of any negotiations whatsoever" and "demonstrated considerable disrespect for the Court and the opposing party and his attorneys." See August 21, 2003 Order at 2.

Sanctions in such a case are appropriate. As aptly observed by Judge Motz in *Reliance National Insurance Co. v. B. Von Paris & Sons, Inc.*, 2001 WL 793306 (D. Md. 2001), "[i]f this

court were to fail to impose appropriate sanctions upon parties who ignore orders commanding their personal attendance at settlement conferences, it would not only be countenancing contumacious behavior but also undermining its own ability to function effectively." 2001 WL 793306, at *1. In a subsequent published opinion, Judge Motz further explained the importance of having the decision makers present in person at a mediation.

> Mediation is fair and effective only if the persons with settlement authority are present at the conference to listen to what the other parties and the mediator have to say. If they decide not to increase their offer (or reduce their demand), they must be prepared to take direct responsibility for their decision when the mediator and the other parties are so advised. Otherwise, the process of exchanging views at the conference is a meaningless exercise, and the party whose principal is absent is given a negotiating advantage over those whose principals are present.

See *Reliance National Insurance Co. v. B. Von Paris & Sons, Inc.*, 153 F. Supp 2d 808, 810 (D. Md. 2001).

Instead of admitting their violations of the Order and Rule, Defendants argue that Judge Gauvey's order should be set aside because Judge Gauvey "has in effect sanctioned" Suntour due to Suntour agreeing to indemnify Defendants. See Defendants' Memorandum at 4. The fact that Pacific Cycle and Toys "R" Us may look to Suntour to foot the bill for the sanctions does not excuse their conduct. While the Defendants may, as they claim, "have no authority, control or power over" Suntour, see Defendants' Memorandum at 4, they certainly have authority, control or power over their own officers, representatives and insurer. If Suntour and its insurers, all of whom have had notice of the suit, have actively participated in discovery, and knew of the long scheduled settlement conference, decide not to have a decision maker present at the settlement conference, then they will not be able to complain about any settlement made by the Defendants in

...

this case.[3]

In footnote 2 of the memorandum, Defendants suggest that the amount of sanctions should be reduced because Plaintiff's two trial counsel attended the conference, and because Dianne Saunders, whom the Defendants previously claimed was the only party who could recover the medical expenses in this case, also attended. Trial counsel, however, are required by Local Rule 607.3 to attend in person. Moreover, defense counsel voiced no objections at the conference when asked by Judge Gauvey to comment on her proposed sanction. See August 21, 2003 Order at 3.

Plaintiff, his mother, and his two trial counsel were the same individuals who attended the previous settlement conference on March 10, 2003. They attended both conferences with the reasonable expectation that their attendance was required and necessary to a successful negotiation. Judge Gauvey agreed. The amount of sanctions, therefore, is entirely reasonable and is not clearly erroneous.

> II. **Judge Gauvey Acted Well Within Her Power and Discretion In Advising Defense Counsel Who Is Expected To Attended the October 16, 2003 Settlement Conference.**

Regarding the rescheduled settlement conference, the August 21, 2003 order states at page 3:

> The Court is rescheduling the mediation for October 16, 2003, at 9:30 a.m. The Court expects a representative from each of the two insurance companies as well as a representative from SR Suntour, Inc. Each

---

[3] If Defendants indeed "have no authority, control or power over" Suntour, then their non appearance is even more egregious, because they cannot claim that they reasonably expected a Suntour representative or insurer with full settlement authority to appear in their place. Plaintiff's claims are against the Defendants. Plaintiff is not a party to the indemnification agreement between Defendants and Suntour.

>representative must have the authority to settle the case up to the latest demand amount. Mr. Lopata should advise the Court no later than October 1, 2003, the name, title and settlement authority of the representatives of Suntour, Inc. and SR Suntour, Inc. Moreover, all the terms and instructions of the Court's letter order of May 16, 2003, remain in effect.

The Defendants claim that Suntour is not a party and that therefore the Court cannot compel Suntour or its insurers to do anything. The Court, however, has power over both the Defendants and their insurer who are to appear in person at the October 16, 2003 conference. If the Defendants contend that the additional presence of Suntour's and its insurers' at the conference is not necessary for effective settlement negotiations and they so advise the Court and Judge Gauvey in writing, then the August 21, 2003 Order can be modified as appropriate.

If, however, Defendants claim that Suntour's and its insurers' presence is necessary for effective settlement negotiations, then their motion should be denied. The Defendants brought Suntour into this action. Two weeks before the settlement conference, Defendants voluntarily dismissed Suntour, after entering a written indemnity/settlement agreement. If they did not believe at that time that they had control over Suntour with respect to this case, then they should not have dismissed Suntour as a party.

As already noted, this Court deems decision makers' presence at a mediation to be critical to a meaningful exchange of views. See *Reliance National Insurance Co.*, 153 F. Supp 2d at 810. If Suntour and its insurers are in the Defendants' minds "decision makers," then ordering their presence, in person, at the conference is not clearly erroneous. Defendants should not be able to leave their decision makers behind and thereby obtain a negotiating advantage over Plaintiffs. Id. Judge Gauvey's order that Defendants identify the individuals with authority and that those individuals attend the conference is not clearly erroneous and should be upheld.

Finally, Defendants seem to suggest that Judge Gauvey's order implicitly requires them to settle the case at the amount of Plaintiff's demand when it states that "[e]ach representative must have the authority to settle the case up to the latest demand amount." See August 21, 2003 Order at 3.[4] This requirement must be interpreted in light of the individual whom Suntour's insurers sent to the August 19, 2003 conference.

> Mr. Lopata had present a Mr. Murphy who is an employee of GAB Robbins, a third party claims administration firm. Mr. Murphy candidly advised the Court that he had been told to offer no money in settlement and that he had no authority to change that settlement position of his own accord, based on the mediation proceedings.

See August 21, 2003 Order at 2.

By requiring that the settlement conference be attended by individuals who have settlement authority up to "the latest demand amount," Judge Gauvey is saying no more than that such individuals have complete authority to enter into a binding settlement - - which may be anywhere up to the amount of the last demand. By requiring attendance by decision makers with authority to settle within the entire spectrum, the order ensures the ability of the participants in the mediation to negotiate a fair and reasonable settlement. Accordingly, the order is not clearly erroneous, and the Defendants' motion should be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiff William Lockwood respectfully requests that this Honorable Court deny Defendants' Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Susan K. Gauvey.

---

[4] The May 16, 2003 letter order requires the parties to exchange demand and offer and to engage in two additional round of negotiations.

8

                                                                                      _____
                                                         PAUL D. BEKMAN (Fed. Bar No. 00019)
                                                         MICHAEL P. SMITH (Fed. Bar No. 03179)
                                                         SALSBURY, CLEMENTS, BEKMAN,
                                                               MARDER & ADKINS,  L.L.C.
                                                         300 W. Pratt Street, Suite 450
                                                         Baltimore, Maryland 21201
                                                         (410) 539-6633

                                                         Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of September, 2003, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Susan K. Gauvey was forwarded electronically to the following:

Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202

Attorneys for Defendant, Pacific USA, LTD
       Pacific Cycle, LLC and  Toys "R" US-Delaware, Inc.

                                                                 _____
                                                           MICHAEL P. SMITH