IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**APPEAL OF AND MOTION TO SET ASIDE OR MODIFY THE AUGUST 21, 2003 ORDER OF MAGISTRATE JUDGE SUSAN K. GAUVEY**

Defendants, Pacific Cycle, USA, Ltd. and Toys "R" Us – Delaware, by counsel, pursuant to Magistrate Judge Rule 301(5)(a), hereby move the Court to set aside or modify the August 21, 2003, order of Magistrate Judge Susan K. Gauvey imposing monetary sanctions on them, jointly and severally, of (1) $1000 in attorneys' fees as the cost of the attendance of two of plaintiff's attorneys at a mediation that occurred on August 19, 2003 and (2) $840 as the collective lost wages of plaintiff and his mother, Dianne Saunders, who is not a party to this case, for their attendance at the mediation; ordering the identification and appearance at an October 16, 2003 mediation of three non-party representatives who must travel from Taipei, Taiwan, to attend the mediation; ordering that "[e]ach representative must have the authority to settle the case up to the latest demand amount"; and ordering that undersigned counsel "should advise the Court no later than October 1, 2003, the name, title and settlement authority of the representatives" of the non-parties at issue. The sanctions were imposed on defendants notwithstanding the fact that neither of them have any authority, control, or power over the non-parties over whom Magistrate Judge Gauvey attempts to assert this Court's jurisdiction.

#353421

WHEREFORE, defendants, Pacific Cycles, USA, Ltd. and Toys "R" Us – Delaware, for the reasons set forth in the accompanying memorandum in support of this motion, pray that this Court set aside or modify the August 21, 2003 order of Magistrate Judge Gauvey.

*/s/ Edward J. Lopata*
Edward J. Lopata
Bar No.: 02958
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

Attorneys for Pacific Cycle, USA, Ltd.
and Toys "R" Us-Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., et al.,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION
TO SET ASIDE OR MODIFY AUGUST 21, 2003 ORDER**

Defendants hereby submit this memorandum in support of their motion to set aside or modify the August 21, 2003, order of Magistrate Judge Gauvey.

**FACTS**

This is a products liability action. It involves allegations that a bicycle's suspension fork assembly was defectively designed or manufactured. The suspension fork assembly was the component product of SR Suntour, Inc. The bicycle on which the assembly was incorporated was sold as a Pacific Cycle bicycle. The product underwent final assembly and sale at a Toys "R" Us store.

During the course of litigation, third-party claims for indemnification and contribution were asserted by defendants against SR Suntour, Inc. and SR Suntour, USA. SR Suntour, Inc. is a Taiwanese corporation located in Taipei. Based on the insufficiency of service of process on it and resultant lack of personal jurisdiction over it, SR Suntour, Inc. filed a motion to dismiss the third-party complaint. Also during the course of litigation, negotiations commenced between counsel for SR Suntour, Inc. and SR Suntour, USA and counsel for defendants on the issue of whether SR Suntour, Inc. and its insurers would agree to provide a defense for and indemnify defendants. As

a result of these negotiations, SR Suntour, Inc., and SR Suntour, Inc., only, agreed to provide a defense for and indemnification of defendants Pacific Cycle and Toys "R" Us. SR Suntour, Inc.'s insurers, Fubon Insurance Co., Ltd. and Ming Tai Fire and Marine Insurance Co., Ltd., have not agreed to provide a defense for or to indemnify the defendants. Both insurance companies, and their employees for purposes of this case, are located in Taiwan. After the agreement was reached, the parties further agreed to dismiss without prejudice the third-party complaint. As a consequence, SR Suntour, Inc.'s motion to dismiss was never decided on the merits. SR Suntour, Inc. was, however, dismissed from the case on August 6, 2003. It is not currently a party to the case and thus was not a party at the time of the mediation that is the subject of this motion.

Magistrate Judge Susan K. Gauvey was assigned to conduct a mediation session in this case. On May 16, 2003 she entered an order that required, among other things, the attendance "of the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement. . . ." See May 16, 2003 letter order attached as Exhibit A. The order did not require the attendance of the adult plaintiff's mother, Dianne Saunders, or of non-parties such as SR Suntour, Inc., or its insurance carriers. The order also noted that attendance by an attorney was not sufficient. Id. The order cited Local Rule 607.3 for this proposition only.

