IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION TO SET ASIDE OR MODIFY THE AUGUST 21, 2003 ORDER
OF MAGISTRATE JUDGE SUSAN K. GAUVEY**

Defendants, Pacific Cycle, USA, Ltd. and Toys "R" Us – Delaware, Inc., by counsel, hereby reply to Plaintiff's Opposition to Defendants' Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Judge Susan K. Gauvey, and state the following:

1.    In arguing that defendants were properly sanctioned, plaintiff's opposition ignores the practical reality that the defendants have entered into an agreement with SR Suntour, Inc. under which SR Suntour, Inc. agreed to provide a defense for and indemnification of defendants for purposes of this case. Based on this agreement, the only realistic and logical conclusion is that neither defendants nor their insurers, if any, will offer to pay any of their money to settle this claim. Notwithstanding this fact, there were two persons present with settlement authority – Robert Murphy, an insurance adjuster of GAB Robins and agent of SR Suntour, Inc., appearing on behalf of defendants, and undersigned counsel, who was representing defendants pursuant to the indemnity agreement. Under these circumstances, it would not have mattered whether defendants had an employee at the mediation. Mr. Murphy and undersigned counsel had all the settlement authority that was available to defendants for purposes of the mediation – that no money was then to be

#355683

offered and that the case should be tried. That Magistrate Judge Gauvey was not pleased with who in particular was present and that no money was to be offered does not support the imposition of any sanctions against defendants in this case.[1]

2.  Plaintiff's opposition does not squarely address the issue raised by defendants concerning the requirement that defendants no later than October 1, 2003 disclose, among other things, the settlement authority available through SR Suntour, Inc. and its two insurers. However, this requirement ignores the fact that SR Suntour, Inc. and its insurers have not authorized settlement of the case through the payment of any money and that the Court lacks jurisdiction over SR Suntour, Inc., and by derivation its insurers, because SR Suntour, Inc. has been dismissed from the case. Thus, Magistrate Judge Gauvey lacks authority to require SR Suntour, Inc. or its insurers to make the required disclosures. In addition, it is patently clear that defendants and their counsel have no control, power or authority over SR Suntour, Inc.'s insurers who have not agreed to indemnify and/or to defend the defendants.

3.  Due to the lack of jurisdiction, Magistrate Judge Gauvey also lacks the authority to require the appearance at the October 16, 2003 mediation of representatives of SR Suntour, Inc. or its insurers. Moreover, it is extremely impractical to require the personal appearance at the mediation of three individuals who must travel to Baltimore from Taiwan at great expense and inconvenience to their employers. Precedent abounds in this Court for the provision of settlement negotiation and authority through counsel representing the defendants. There is no evidence or indication that plaintiff will be prejudiced if negotiations are conducted in this manner.

4.  In his opposition, plaintiff claims that the sanction requiring payment of $700 to Ms. Saunders is appropriate because defense counsel made no objection at the mediation to the proposed

---

[1] Defendants reiterate that this Court lacks jurisdiction over their indemnitor, SR Suntour, Inc., because it has been dismissed from the case. Therefore, the sanctions imposed because no employees from SR Suntour, Inc. and its insurers were present are improper and insupportable.

#353421                                             2

sanction. The record should reflect that a request was made that Ms. Saunders be permitted to attend the initial mediation before Magistrate Judge Bredar, and defense counsel had no objection. No such request was made as to the mediation before Magistrate Judge Gauvey. Had such a request been made, defense counsel would not have objected to Ms. Saunders's <u>voluntary</u> appearance. However, none of this impacts on the operative fact that Ms. Saunders was not <u>required</u> to be present under any order or court rule because she is not a party to this case. Defendants should not be punished for not objecting and/or consenting to Ms. Saunders' presence. Moreover, defense counsel's silence on Judge Gauvey's announcement that she would impose sanctions should not be construed as an acquiescence in this or any other sanction, and does not operate as a waiver of the right to seek to have the sanction set aside. Once Magistrate Judge Gauvey expressed her intention of imposing this particular sanction there was nothing defense counsel could do. Pursuant to the rules of court, defendants are now properly exercising their right to make the appropriate objections to the sanctions and seek to have them set aside.

5. For these reasons, Defendants' motion should be granted and all sanctions set aside and the requirement of having three (3) individuals come from Taiwan be vacated.

/s/ Edward J. Lopata
Edward J. Lopata
Bar No.: 02958
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

Attorneys for Pacific Cycle, USA, Ltd.
and Toys "R" Us-Delaware

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of September, 2003, a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Motion to Set Aside or Modify the August 21, 2003 Order of Magistrate Judge Susan K. Gauvey was electronically filed and transmitted to the following individuals:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*

>/s/ Edward J. Lopata
>Edward J. Lopata
>Bar No.: 02958
>Tydings & Rosenberg LLP
>100 E. Pratt Street, 26th Floor
>Baltimore, Maryland 21202
>(410) 752-9700
>
>Attorneys for Pacific Cycle, USA, Ltd.
>and Toys "R" Us-Delaware

#355683