IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM LOCKWOOD                   :
                                   :
v.                                 :   Civil No. WMN-02-2068
                                   :
PACIFIC USA, LTD., et al.          :
                                   :

**MEMORANDUM AND ORDER**

Before the Court are Defendants' objections to Magistrate Judge Susan Gauvey's August 21, 2003 Order sanctioning Defendants for their conduct at a settlement conference held on August 19, 2003.  Defendants' Motion to Set Aside or Modify the August 21, 2003 Order, Paper No. 105, is fully briefed and ripe for decision.  For the reasons that follow, the Order will be affirmed in part and modified in part.

A Magistrate Judge's pretrial order is reviewed by this Court under a "clearly erroneous" standard.  See Church of Scientology Intern. v. Daniels, 992 F.2d 1329, 1335 (4th Cir. 1993); 28 U.S.C. § 636 (b)(1)(A).  In the order at issue, Judge Gauvey took Defendants to task for failing to abide by Local Rule 607.3's requirement that "[t]rial counsel for each party, as well as a party representative having full settlement authority, shall attend each settlement conference held by the Court.  If insurance coverage may be applicable, a

1

representative of the insurer, having full settlement authority, shall attend." In Judge Gauvey's view, the Defendants sending an employee of a claims administration firm with no authority to offer any money in settlement violated both the local rule and her express instructions. Furthermore, it resulted in a complete failure of any productive settlement discussions at the conference on August 19th. To remedy this transgression, Judge Gauvey ordered that Defendants: (1) pay Plaintiff's attorneys' fees and the lost wages of Plaintiff and his mother for attendance at the conference; (2) advise the Court as of October 1, 2003, of the name, title and settlement authority of the representatives of the insurance companies for Suntour, Inc. and SR Suntour, Inc.; and (3) reconvene for a mediation on October 16, 2003, with the insurance companies' representatives and SR Suntour, Inc.'s representative present with authority to settle the case up to the latest demand amount.

As a preliminary matter, the Court does not find that Judge Gauvey's imposition of attorneys' fees and lost wages as a sanction was clearly erroneous. Through their conduct, Defendants clearly wasted the time of everyone involved at the August 19th conference and it was certainly within Judge Gauvey's discretion to sanction them. The Court further finds

that Judge Gauvey's determination that Plaintiff's mother, who had attended at least one prior settlement conference, be included in the lost wages calculation was likewise not clearly erroneous.

Evaluating Judge Gauvey's ruling as to third party representatives is slightly more complex.  On the one hand, Defendants' twin arguments, that Suntour has agreed to indemnify them and that they have no control over Suntour, cannot simultaneously be asserted to remove all persons with settlement authority from the Court's jurisdiction.  On the other hand, the Court cannot compel the attendance of a party over whom it has no personal jurisdiction.  The Court believes that Judge Gauvey's order should be read as springing from the language of Local Rule 607.  Defendants, having consented to ADR proceedings before a magistrate judge, must produce representatives with full settlement authority (although not necessarily authority to settle the case for up to $675,000) to attend all proceedings subsequently ordered by the court.  Failure to do so should rightfully result in sanctions, and it is up to Defendants to decide from whose pockets the penalties will flow.  Defendants may be correct that this Court lacks personal jurisdiction to compel Suntour, Inc. to attend a proceeding at this stage of the litigation, but they cannot

complain if further sanctions are awarded should they attend the October 16th conference with no one present with authority to settle the case.

The Court believes that Judge Gauvey's remaining instruction, concerning the degree of settlement authority that each representative must have, should be read in a similar light.  While it is doubtlessly true that the Court cannot require an agreement to settle at a specific amount, the parties should make a good faith effort to attend court ordered ADR proceedings with both a desire and ability to settle.  Defendants should approach the next proceeding before Judge Gauvey with this principle in mind if they hope to avoid further sanctions from the Court.  If, however, Defendants find themselves unable to approach the October 16th proceeding in a radically different posture than that with which they approached the August 19th conference, then they should contact Judge Gauvey well in advance and ask that the proceedings be canceled for the benefit of everyone involved.

Accordingly, IT IS this 1st day of October, 2003, hereby ORDERED:

1.  That the Defendants' Motion to Set Aside or Modify the August 21, 2003 Order is denied in part and granted in part as explained above; and

     2.   That the Clerk of the Court shall transmit copies of this Memorandum and Order to all counsel of record.


                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
Dated: October 1, 2003