## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM LOCKWOOD.         *

      Plaintiff            *

v.                          *

PACIFIC CYCLE, LLC and     *     Civil Action No: WMN-02-CV-2068
TOYS " R" US-
DELAWARE, INC.           *

      Defendants      *

      *    *    *    *    *    *    *    *    *    *

### PRE-TRIAL ORDER

      This Pretrial Order is Submitted this 27th day of October, 2003, pursuant to Local Rule

106, before the United States District Court for the District of Maryland, relating to the conduct

of the trial of this case at which time the following agreements, stipulations and admissions were

entered into between the parties:

### I.     BRIEF STATEMENT OF FACTS THAT PLAINTIFFS PROPOSE TO PROVE IN SUPPORT OF THEIR CLAIM

      This is a product liability case concerning a Pacific Cycle USA "Strike" mountain bike

(the "Bicycle") which was manufactured by the Defendant, Pacific Cycle, L.L.C., ("Pacific

Cycle") and sold by Defendant, Toys "R" Us - Delaware, Inc. ("Toys "R" Us") to the Plaintiff,

William Lockwood, in May of 1997.  William was severely injured when, while riding his

bicycle on June 7, 1999, the fork and front wheel separated from the rest of the Bicycle and he

fell forward onto his face.  Plaintiff asserts claims for negligence, strict liability, and breach of

warranties, express and implied that the bicycle was merchantable, fit for its intended purpose

and safe for normal use.

William, received the Bicycle as a birthday gift from his mother for his 14th birthday.  At the time of purchase, he received an Owner's Manual containing several express warranties against faulty and defective materials.  Over the next two years, he used the Bicycle as reasonably expected.  He did not abuse the Bicycle in any way; nor was the Bicycle altered in any way, other than routine and expected maintenance.

While William and a friend, Jesse Wolcott, were riding their respective bicycles on June 7, 1999, the steer tube separated from the fork crown in William's Bicycle.  When that occurred, he fell forward and down onto the roadway - face first.

The separation occurred because the front fork of the Bicycle was defective.  Bicycles generally are designed so that a steer tube does not separate from the fork crown.  The steer tube is a single point failure mode.  If it breaks or separates from the fork, the rider of the bicycle crashes. The steer tube of the Bicycle was not adequately secured to the fork crown.  It was not welded into place.  It was not chemically bonded.  Nor was any other device used to prevent the steer tube from pulling out from the fork crown, if the sole method of bonding was a pressure fit.  Furthermore, the ultimate separation of the steer tube from the fork crown in this case was not due to abuse or rider error; rather the separation was due to defects in the manufacturing and design of the Bicycle.

As a result of the separation, the Plaintiff, whose life expectancy is another 58 years, sustained painful and permanent injuries to his head, face body and limbs.  He was diagnosed with bilateral LeFort facial fractures as well as a complex mandibular symphyseal fractures with cortical bone loss and the loss of teeth nos. 8, 9, 22 - 27 (his upper and lower jaws were fractured, teeth broken or lost).  His tongue was also sliced, and his nose was broken. He has

2

undergone 15 surgical procedures for these injuries, and he is reasonably expected to need additional surgeries in the future. The Plaintiff claims damages for past and future medical expenses, lost wages, pain and suffering, inconvenience, agony, permanency and other damages.

## II.    BRIEF STATEMENT OF FACTS THAT DEFENDANTS PROPOSE TO PROVE IN DEFENSE ON THE CLAIMS

This products liability case arises out of an accident that occurred on June 7, 1999, when Plaintiff was riding a bicycle known as the Pacific Cycle "Strike" mountain bike ("the Bicycle"). Plaintiff alleges that the fork and front wheel separated, causing the accident. The fork component was manufactured and designed by SR Suntour, Inc. ("Suntour"). Neither Pacific Cycle, LLC ("Pacific Cycle") nor Toys "R" Us - Delaware, Inc. ("Toys "R" Us") manufactured the Bicycle, which was manufactured in China by the China Bicycles Company, Ltd. Pacific Cycle commissioned the manufacture of the Bicycle to fill an order for Toys "R" Us. The China Bicycles Company then ordered the component parts from various manufacturers, including SR Suntour, Inc., and assembled the bicycle to ship to Toys "R" Us. The plaintiff bought the bicycle sometime in May, 1997, some two years prior to the accident.

