IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-CV-2068 |
| PACIFIC USA, LTD., et al. | * | |
| Defendants | * | |

* * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DENIAL OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT TO DISMISS
PLAINTIFF'S CLAIM FOR CERTAIN DAMAGES**

Plaintiff, William Lockwood, by his attorneys, Paul D. Bekman, Michael P. Smith and Salsbury, Clements, Bekman, Marder & Adkins L.L.C., hereby files this Opposition to Defendants' Motion for Reconsideration of the Court's denial on July 24, 2003, of the Defendants' Motion for Summary Judgment to Dismiss Plaintiff's Claim For Certain Damages.

1. On July 24, 2003, the Court issued a memorandum and order (Paper No. 91) which in part denied the Defendants' Motion for Partial Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages (Paper No. 41). Based on the Affidavit of Diane Saunders,[1] the Court found that Plaintiff had "demonstrated that a triable issue of fact exists for trial." See Memorandum at 8.

---

[1] Mrs Saunders stated that she "had a yearly salary of approximately $80,000 during the years in question," and that she had "no substantial savings account or other assets from which to pay any of [her] son's medical bills for care rendered to him while he was a minor." See Affidavit of Dianne Saunders, Paragraph 7.

2.  Because of that finding, the Court did not decide the issue of whether Ms. Saunders had waived or assigned her right of recovery in favor of her child.  See Memorandum at 8, fn 3.  As shown by Mrs. Saunders' Affidavit at Paragraph 10, she "consciously decided and intended to waive and/or assign any right that [she had] to sue to [her] son so that he could collect any damages for the medical bills and expenses he incurred."

3.  In addition the Court did not decide whether emancipation constitutes grounds for allowing a Plaintiff to individually seek to recover for pre-majority medical expenses.  In this case, William had reached the age of majority and was thus legally emancipated before May 14, 2002, the date on which this action was filed.  As recognized in Garay v. Overholtzer, 332 Md. 339, 631 A.2d 429, 446 (1993), Plaintiff may therefore be legally responsible for payment of his medical expenses.

4.  In their motion for reconsideration, and based solely on an affidavit showing what Mrs. Saunders is earning in 2003, four years after bicycle accident and two years after the Plaintiff's emancipation, the Defendants argue in Paragraph 3 that "[i]t is beyond dispute based on this level of income that Ms. Saunders has the ability to fulfill her legal obligation to pay all of the outstanding bills for medical treatment and other necessaries incurred by plaintiff when he was a minor."  This request for a credibility determination and a weighing of the evidence should not be accepted.  A triable issue still exists.

5.  In addition, the other grounds previously raised but not decided by the Court (see Paragraphs 2 and 3, supra.) also require a denial of the Motion for Reconsideration.

6.  Defendants previously challenged the validity of these other grounds on credibility grounds.  SR Suntour, Inc., the now dismissed third party defendant, further

challenged the sufficiency of consideration for the waiver and assignment. Defendants, however, lack standing to challenge the assignment by Mrs. Saunders to her son of her right to recover the medical expenses. All arguments questioning the assignment are nothing more than an attack on the credibility of Ms. Saunders.[2] "At the summary judgment phase, it is not appropriate for the court to make credibility determinations, weigh the evidence, or draw inferences from the facts which are adverse to the non-moving party; these are jury functions." See Neutron, Inc. v. American Association of Electrodiagnostic Medicine, 189 F. Supp. 271, 274-75 (D. Md. 2001).

7.   Accordingly, the issues of assignment and emancipation create triable issues of fact, precluding the grant of summary judgment, and the Defendants' Motion to Reconsider should be denied.

 

PAUL D. BEKMAN (Fed. Bar No. 00019)
MICHAEL P. SMITH (Fed. Bar No. 03179)
SALSBURY, CLEMENTS, BEKMAN,
    MARDER & ADKINS, L.L.C.
300 W. Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

---

[2] Although Defendants lack standing to question the consideration of a contract to which they are neither parties nor beneficiaries, the Affidavit of Diane Saunders discloses the consideration. See Paragraphs 9 and 10. Generally, consideration is adequate where the party agrees to the surrender or acquisition of any legal right or to do that which the party is not legally obliged or refrain from doing that which he has a legal right to do. Ledingham v. Bayless, 218 Md. 108, 145 A.2d 434 (1958).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of October, 2003, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion for Reconsideration of the Denial of the Defendants' Motion for Summary Judgment to Dismiss Plaintiff's Claim For Certain Damages was forwarded electronically to the following:

Edward J. Lopata, Esquire
Scott Thomas, Esquire
Tydings & Rosenberg LLP
100 E. Pratt Street, 26th Floor
Baltimore, Maryland 21202
Attorneys for Defendant, Pacific USA, LTD,
    Pacific Cycle, LLC, and Toys "R" US-Delaware, Inc.

 

_____
MICHAEL P. SMITH