IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| **Plaintiff** | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| **PACIFIC USA, LTD., <u>et al.</u>,** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PRECLUDE
THE TESTIMONY OF NAOJI TANAKA**</u>

Defendants, Pacific Cycle, LLC and Toys "R" Us - Delaware, Inc., by counsel, hereby oppose Plaintiff's Motion to Preclude Testimony of Naoji Tanaka ("motion"), and in support state as follows:

1.   The present motion follows plaintiff's previous motion that unsuccessfully attempted to strike the affidavit of Naoji Tanaka ("Mr. Tanaka") as used by defendants and former third-party defendants, SR Suntour, Inc. and SR Suntour, USA to oppose plaintiff's motion for partial summary judgment on the issue of liability.  <u>See</u> Papers 47, 52 and 65.  SR Suntour, Inc. and SR Suntour, USA also relied on the affidavit in support of their cross-motion for summary judgment that was adopted by defendants.  <u>See</u> Papers 52 and 76.

2.   This Court in its Memorandum entered on July 24, 2003 denied the motion to strike the Tanaka affidavit and granted defendants' motion to adopt SR Suntour, Inc. and SR Suntour, USA's cross-motion for summary judgment that relies extensively on the Tanaka affidavit.  <u>See</u> Paper 91.[1]  In its Memorandum, the Court

---

[1] The Court also denied all motions for summary judgment.

acknowledged and credited Mr. Tanaka as a viable "fact witness and party representative with personal knowledge regarding the pertinent engineering, manufacture and design of the fork assembly," and noted that because Tanaka was a representative of SR Suntour plaintiff should have "ample opportunity" to depose Mr. Tanaka within the bounds of a then-pertinent discovery deadline.  Memorandum at 14-15 n.7.  In denying plaintiff's motion for summary judgment, the Court specifically acknowledged and credited Mr. Tanaka's testimony "that 8,000,000 fork crowns have been designed and manufactured by Suntour without any known separation of the steerer tube from the fork crown" in support of the argument for summary judgment that "the design of the fork crown in question and the fork crown itself cannot be said to be defective and unreasonably dangerous when the bicycle was sold in May 1997."  Id. at 18.

   3. Despite the Court's acknowledgement of Mr. Tanaka as a key witness concerning the design and manufacture of the fork assembly at issue and as to the fact that there have been no previous instances of the type of failure alleged in this case, plaintiff seeks to preclude Mr. Tanaka from testifying because "no dates were provided" in response to plaintiff's July 25, 2003 letter of inquiry concerning when Mr. Tanaka would be produced for deposition,[2] offering Mr. Tanaka "at the last moment" in Taiwan is "unfairly prejudicial," and because plaintiff lacks information with which to prepare for Mr. Tanaka's deposition and with which to cross-examine him.  See Motion at 2-3.

---

[2] The letter followed the Court's denial of the motions for summary judgment.  Despite the fact that he references the July 25, 2003 letter in the instant motion, plaintiff did not attach it the motion.  It is attached hereto as Exhibit A.

#359770   2

4.      As to the July 25, 2003 letter, the record should reflect that subsequent thereto there were ongoing, cooperative negotiations concerning when Mr. Tanaka would be deposed based on the SARS scare and changes in the trial date, among other things. For example, on September 2, 2003, counsel for plaintiff acknowledged that "[t]he gist of our discussions was that we would delay the [Tanaka] deposition until after the SARS scare disappeared and possibly longer depending upon the new trial date." "As always, I will work with you as to when the deposition is taken." See September 2, 2003 letter from Michael P. Smith to Edward J. Lopata attached as Exhibit B.

Subsequently, on October 2 and 3, 2003, counsel for defendants communicated with counsel for plaintiff about Mr. Tanaka's role and availability for deposition. On October 2, 2003, counsel for defendants advised, among other things, that Mr. Tanaka is an actor/viewer witness and, pursuant to the Federal Rules of Civil Procedure, would be made available in Taiwan for his deposition, and that if plaintiff insisted on having the deposition in Maryland he should file the appropriate motion. See October 2, 2003 letter from Edward J. Lopata to Michael P. Smith attached as Exhibit C.[3]  Plaintiff never filed such a motion. On October 3, 2003, counsel for defendants advised that Mr. Tanaka would be available in Taiwan for his deposition, requested that counsel "please advise me as soon as possible so we can make the necessary arrangements to accomplish your desire to depose Mr. Tanaka," and indicated that "[w]e will cooperate with you as much as

