IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
| Defendants | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE DENIAL OF THEIR MOTION FOR SUMMARY JUDGMENT TO DISMISS PLAINTIFF'S CLAIM FOR CERTAIN DAMAGES**

Defendants, Pacific Cycle, LLC and Toys "R" Us- Delaware, Inc., hereby reply to plaintiff's opposition to Defendants' Motion for Reconsideration of the Denial of Their Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages. In support of this reply, defendants state as follows.

1. Defendants previously filed a Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages. (Paper No. 41). In that motion, defendants clearly established under Garay v. Overholtzer, 332 Md. 339 (1993), that plaintiff, based on the undisputed facts, could not recover for the expenses incurred for medical treatment or other necessaries while he was a minor child. In particular, defendants ruled out the possibility that plaintiff could recover such damages under the exceptions referenced in Garay. Specifically, defendants established that Ms. Saunders as plaintiff's parent could not waive or assign her right to recover after her own claim for recovery of such expenses was barred by the statute of limitations. Memorandum in Support of Defendants' Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages at 6-7. In

#358263

addition, defendants eliminated the possibility that plaintiff could recover because he was emancipated or because Ms. Saunders refused or was unable to furnish plaintiff's medical care. This was because these exceptions do not apply because plaintiff at times pertinent hereto was living with and being supported by Ms. Saunders in fulfillment of her legal duty to support and care for plaintiff. Id.

2.  In its Memorandum and Order dated July 24, 2003 ("Memorandum"), this Court acknowledged the applicability of Garay and outright rejected plaintiff's arguments that he would under any circumstances have any obligation to pay the expenses at issue. Memorandum at 7-8. Rather, the Court decided there "was a triable issue of fact" as to whether Ms. Saunders has the ability to pay the expenses. Id. at 8. Additionally, the Court noted that it did not need to reach "the assignment argument." Id. at 8-9 n. 3.

3.  Based on the provision of an updated affidavit from Ms. Saunders, defendants filed the motion for reconsideration. In its opposition thereto, plaintiff asserts that an issue still exists as to Ms. Saunders's ability to pay. Opposition at 2. In addition, plaintiff asserts that summary judgment is inappropriate because the Court has not decided the issue "of whether Ms. Saunders had waived or assigned her right of recovery" or "whether emancipation constitutes grounds for allowing a Plaintiff to individually seek to recover for pre-majority medical expenses." Id.

4.  Plaintiff is incorrect. A reading of the Court's Memorandum reveals that the only issue not decided by the Court was the issue of assignment. As indicated, under Garay, this exception is not applicable where Ms. Saunders's claim is barred by the applicable statute of limitations. Thus, there is no genuine issue of material fact precluding summary judgment on the matter of alleged assignment.

5. Defendants do not agree that a "genuine" issue still exists to preclude summary judgment based on the updated affidavit of Ms. Saunders. It is certainly within the province of the Court to decide as a matter of law that Ms. Saunders is able with her present salary of over $180,000 per year to meet her legal obligation to pay for the expenses for plaintiff's medical care and necessaries incurred when he was her minor child. The law requires nothing less.

6. Accordingly, Defendants motion for reconsideration should be granted.

Respectfully submitted,

/s/ *Edward J. Lopata*
_____
Edward J. Lopata
Federal Bar No. 02958
Scott A. Thomas
Federal Bar No. 11692
TYDINGS & ROSENBERG LLP
100 E. Pratt Street, 26th Floor
Baltimore, MD  21202
(410) 752-9700

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 31th day of October, 2003, a copy of the foregoing, Reply to Plaintiff's Opposition to Defendants' Motion for Reconsideration of the Denial of Their Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain Damages was electronically mailed to:

>   Paul D. Bekman, Esquire
>   Michael Patrick Smith, Esquire
>   Israelson, Salsbury, Clements & Bekman, LLC
>   300 W. Pratt Street, Suite 450
>   Baltimore, Maryland 21201
>
>   *Attorneys for Plaintiff*

>   /s/  *Edward J. Lopata*
>   _____
>   Edward J. Lopata
>   Federal Bar No. 02958
>   Scott A. Thomas
>   Federal Bar No. 11692
>   TYDINGS & ROSENBERG LLP
>   100 E. Pratt Street, 26th Floor
>   Baltimore, MD  21202
>   (410) 752-9700
>
>   Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM LOCKWOOD, | * | |
|     Plaintiff | * | |
| v. | * | Civil Action No. WMN-02-2068 |
| PACIFIC USA, LTD., et al., | * | |
|     Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ORDER**

Upon consideration of Defendants' Motion for Reconsideration of the Denial of Their Motion for Summary Judgment to Dismiss Plaintiff's Claim for Certain-Damages, Plaintiff's opposition thereto, Defendants' Motion for Summary Judgment to Dismiss Plaintiffs' Claim for Certain Damages, and Plaintiff's opposition thereto, it is hereby this _____ day of _____, 2003,

ORDERED that the present Motion be, and hereby is, granted and Plaintiff be, and hereby is, precluded from recovering any necessaries, including medical bills and expenses, that were incurred prior to his 18th birthday.

 

_____
Honorable William M. Nickerson

cc:    Paul D. Bekman, Esquire
       Michael Smith, Esquire
       Edward J. Lopata, Esquire