A mediation was conducted by Magistrate Judge Gauvey on August 19, 2003. Undersigned counsel was present with Robert Murphy of GAB Robins. GAB Robins is a claims adjustment company hired by SR Suntour, Inc.'s insurance carriers to represent SR Suntour, Inc.'s interests in this litigation. Prior to the identification of Mr. Murphy, efforts were made to excuse the attendance of Mr. Jacob Chao, a representative of GAB Robins, Taiwan, with whom undersigned counsel had communicated prior to the mediation about settlement. The request was denied by Magistrate Judge Gauvey. Prior to the mediation, Magistrate Judge Gauvey's chambers was advised that Mr. Murphy would attend the mediation. Plaintiff, who is an adult, was also present at the mediation, along with

two of his counsel. Plaintiff's mother, who is not a party to the case, was also present. At the mediation, undersigned counsel advised Magistrate Judge Gauvey that SR Suntour, Inc., and its insurers, would not offer any money to settle and were prepared to try the case.

Based on the failure to have persons from Taiwan present with "settlement authority," Magistrate Judge Gauvey on August 21, 2003, entered an order imposing monetary sanctions on defendants, jointly and severally, of (1) $1000 in attorneys' fees as the cost of the attendance of two of plaintiff's attorneys at a settlement conference that occurred on August 19, 2003 and (2) $840 as the collective lost wages of plaintiff and his mother, Dianne Saunders; requiring the appearance at an October 16, 2003 mediation of the non-party representatives of SR Suntour, Inc. and its two insurers all of whom must travel from Taipei, Taiwan; requiring that "[e]ach representative must have the authority to settle the case up to the latest demand amount"; and ordering that undersigned counsel "should advise the Court no later than October 1, 2003, the name, title and settlement authority of the representatives" of the non-parties at issue. The sanctions were imposed on defendants notwithstanding the fact that neither of them have any authority, control or power over the non-parties who were and are in Taiwan.

**ARGUMENT**

A District Judge may "reconsider, modify, or set aside any portion of [a] Magistrate Judge's order found to be clearly erroneous or contrary to law." Mag. J. Rule 301(5)(a). An objection to such an order must be served and filed within ten days of the entry of the order. Id.

The authority of a judge is not unlimited in her efforts to achieve voluntary settlement of cases at mediation. After all, "[t]he function of courts is to provide litigants with an opportunity to air their differences at an impartial trial according to law." Wolff v. Laverne, Inc., 233 N.Y.S.2d 555, 557 (Sup. Ct. N.Y. 1962). Although the significance of court dockets in the context of brokering settlements is understandable, they "should not serve as a lever to exert undue influence on litigants

#353421                                3

to oblige them to settle their controversies without their day in court.  The objective should be a settlement voluntarily reached by mutual consent and not forced on a party to his or his attorney's detriment."  Id.  In other words, a judge "must not compel agreement by arbitrary use of his power and the attorney must not meekly submit to a judge's suggestion, though it be strongly urged."  Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985) (citing Brooks v. Great Atlantic & Pacific Tea Co., 92 F.2d 794, 796 (9th Cir. 1937)).

Although her August 21, 2003, order is directed at defendants, Magistrate Judge Gauvey has in effect sanctioned SR Suntour, Inc., the only entity who has agreed to indemnify the defendants, for violation of the May 16 order requiring the attendance of the parties or their representatives.  However, SR Suntour, Inc. was clearly not a party over whom this Court had jurisdiction at the time of the mediation.  In the absence of valid service on SR Suntour, Inc. under Federal Rule of Civil Procedure 4, this Court never had personal jurisdiction over it for any purpose.  See J.O. Alvarez, Inc. v. Rainbow Textiles, Inc., 168 F.R.D. 392, 394 (S.D. Tex. 1996) (citing Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991); Navieros Inter-Americanos, S.A., Inc. v. M/V "Vasilia Express", 930 F.Supp. 669, 708 (D. Puerto Rico 1996), affirmed in part, vacated on other grounds in part, 120 F.3d 304.  Having no jurisdiction over SR Suntour, Inc., the Court lacked jurisdiction over its insurers.  In addition to the lack of jurisdiction of the Court over SR Suntour, Inc. and its insurers, it must be remembered that SR Suntour, Inc. was not a party to the case at the time of the mediation, since it was dismissed on August 6, 2003.