The fork component of the Bicycle was not defectively designed. Suntour designed the fork to use a mechanical fit to join the steel steerer tube to the aluminum alloy fork crown. At the time the fork was manufactured it was, and it still is, within industry standard to design a fork using a mechanical fit to join a steel steerer tube to an aluminum alloy fork crown. The fork component at issue has not been the subject of safety recalls, nor has it displayed a history of fork failures or fork crown/steerer tube joint separations.

During the two years prior to the accident, Plaintiff rode the bicycle, frequently

3

performing a bicycle jumping stunt known as a "bunny hop", and was attempting such a stunt at the time of the accident.  Additionally, the bike had fallen to the ground on numerous occasions because of the broken kickstand.  On August 29, 1998, a little over a year after Plaintiff bought the Bicycle, he took it to a bicycle shop ("Bike Time") for certain work and repairs.   At that time, Bike Time replaced two tires, a wheel spoke rim, two sets of brakes, a seat, a kickstand, and a water-bottle holder.  The seat, cup holder, and kickstand were all replaced because they had been broken or were worn.  Plaintiff or his mother also notified Bike Time at the time repairs were done that the handlebars of the Bicycle "wiggled".  The total cost of repairs made to the bicycle at Bike Time were nearly equivalent to the initial purchase price of the Bicycle.  In addition, about three months prior to the accident, the plaintiff replaced the pedals on the Bicycle.

The Pacific Cycle Owner's manual that accompanied the Bicycle specifically warns that the Bicycle was designed for general transportation and recreational use, and was not designed to withstand abuse associated with stunting or jumping.  The steerer tube separated from the fork crown because it was damaged by Plaintiff's misuse and/or abuse of the Bicycle during the two years that he used it prior to the accident.

### III.    AMENDMENTS TO PLEADINGS

None

### IV.    ANY ISSUE IN THE PLEADINGS THAT IS TO BE ABANDONED

Plaintiff:    None.

Defendants:   None

### V.    STIPULATION OF FACT AND REQUEST FOR ADMISSIONS

1.     The Plaintiff requests that the Defendants stipulate that the following medical expenses were incurred as a result of the occurrence of June 7, 1999, were necessitated as a result thereof, and were fair and reasonable charges for the same or similar services; and that the medical records listed on Plaintiff's Exhibit List, attached hereto, are authentic, genuine, and are otherwise admissible at trial:

Expenses:

| | |
|---|---|
| JOHNS HOPKINS BAYVIEW MEDICAL CENTER | $49,202.30 |
| JOHNS HOPKINS BAYVIEW PHYSICIANS | 20,843.00 |
| NEIGHBORCARE HOME MEDICAL | 1,162.48 |
| HOMECALL, INC. | 2,692.00 |
| TIMOTHY CARRION, D.D.S., P.A. | 155.00 |
| MICHAEL K. SCHWARTZ, D.D.S. | 10,590.00 |
| MICHAEL LINMAN, D.D.S. | 10,705.00 |
| LABCORP | 23.25 |
| RICHARD A. BOMBACH, M.D. | 617.23 |
| GBMC | 1,874.02 |
| GREATER BALTIMORE PATHOLOGY ASSOC | 30.00 |
| PHYSICIANS ANESTHESIA | 960.00 |
| PROFESSIONAL VISION OF BELAIR | 40.00 |
| THE BELL VOLUNTEER FIRE COMPANY | 731.60 |
| ENDODONTICS, P.A./CHARLES MANN, DMD | 893.00 |
| GIANT - PRESCRIPTIONS | 370.00 |

| | |
|---|---|
| RITE AID - PRESCRIPTIONS | 238.36 |
| NEIGHBORCARE AT GBMC | 27.84 |
| COHEN'S - REPLACEMENT SHOES | 94.45 |
| **TOTAL MEDICAL BILLS:** | **$ 101,204.53** |

2.       Defendants do not stipulate that the expenses listed in plaintiff's request for stipulation were incurred as a result of the occurrence of June 7, 1999, were necessitated as a result thereof, or were fair and reasonable charges for the same or similar services.  Defendants will stipulate that the documents attached on Plaintiff's Exhibit List are authentic and genuine, provided that each is accompanied by a signed certification of the Custodian of Records attesting to the same.  The Defendants do not otherwise stipulate to the admissibility of the documents at trial.