---

[3] Federal Rule of Civil Procedure 26(b)(4), 30(a)(1), 45(c)(1) and 45(c)(3)(A)(ii) govern the issue of the location of Mr. Tanaka's deposition.  These Rules state that Maryland is not the legally proper location for the deposition.  See also Comm-Tract Corp. v. Northern Telecom, Inc., 168 F.R.D. 4 (D. Mass. 1996); Nissan Fire & Marine Ins. Co., Ltd. v. Fortress Re, Inc., 2002 U.S. Dist. LEXIS 14928 (S.D.N.Y. 2002); Matthias Jans & Assoc., Ltd. v. Dropic, 2001 U.S. Dist. LEXIS 4841 (W.D. Mich. 2001); St. Paul Fire & Marine Ins. Co. v. Royal Ins. Co. of Am., 1993 U.S. Dist. LEXIS 9415 (S.D.N.Y. 1993);

possible to enable you to depose Mr. Tanaka." See October 3, 2003 letter from Edward J. Lopata to Michael P. Smith also attached as Exhibit C. Over the course of thirteen days, from October 3, 2003 until October 16, 2003, when the present motion was filed, defendants heard nothing definitive about the scheduling of Mr. Tanaka's deposition in Taiwan, although plaintiff knew he was available there.

Based on the above, it is clear that plaintiff's claims that Mr. Tanaka should be precluded from testifying based on the failure to respond with deposition dates to the July 25, 2003 inquiry and because offering Mr. Tanaka "at the last moment" is "unfairly prejudicial" are not supported by the record. In fact, there have been ongoing and good faith negotiations concerning Mr. Tanaka's deposition whereby there was an agreement for some time to postpone the deposition due to the SARS scare and changing trial dates, among other things. When discussions about the deposition resumed after the SARS scare subsided and a new trial date was established, defendants rightfully advised that Mr. Tanaka would be made available in Taiwan. Thirteen days passed prior to the filing of the instant motion during which plaintiff could have arranged for and taken Mr. Tanaka's deposition. Despite his own delay in taking Mr. Tanaka's deposition, plaintiff has now moved to preclude Mr. Tanaka's testimony at trial. However, the trial of this case has been postponed until December 8, 2003. Thus, there is nothing "last minute" about Mr. Tanaka's availability and he continues to be available for deposition in Taiwan as is legally proper under the Rules.[4] Accordingly, the fact that Mr. Tanaka has not yet been deposed should not be a basis for the preclusion of his testimony at trial.

---

Price Waterhouse, LLP v. First Am. Corp., 182 F.R.D. 56 (S.D.N.Y. 1998). Defendants never offered to make Mr. Tanaka available anywhere but in Taiwan.

[4] Although, as indicated, plaintiff never filed a formal motion to compel Mr. Tanaka's deposition in Maryland, through the instant motion he seeks as alternative relief that Mr. Tanaka be made available in

5.      As to plaintiff's claim that Mr. Tanaka should be precluded because plaintiff lacks documents relating to the "development, design, manufacture and testing of the fork assembly" that will allegedly permit deposition preparation and cross-examination, Mr. Tanaka, as an actor/viewer witness with personal knowledge of the facts and opinions set forth in his affidavit, can testify solely based on his personal knowledge of the pertinent facts. Accordingly, this claim is simply insufficient to preclude Mr. Tanaka's testimony at trial.

6.      As set forth above, Mr. Tanaka has been acknowledged by the Court as a key witness who, in the interest of justice, should be permitted to testify in this case. Plaintiff in his motion has failed to set forth any facts demonstrating any prejudice supporting preclusion of Mr. Tanaka's testimony at trial. Therefore, defendants respectfully request that this Court deny Plaintiff's Motion to Preclude Testimony of Naoji Tanaka.

Respectfully submitted,

/s/  *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Defendants

---

Baltimore for deposition one day prior to his testimony at trial. Although this proposed procedure is irregular, defendants, in the spirit of continuing cooperation, will cooperate to the extent they can to make Mr. Tanaka available for such a deposition but defendants have no control over Mr. Tanaka, a foreign national beyond the subpoena power of the court.

#359770                                                    5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of October, 2003, the foregoing Opposition to Plaintiff's Motion to Preclude Testimony of Naoji Tanaka was electronically mailed to the following:

>Paul D. Bekman, Esquire
>Michael Patrick Smith, Esquire
>Israelson, Salsbury, Clements & Bekman, LLC
>300 W. Pratt Street, Suite 450
>Baltimore, Maryland 21201
>
>*Attorneys for Plaintiff*

/s/  *Edward J. Lopata*
_____
Edward J. Lopata

#359770                                    6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM LOCKWOOD,** | * | |
| **Plaintiff** | * | |
| v. | * | **Civil Action No. WMN-02-2068** |
| **PACIFIC USA, LTD., <u>et al.</u>,** | * | |
| **Defendants** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>ORDER</u>**

Upon consideration of Plaintiff's Motion to Preclude Testimony of Naoji Tanaka, and Defendants' Opposition thereto,

IT IS HEREBY this _____ day of _____, 2003

ORDERED that the Motion be, and hereby is, DENIED.

_____
Judge