Because this Court lacks personal jurisdiction over SR Suntour, Inc. (and its insurers) and because SR Suntour, Inc. was not a party at the time of the mediation, the imposition of sanctions against SR Suntour, Inc. through the defendants is clearly erroneous and contrary to law.  This conclusion is supported by the fact that, although SR Suntour, Inc. has agreed to defend and to indemnify them, defendants have no authority, control or power over SR Suntour, Inc. to compel it to

settle the claim or to have a representative present at a mediation.  Under these circumstances, it was unfair to impose sanctions on defendants, especially when a GAB Robins representative was in attendance at the mediation to advise Magistrate Judge Gauvey that no money would then be paid and that counsel had the authority to take the case to trial.  The decision conveyed to Magistrate Judge Gauvey that there was authority to try the case does not support the imposition of sanctions for the violation of Local Rule 607.3 or the May 16, 2004 order.[1]

Magistrate Judge Gauvey's sanctions include requiring that for purposes of the October 16, 2003 mediation "each representative must have authority to settle the case up to the latest demand amount" and that undersigned counsel must advise Magistrate Judge Gauvey no later than October 1, 2003, of the settlement authority of the representatives of SR Suntour, Inc. and each of its insurers.  Plaintiff's demand remains at $675,000 to settle this claim.  The requirement that each representative must have authority up to $675,000 appears to be an arbitrary use of the Court's power in order to induce settlement in that it appears to require an agreement to settle at a particular amount established by a settlement demand made by plaintiff.  To have to comply with these requirements would impermissibly and effectively remove from counsel the ability to negotiate a fair and reasonable settlement.  These sanctions are also clearly erroneous and contrary to law.[2]

## CONCLUSION

For all of the foregoing reasons, defendants request that this Court set aside or modify the August 21, 2003 order of Magistrate Judge Gauvey imposing sanctions on defendants relating to the August 19, 2003 mediation.  It is also respectfully requested that the Court vacate the requirement that the Taiwan entities identify individuals with settlement authority up to plaintiff's

---

[1] In any event, it would be unfair and unduly expensive to require the personal attendance at the October 16 mediation of a representative of SR Suntour, Inc. and each of its insurers.

[2] The portion of the monetary sanctions ($700) attributable to the adult plaintiff's mother, Dianne Saunders, is also improper because Mrs. Saunders is not a "party" who was required by the May 16 order to attend the mediation.  Rather, she appeared voluntarily.  Plaintiff was also accompanied by two of his counsel.  Plaintiff is an adult with a

demand and that those individuals must attend the mediation on October 16, 2003.

                                        Respectfully submitted,

/S/  *Edward J. Lopata*
_____
Edward J. Lopata
Bar No.: 02958
Scott A. Thomas
Bar No.:  11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Pacific Cycle, USA, Ltd.
and Toys "R" Us-Delaware

---

responsible job who is able to make decisions independent of his mother and upon the advise of his experienced legal counsel.

#353421                                  6

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 29th day of August, 2003, a copy of the foregoing Motion and Memorandum of Points and Authorities in Support of Motion were electronically filed and transmitted to the following individuals:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*

>/s/ *Edward J. Lopata*
>Edward J. Lopata
>Bar No.:  02958
>Tydings & Rosenberg LLP
>100 E. Pratt Street, 26th Floor
>Baltimore, Maryland 21202
>(410) 752-9700
>
>Attorneys for Pacific Cycle, USA, Ltd.
>and Toys "R" Us-Delaware

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| Plaintiff | * | |
| v. | * | **Civil Action No. WMN-02-2068** |
| **PACIFIC USA, LTD., et al.,** | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of Defendant's Appeal of and Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Judge Susan K. Gauvey, it is hereby on this _____ day of _____, 2003:

ORDERED that the Motion be, and hereby is, GRANTED; it is further

ORDERED that the Order of Magistrate Judge Gauvey of August 21, 2003 be, and hereby is, VACATED.

_____
William M. Nickerson, Judge

cc: Paul D. Bekman, Esquire
    Michael P. Smith, Esquire
    Edward J. Lopata, Esquire