Defendants request a stipulation that the Bike Time records and/or invoices are admissible in evidence at trial.

## VI.    DAMAGES CLAIMED

William sustained bilateral LeFort facial fractures as well as a complex mandibular symphyseal fractures with cortical bone loss and the loss of teeth nos. 8, 9, 22 - 27 (his upper and lower jaws were fractured, teeth broken or lost).  His tongue was also sliced, and his nose was broken. He has undergone 15 surgical procedures for these injuries, and he is reasonably expected to need additional surgeries in the future.

His family purchased a hospital bed and suctioning device for their home, and except for medical appointments, William remained home and confined to bed for months.  He lost one-third of his weight, 60 pounds, while his jaw was wired shut for **two** months and he sipped

fortified milk shakes through a straw.  A physical therapist visited the home three times a week to help William learn to walk again due to his loss of full muscle function in his legs.

William has permanent nerve damage on the front lower right part of his lip that extends down to the bottom of his jaw and has no sense of feeling in this area.  He has scars on the inside of his mouth.  He experiences jaw pain daily.  Several times a month, without any warning, he has TMJ pain, lasting 15 to 20 minutes.  While experiencing this pain, he has difficulty swallowing, chewing or talking.  He suffers from "random" headaches.  His ribs, lower back, right shoulder, right elbow and knee ache as well.  He understands that he will experience the miscellaneous head pains for the rest of his life, another **55.7** years according to the life tables.

During his recovery when he was confined to his house, he received in-home class instruction.  He lost all of his friends, however, and when he was finally able to return to high school, his face was still swollen from his surgeries, and his front teeth, top and bottom, were missing.  He felt humiliated and had difficulty making new friends.

Because of his reconstructive injuries, William can no longer engage in any activities which may result in any trauma to his face.  Most contact sports, therefore, are out of the picture.  Moreover, because of a fear of another facial type injury, William no longer rides a bicycle or a skateboard, and he no longer roller blades or ice skates.

Accordingly, the Plaintiff claims the following damages:

|   |   |   |
|---|---|---|
| a. | Past Medical and other expenses: | $101,281.00 |
| b. | Future medical expenses: | $40,000.00 |
| c. | Lost wages: | $5,000.00 |
| d. | Future lost wages: | To be determined |

    d.   <u>Physical and emotional pain and suffering</u> to be determined by the jury.

    e.   <u>Permanent partial disability</u> to be determined by the jury.

    f.   Plaintiff reserves the right to update his medical expenses and lost wage claim as of the date of trial.

Defendants contend that plaintiff has failed to provide factual information to support his claim for necessaries and/or to establish that he is the real party in interest to recover for necessaries paid by others.

## VII.   DOCUMENTS, RECORDS AND EXHIBITS<br>       <u>TO BE OFFERED INTO EVIDENCE</u>

A.    The Plaintiff intends to introduce the documents on the Plaintiff's Exhibit List, attached hereto, as well as demonstrative exhibits.

B.    The Defendant intends to introduce the following:

The Defendants intend to introduce any and all documents produced in discovery by any party, including but not limited to the following documents:

1. The Pacific Cycle Owner's Manual (s)

2. The Pacific Cycle Strike CVC '96 26" M G/S Strike specification sheet

3. The C.V. of Defendants' experts

4. Digital photographs of the Bicycle taken by Defendants' expert, David Mitchell

5. August 29, 1998 Invoice from Biketime/Snowtime

6. Photos of bicycle

7. Medical records/statements reflecting actual payments for medical services provided and adjustment made to medical bills and amount accepted as payments in full of medical care

providers.

8.  MAMSI Life & Health Insurance Company Records and Explanation of Benefits

9.  All affidavits of Plaintiff and Dianne Saunders

10. Demonstrative exhibits

**WITNESSES**

Plaintiff:

a.  William Lockwood, 14 Silver Fox Court, Cockeysville, MD 21030

b.  Diane Saunders, 14 Silver Fox Court, Cockeysville, MD 21030

c.  Jessie Wolcott, 2042 Brandy Drive, Forest Hill, Maryland 21050

Defendant:

a.  Anita Van Amber

b.  Jessie Wolcott, 2042 Brandy Drive, Forest Hill, Maryland 21050

c.  Diane Saunders, 14 Silver Fox Court, Cockeysville, MD 21030

d.  Gina Brooke, Biketime/Showtime Owner, or representative thereof

e.  Naoji Tanaka, SR Suntour, Inc. Taiwan

**IX.   NAMES AND SPECIALTIES OF EXPERT WITNESSES**

Plaintiffs Experts:

1.   Mr. James M. Green, P.E., DEE, G.E. Engineering, Inc., 120 Kalmia Drive,

     Asheville, North Carolina 28804. Professional Engineer, specializing in bicycle

     design, construction and operation.

2.   Robert W. Hinton, Ph.D., R.W. Hinton Associates, Metallurgical Consultants,

     5436 Spring Drive, Center Valley, Pa. 18034.  Specialist in Metallurgical

Engineering, Specifications, Failure Analysis and Corrosion Solutions.

3.      John D. Schubert, 5996 Beverly Hills Road, Coopersburg, PA 18036-2603.

        Specialist in Bicycle Safety, Bicycle Design & Technology, and Bicycle Industry

        Business Practice.

4.      Plaintiff reserves the right to call as experts, all health care providers who have

        treated or examined William Lockwood  at any time, including but not limited to

        the following:

        (a)   Michele Shermak, M.D., Johns Hopkins Bayview Medical Center, Division

              of Plastic and Reconstructive Surgery, 4940 Eastern Avenue, Baltimore,

              Maryland 21224-2780.

        (b)  Michael K. Schwartz, D.D.S., Hunt Valley Medical Center, 10 Warren Road,

              Suite 330, Cockeysville, Maryland 21030.

5.      Plaintiff reserves the right to call any expert designated by Defendants.

6.      Plaintiff reserves the right to call the appropriate medical expert to testify that the

medical charges are fair and reasonable and reasonably related to the Plaintiff's injuries.

Defendant's Experts:

1.      David Mitchell, P.E., Metallurgical Engineering, Met Ltd., PO Box 3310, Duluth,

        Georgia 30096

2.      Andrew W. Blackwood, Ph.D., Materials Engineer, Structural Probe., Inc. 569

        East Gay St. West Chester, Pa. 19381

3.      Nelson H. Goldberg, M.D., Division of Plastic and Reconstructive Surgery,

        University Hospital, Baltimore, Maryland 21201

4.    Naoji Tanaka, actor/viewer expert on engineering and production of bicycle forks

manufactured by SR Suntour, Inc., SR Suntour, Inc., Taiwan.

## X.    **USE OF DEPOSITIONS AT TRIAL**

A.    Plaintiff may read the following portions of the corporate designee deposition of the

Defendant Pacific Cycle (Anita Van Amber):

Page 2, lines 18-20
Page 3, lines 2-5 and 14-20
Page 7, lines 11-16
Page 8, line 3 - page 9, line 5
Page 12, line 3 - page 13, line 4
Page 14, line 13 - page 15, line 18
Page 16, lines 11-15
Page 18, line 18 - page 21, line 19
Page 23, line 9 - page 24, line 18
Page 26, line 4 - page 27, line 11
page 27, line 18 - page 29, line 1
Page 30, lines 10-13
Page 41, line 21 - page 42, line 3
Page 46, lines 9-17
Page 47, line 19 - page 50, line 4
Page 55, line 6 - page 56, line 15
Page 59, line 11 - page 60, line 1
Page 68, line 12 - page 69, line 2

B.    Depending on the testimony of plaintiff and his witnesses at trial, defendants may

read portions of the deposition of plaintiff, William Lockwood, Dianne Saunders, Anita Van

Amber, Robert Hinton, James Green, and John Schubert, including but not limited to the

following:

Robert Hinton:

page 20, lines 6-8, 25
page 21, lines 1-25
page 22, lines 1-25
page 23, lines 1-5

page 55, lines 1-25
page 56, lines 16-25
page 57, lines 1-16

James Green:

page 15, lines 1-11
page 17, lines 2-25
page 18, lines 1-22

John Schubert:

page 64, lines 9-25
page 65, lines 1-9; 20-25
page 66, lines 1-2, 19-25
page 67, lines 3-4; 12-15

## XI.  **OTHER PRE-TRIAL RELIEF**

A.    Plaintiff awaits the Court's ruling on (1) Plaintiff's Motion to Preclude the testimony of Andrew W. Blackwood, Ph. D. at trial, and (2) Plaintiff's Motion to Preclude the Testimony of Naoji Tanaka.

B.    Defendants await the Court's ruling on (1) Defendants' Renewed Motion for Summary Judgment, and (2) Court's rulings on objections made at de bene esse deposition of Dr. Shermak.

_____
PAUL D. BEKMAN
MICHAEL P. SMITH
SALSBURY, CLEMENTS, BEKMAN,
        MARDER & ADKINS,  L.L.C.
300 West Pratt Street

Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiff

_____

EDWARD J. LOPATA
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700

Attorneys for Defendant, Pacific USA, LTD.,
        Pacific Cycle, LLC and Toys "R" US-
        Delaware, Inc.

13

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

WILLIAM LOCKWOOD.                    *

     Plaintiff                    *

v.                                   *        Civil Action No: WMN-02-CV-2068

PACIFIC CYCLE, LLC, et al.           *

     Defendants                 *

     *    *    *    *    *    *    *    *    *    *

<u>**PLAINTIFF'S EXHIBITS**</u>

| <u>EXHIBIT NO.</u> | <u>DESCRIPTION</u> | <u>ID.</u> | <u>ADMIT</u> |
|---|---|---|---|
| 1. | The Bicycle | | |
| 2. | Picture of Bicycle (7/19/99) | | |
| 3. | Picture of Steer Tube (7/19/99) | | |
| 4. | Picture of Fork Crown (7/19/99) | | |
| 5. | Picture of Steer Tube in Fork Crown | | |
| 6. | Picture of William Lockwood (7/19/99) | | |
| 7. | Picture of William Lockwood prior to 6/7/99 | | |
| 8. | Pacific Cycle Owner's Manual | | |
| 9. | Strike Spec. Sheet (Van Amber #1) | | |
| 10. | Metal Arch Bar from Surgery | | |

| EXHIBIT NO. | DESCRIPTION | ID. | ADMIT |
|---|---|---|---|
| 11. | Ambulance Report | | |
| 12. | John Hopkins Bayview Adm 6/7-15/99 | | |
| 13. | John Hopkins Bayview Adm 6/29-7/1/99 | | |
| 14. | Photograph Taken in 6/29/99 Surgery | | |
| 15. | John Hopkins Bayview Adm 7/12-13/99 | | |
| 16. | Photograph Taken in 7/12/99 Surgery | | |
| 17. | John Hopkins Bayview Adm 8/10/99 | | |
| 18. | Photograph Taken in 8/10/99 Surgery | | |
| 19. | Shermak Office Notes 8/17/99 - 6/15/00 | | |
| 20. | Photograph Taken on 6/15/00 | | |
| 21. | HomeCall Records 6/16/99-7/29/99 | | |
| 22. | Office Records of Michael K. Schwartz, DDS | | |
| 23. | Office Records of Michael Linnan, DDS | | |
| 24. | GBMC Records of 4/6/00 | | |
| 25. | Office Records of Richard Bombach, M.D. | | |
| 26. | Medical Bills with Itemization | | |
| 27. | Videotape of the Deposition of Michele Shermak, M.D. | | |
| 28. | C.V. of Michele Shermak, M.D. | | |

| EXHIBIT NO. | DESCRIPTION | ID. | ADMIT |
|---|---|---|---|
| 29. | C.V. of James Green, P.E. | | |
| 30. | C.V of Robert Hinton, Ph.D | | |
| 31. | C.V. of John Schubert | | |
| 32. | C.V. of Michael Schwartz, DDS | | |
| 33. | Office Records of David Goldman, LCSW | | |
| 34. | Dental X-Rays of 9/23/99 & 12/14/00 | | |
| 35. | Photo of Roadway Accident Location | | |
| 36. | Demonstrative Exhibit | | |
| 37. | Demonstrative Exhibit | | |
| 38. | Demonstrative Exhibit | | |
| 39. | Demonstrative Exhibit | | |
| 40. | Demonstrative Exhibit | | |
| 41. | Scandishake - Sample | | |
| 42. | | | |
| 43. | | | |
| 44. | | | |
| 45. | | | |
| 46. | | | |
| 47. | | | |